UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| BGC PARTNERS, INC., G&E ACQUISITION COMPANY, LLC, and BGC REAL ESTATE OF NEVADA, LLC,<br><br>Plaintiffs,<br><br>v.<br><br>AVISON YOUNG (CANADA) INC.; AVISON YOUNG (USA) INC.; AVISON YOUNG NEVADA, LLC, MARK ROSE, THE NEVADA COMMERCIAL GROUP; JOHN PINJUV and JOSEPH KUPIEC; DOES 1 through 5; and ROE BUSINESS ENTITIES 6 through 10,<br><br>Defendants. | Case No. 2:15-cv-00531-RFB-GWF<br><br>**ORDER** |

## I.   INTRODUCTION

This case is before the Court on Plaintiffs' Motion to Remand (ECF No. 11).  This case arises from Defendants' alleged actions in tortiously and illegally interfering with Plaintiffs' affiliate Grubb & Ellis's businesses. See Compl., ECF No 1-2. For the reasons stated below, the Court denies Plaintiffs' Motion to Remand.

## II.   BACKGROUND

### A. Factual Allegations

The following is alleged in Plaintiffs' Complaint. ECF No. 1-2. Grubb & Ellis ("G&E"), an affiliate of Plaintiff BGC Partners, and Defendant Avison Young ("AY") are large US and Canadian real estate brokerage firms, respectively. Compl. at ¶ 1. Plaintiffs allege that in 2008,

AY began an aggressive hiring campaign in the US and tortiously and illegally looted Plaintiffs' commissions, personnel, offices, business, trade secrets, and business opportunities. Id. at ¶ 2. Plaintiffs allege that AY did so by inducing a G&E affiliate to breach contracts and join AY; misappropriated G&E trade secrets; and committed and induced larceny by rewarding the affiliate and its principal for concealing and stealing trade secrets and business opportunities that belonged to G&E. Id. ¶ 3. Defendants continued this enterprise even after G&E filed for bankruptcy on February 20, 2012 by repeatedly committing theft from a bankruptcy estate. Id. ¶¶ 4, 24. Plaintiffs allege that BGC was the beneficial owner of G&E's contract rights and assets, having purchased them free and clear of any liens or interest in accordance with the final sale order of the Bankruptcy Court entered March 16, 2012. Id. ¶¶ 10, 25. Plaintiffs acquired G&E on April 5, 2012. Id. ¶ 23.

Plaintiffs allege 13 claims against various Defendants, including: tortious interference with contractual relationships; violations of Nevada's Racketeer Influenced Corrupt Organization Act ("Nevada RICO Statute"); breach of contract; breach of the covenant of good faith and fair dealing; aiding and abetting the breach of the covenant of good faith and fair dealing; conspiracy; theft of trade secrets in violation of Nevada Trade Secrets Act; breach of fiduciary duty; aiding and abetting of breach of fiduciary duty; conversion; and unjust enrichment. See Id.

### B. Procedural History

On March 23, 2015 Defendants removed the instant case to this Court. ECF No. 1. Plaintiffs filed a Motion to Remand on April 20, 2015. ECF No. 11. A hearing regarding this Motion was held on March 29, 2016. ECF No. 44. On March 31, 2016, the Court issued a minute order denying Plaintiff's Motion to Remand. ECF No. 45.

### III. LEGAL STANDARD

#### A. Removal Jurisdiction

28 U.S.C. § 1441(a) grants district courts jurisdiction over state court actions that originally could have been brought in federal court. "Removal and subject matter jurisdiction statutes are strictly construed, and a defendant seeking removal has the burden to establish that

removal is proper and any doubt is resolved against removability." Hawaii ex rel. Louie v. HSBC Bank Nevada, N.A., 761 F.3d 1027, 1034 (9th Cir. 2014) (internal quotation marks omitted).

### B.  Federal Question Jurisdiction

A district court has "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. An action "arises under" federal law when "federal law creates the cause of action." Merrell Dow Pharm. Inc. v. Thompson, 478 U.S. 804, 808 (1986). But even where a claim finds its origins in state rather than federal law, the Supreme Court has identified a "special and small category" of cases in which federal question jurisdiction still exists. Empire Healthchoice Assurance, Inc., v. McVeigh, 547 U.S. 677, 699, 701 (2006). Federal jurisdiction over a state law claim will lie if a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress. Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg., 545 U.S. 308, 313-14 (2005). Where all four Grable requirements are met, jurisdiction is proper because there is a "serious federal interest in claiming the advantages thought to be inherent in a federal forum," which can be vindicated without disrupting Congress's intended division of labor between state and federal courts. Id. at 313.

### IV.  DISCUSSION

In their Motion to Remand, Plaintiffs argue that remand is appropriate because the causes of action alleged in the Complaint are state law claims unrelated to the G&E bankruptcy case. Plaintiffs argue that "[a]lthough the purchase agreement left a theoretical possibility that the bankruptcy estate could recover if Plaintiffs decide to commence the lawsuits contemplated by the purchase agreement and if they actually recover assets in excess of $20 million, that possibility – and any effect upon the bankruptcy liquidation – is speculative at best. In addition, the bankruptcy proceeding at issue has been closed." Mot. Remand, ECF No. 11 at 2. Plaintiffs make two main arguments: 1) the Court lacks bankruptcy jurisdiction; and 2) the Court must and should abstain from exercising jurisdiction even if the Court could exercise jurisdiction over the removed claims as related to the G&E bankruptcy.

In response, Defendants argue that the Court has subject matter jurisdiction because the causes of action in the Complaint are directly related to the G&E bankruptcy. ECF No. 1, Removal Pet. at 3. "Specifically, the Complaint alleges that Defendants 'repeatedly commit[ed] criminal theft from [the] bankruptcy estate in violation of 18 U.S.C. § 152' (Complaint, ¶ 4); that Defendants improperly violated the automatic stay by concealing assets from the bankruptcy estate (Complaint, ¶ 59); and that Defendants continue to engage in acts which harm the bankruptcy estate (*see, e.g.,* Complaint, ¶¶ 4, 6, 34, 44, 102, 122, 129, 137, 138)." Id. Defendants also argue that Plaintiffs also seek injunctive relief to "end this conduct," which Plaintiffs allege is causing harm to the bankruptcy estate. (Complaint, ¶¶ 4, 6, 34, 44, 59, 102, 122, 129, 137, 138.)" Id. Defendants argue that there is jurisdiction and removal is therefore appropriate because: 1) the case is "related to" a bankruptcy proceeding; 2) the case "arises under" the bankruptcy code; and 3) the Court need not and should not abstain. Opp'n, ECF No. 15. The Court addresses these arguments below.

### A. "Related to" jurisdiction

#### 1. Legal Standard

"A bankruptcy court's 'related to' jurisdiction [under 28 U.S.C. § 1334(b)] is very broad, including nearly every matter directly or indirectly related to the bankruptcy." In re Wilshire Courtyard, 729 F.3d 1279, 1287 (9th Cir. 2013) (internal quotation omitted). "[R]elated to" jurisdiction arises "if the outcome could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and which in any way impacts upon the handling and administration of the bankrupt estate." In re Pegasus Gold Corp., 394 F.3d 1189, 1193-94 (9th Cir. 2005). Where the "outcome [of an action] could conceivably have any effect on the estate being administered in bankruptcy" a federal court may exercise jurisdiction under the doctrine of related-to-bankruptcy jurisdiction. In re Fietz, 852 F.2d 455, 457 (9th Cir. 1988).

In the Ninth Circuit, "[t]he 'close nexus' test determines the scope of bankruptcy court's post-confirmation 'related to' jurisdiction….[T]he test encompasses matters 'affecting the 'interpretation, implementation, consummation, execution, or administration of the confirmed plan.' The close nexus test 'recognizes the limited nature of post-confirmation jurisdiction but

1 retains a certain flexibility.'" In re Wilshire Courtyard, 729 F.3d 1279, 1287 (9th Cir. 2013) (internal citations omitted). The "'close nexus' test requires particularized consideration of the facts and posture of each case, as the test contemplates a broad set of sufficient conditions and 'retains a certain flexibility.' Such a test can only be properly applied by looking at the whole picture." Id. at 1289 (internal citations omitted). For example, in Pegasus Gold, the Ninth Circuit found that the Appellees allege that "the State breached the Plan and the Zortman Agreement; the State breached the covenant of good faith and fair dealing with respect to these agreements; and the State committed fraud in the inducement at the time it entered into the Plan and the Zortman Agreement. Among the remedies sought for these claims are disgorgement of the $1,050,000 paid to the State as part of the settlement and rescission of the Zortman Agreement. Resolution of these claims will likely require interpretation of the Zortman Agreement and the Plan." In re Pegasus Gold Corp., 394 F.3d 1189, 1194 (9th Cir. 2005).

### a. Discussion

Plaintiffs argue that there is no "related to" jurisdiction for several reasons. First, Plaintiffs argue that interpretation of bankruptcy court orders or sale documents does not confer related to jurisdiction. Reply at 5. Second, Plaintiffs' claims do not hinge on bankruptcy law questions. Id. at 7. Third, a potential recovery of funds by the G&E bankruptcy estate does not grant "related to" jurisdiction. Id. at 8.

First, Defendants argue that Plaintiffs' claims require interpretation of agreements key to the bankruptcy, namely, the Second Amended and Restated Asset Purchase Agreement ("APA"), and the bankruptcy court rulings. Opp'n. at 11. Second, Defendants further argue that the Plaintiffs' claims require resolution of bankruptcy law questions. Id. at 13. Specifically, Plaintiffs allege in Counts 1, 4, and 13, purported violations of the automatic stay, termination of contracts that were supposedly barred by bankruptcy law, and allegedly unauthorized receipt of property from the bankruptcy estate. Id. Third, Defendants argue that Plaintiffs' claims may impact the debtor's estate if recovery exceeds $20 million per the APA. Id. at 14.

The Court finds that "related to" jurisdiction exists here. Plaintiffs argue in their Complaint that the Defendants "acted in defiance of the protections Grubb & Ell is was due under the

1 bankruptcy laws. Plaintiffs bring this lawsuit to recover their damages and to stop Defendants from
2 continuing their tortious and illegal conduct." Compl. at ¶ 2. Plaintiffs further state that Defendants
3 engaged in illegal activity "by repeatedly committing criminal theft from a bankruptcy 27 estate
4 in violation of 18 U.S.C. § 152." Id. at ¶ 4. Specifically, Plaintiffs allege that Defendants engaged
5 in an unlawful scheme and conspiracy to "plunder" Plaintiffs' real estate brokerage assets when
6 the automatic stay in the bankruptcy proceeding was in effect. Id. at ¶¶ 34, 44.

7       Based on the language in Pegasus Gold and the causes of action alleged in Plaintiffs'
8 Complaint, Plaintiffs' claims require interpretation of documents associated in the G&E
9 bankruptcy, namely the APA, such that "related to" jurisdiction exists in this case. 394 F.3d at
10 1194. While Plaintiffs argue that interpretation of the APA or bankruptcy court rulings should not
11 give rise to "related to" jurisdiction, the Court finds that Pegasus Gold states otherwise. Just as the
12 Ninth Circuit held in Pegasus Gold that "[r]esolution of these claims will likely require
13 interpretation of the Zortman Agreement and the Plan," (394 F.3d at 1194), so too do Plaintiffs'
14 claims in the instant case require interpretation of the APA, which Plaintiffs admit was filed with
15 the bankruptcy court on March 21, 2012. Mot. Remand at 4.

16       The Court also finds that it must resolve questions of bankruptcy law to resolve Plaintiffs'
17 claims. Plaintiffs repeatedly allege violations of bankruptcy law throughout their Complaint, which
18 serve as a basis for their state law claims. See, e.g., Compl. at ¶ 4 (Defendants engaged in illegal
19 activity "by repeatedly committing criminal theft from a bankruptcy 27 estate in violation of 18
20 U.S.C. § 152."). Cf. In re Ray, 624 F.3d 1124, 1135 (9th Cir. 2010) ("the bankruptcy court did not
21 retain 'related to' jurisdiction for this breach of contract action that could have existed entirely
22 apart from the bankruptcy proceeding and did not necessarily depend upon resolution of a
23 substantial question of bankruptcy law."). Therefore, this case is distinguishable from cases where
24 there was no related to jurisdiction because the claims "did not necessarily depend upon resolution
25 of a substantial question of bankruptcy law and which could have existed entirely apart from the
26 bankruptcy proceeding" and where "[t]he breach of contract claim…had a relationship to the
27 bankruptcy proceeding only because the bankruptcy court had approved a settlement agreement
28

- 6 -

1  that sold property free and clear of the right of first refusal." In re Wilshire Courtyard, 729 F.3d
2  1279, 1288 (9th Cir. 2013) (internal citations and quotations omitted).

3  Given these findings, the Court does not address the question of whether the potential to
4  recover assets in excess of $20 million per the APA would affect the implementation and execution
5  of the confirmed plan. However, the Court notes that it does not find that the authority cited by
6  Defendants, In re Wilshire Courtyard, 729 F.3d 1279, 1290 (9th Cir. 2013), expressly supports the
7  contention that a potential recovery amount in excess of that stated in the APA would grant this
8  Court related to jurisdiction via the close nexus test. Opp'n at 14. Therefore, the Court finds that
9  there is "related to" jurisdiction in this case, and remand is inappropriate at this time.

### B. "Arising Under" Jurisdiction

#### 1. Legal Standard

The district court has original jurisdiction "of all civil proceedings arising under title 11, or arising in or related to cases under title 11." 28 U.S.C. § 1334(b); Celotex Corp. v. Edwards, 514 U.S. 300, 307 (1995). "'[C]laims that arise under or in Title 11 are deemed to be 'core' proceedings…' A nonexhaustive list of core proceedings is set out in 28 U.S.C. § 157, which includes 'matters concerning the administration of the estate.' The list also includes 'other proceedings affecting the liquidation of the assets of the estate or the adjustment of the debtor-creditor or the equity security holder relationship…' Core proceedings arising in title 11 are matters 'that are not based on any right expressly created by title 11, but nevertheless, would have no existence outside of the bankruptcy.'" Schultze v. Chandler, 765 F.3d 945, 948 (9th Cir. 2014), as amended (Aug. 1, 2014).

The Ninth Circuit has held that post-petition state law claims against trustees of the estate are core proceedings. See Schultze v. Chandler, 765 F.3d 945, 948 (9th Cir. 2014), as amended (Aug. 1, 2014) ("In Harris Pine Mills, we held that a post-petition state-law claim against a bankruptcy trustee arising out of the sale of estate property was a core proceeding. Id. at 1438. Similarly, in Walsh v. Northwestern National Insurance Co. of Milwaukee, Wisconsin (In re Ferrante), 51 F.3d 1473, 1476 (9th Cir.1995), we held that a post-petition breach of fiduciary claim against a trustee was a core proceeding.").

### 2. Discussion

Defendants make two arguments as to why there is "arising under" jurisdiction in this case. First, Defendants argue, citing to non-binding case law, that because Plaintiffs assert claims and seek recovery based on alleged violations of the automatic stay, original jurisdiction lies with this Court. Opp'n at 18. Second, Defendants argue that to the extent that the value of Plaintiffs' claims exceeds $20 million, Plaintiffs concede that the estate will recover the excess amount and therefore, this case may affect "the liquidation of the assets of the estate," implicating the "catch-all" provision of 28 U.S.C. § 157. Id. In response, Plaintiffs cursorily argue that none of their claims arise under Title 11 or under federal law. Opp'n at 11. At the March 2016 hearing, Plaintiffs further argue that they do not seek relief for the alleged violation of the stay. Tr. at 46:24.

While the Court finds that there is "related to" jurisdiction in this case, the Court is unpersuaded by Defendants' arguments regarding "arising under" jurisdiction. The Court is unconvinced that Plaintiffs' claims are core proceedings that implicate matters concerning administration of the estate. See 28 U.S.C. § 1334(b); Schultze, 765 F.3d at 948. Defendants have not cited to binding case law that suggests that claims relating to a violation of an automatic give rise to "arising under" jurisdiction. While Defendants cite to Swartz v. Nationstar Mortgage, LLC, No. 14-08649, 2015 WL 846789 (C.D. Cal. Feb. 26, 2015), the Court notes that in that case, the plaintiff there asserted causes of action for willful violations of an automatic stay by proceeding with a trustee sale. This finding is consistent with the line of Ninth Circuit cases cited in Schultze but does not support a finding of "arising under" jurisdiction in this case. 765 F.3d 945.

Here, in contrast, Plaintiffs do not assert their claim against a defendant-trustee. Rather, Plaintiffs allege claims against a third party who allegedly plundered Plaintiffs' assets that were a part of the bankruptcy estate. See, e.g., Compl. at ¶ 31 ("Avison Young could have sought the assets of Grubb & Ellis through the bankruptcy sale, but did not even attempt to bid for Grubb & Ellis' assets there. Instead, the Company determined to subvert the bankruptcy process and steal as many of those assets, including commissions, contracts, offices, trndc secrets and personnel, as possible through an illegal scheme to loot Grubb & Ellis, including but not limited to Grubb &

Ellis' Nevada affiliate."). Therefore, the Court does not find that "arising under" jurisdiction exists based on the facts before the Court, consistent with Schultze. 765 F.3d 945.

### C. Abstention
#### 1. Legal Standard

Abstention is mandatory under 28 U.S.C. § 1334(c)(2) where, "[u]pon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, related to a case under title 11 but not arising under title 11 or arising in a case under title 11… the district court shall abstain from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction."

Courts may also exercise their discretion in abstaining under 28 U.S.C. §§ 1334(c)(1) and 1452(b). Abstention reflects "a clear congressional policy ... to give state law claimants a right to have claims heard in state court." In re Castlerock Properties, 781 F.2d 159, 163 (9th Cir. 1986). The Ninth Circuit has adopted a multi-factor test laid out by a Texas bankruptcy court for courts to utilize when determining whether to exercise permissive abstention: "(1) the effect or lack thereof on the efficient administration of the estate if a Court recommends abstention, (2) the extent to which state law issues predominate over bankruptcy issues, (3) the difficulty or unsettled nature of the applicable state law, (4) the presence of a related proceeding commenced in state court or other nonbankruptcy court, (5) the jurisdictional basis, if any, other than 28 U.S.C. § 1334, (6) the degree of relatedness or remoteness of the proceeding to the main bankruptcy case, (7) the substance rather than form of an asserted 'core' proceeding, (8) the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court, (9) the burden of [the court's] docket, (10) the likelihood that the commencement of the proceeding in a bankruptcy court involves forum shopping by one of the parties, (11) the existence of a right to a jury trial, and (12) the presence in the proceeding of non-debtor parties." In re Tucson Estates, Inc., 912 F.2d 1162, 1166 (9th Cir. 1990).

The Ninth Circuit has held that "Section 1334(c) abstention should be read in pari materia with section 1452(b) remand, so that [§ 1334(c)] applies only in those cases in which there is a

1  related proceeding that either permits abstention in the interest of comity, section 1334(c)(1), or
2  that, by legislative mandate, requires it, section 1334(c)(2)." In re Lazar, 237 F.3d 967, 981 (9th
3  Cir. 2001). For example, in one case, "the Trustee successfully removed the Mandamus Adversary
4  from state court, and, as a result, '[n]o other related [state] proceeding thereafter exists.'
5  Accordingly, because there is no pending state proceeding, §§ 1334(c)(1) and 1334(c)(2) are
6  simply inapplicable to this case." Id. (citing Security Farms v. International Brotherhood of
7  Teamsters, 124 F.3d 999 (9th Cir. 1997)). A district court's decision not to remand is not
8  reviewable per the express language of Section 1452(b). See In re Lazar, 237 F.3d 967, 982 (9th
9  Cir. 2001) ("to the extent that the State Board appeals the bankruptcy court's decision against
10 remanding the Mandamus Adversary, and 'to the extent that we are required to construe [the State
11 Board's] motion to abstain as a motion to remand,' we lack jurisdiction over the appeal.") (internal
12 citations omitted).

### 2. Discussion

Plaintiffs argue that abstention is mandatory under Section 1334(c)(2) because all the conditions of the subsection have been met. Plaintiffs argue that the motion to remand is timely; that the action is based on state law; the action does not "arise in" a bankruptcy case or "arise under" the Bankruptcy Code; there is no basis for federal jurisdiction under Section 1334; the action was commenced in state court; and the action can be "timely adjudicated" in state court. Mot. Remand, 13-16. Defendants argue that if the Court exercises "arising under" jurisdiction over Plaintiffs' claims, Section 1334(c)(2) does not apply. Opp'n at 19. If "related to" jurisdiction applies, Defendants argue that mandatory abstention is not required where a case is removed from state court to federal court, citing In re Lazar, 237 F.3d 967, 981-82 (9th Cir. 2001). In reply, Plaintiffs argue that mandatory abstention applies even where there is no pending state-court proceeding because the pendency of another proceeding is just one factor in determining whether to remand. Reply at 12.

Alternatively, Plaintiffs argue that the Court should exercise its discretion and abstain under 28 U.S.C. Sections 1334(c)(1) and 1452(b), based on the factors laid out in In re Tucson Estates. Mot. Remand at 17; 912 F.2d at 1166. Defendants do not address the factors laid out in In

re Tucson Estates to dispute whether permissive abstention apply and instead focus on factors laid out in a nonbinding district court case with regards to equitable remand provisions set forth on Section 1452(b). Opp'n at 20; Stichting Pensioenfonds ABP v. Countrywide Fin. Corp., 447 B.R. 302, 311 (C.D. Cal. 2010). Defendants argue that under these factors, equitable remand is not required.

The Court finds that, consistent with In re Lazar and Security Farms, abstention does not apply here, where Defendants have successfully removed this case and where there is no pending state proceeding. 237 F.3d at 981; 124 F.3d at 1009. The Court does not interpret Plaintiffs' citation to Eastport Estates v. City of Los Angeles (In re Eastport Estates), 935 F.2d 1071, 1078 (9th Cir. 1991), which predates both In re Lazar and Security Farms, to curb the express language in In re Lazar. Further, the facts of In re Eastport are distinct from the facts here. In that case, "no state court proceeding has ever been commenced…The only litigation on Eastport's entitlement was in the bankruptcy court, so if the bankruptcy court abstained Eastport would have to start its litigation over again in the state courts." In re Eastport Associates, 935 F.2d at 1078-79. In contrast, this instant case more closely mirrors the procedural history in In re Lazar, where the case was initially brought in state court and removed to federal court. 237 F.3d 967. Therefore, abstention does not apply, and the Court rejects Plaintiffs' arguments to abstain from exercising its jurisdiction over the matter.

V.   CONCLUSION

**IT IS ORDERED** that Plaintiffs' Motion to Remand is DENIED. ECF No. 11.

**DATED** July 7, 2016.

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**