# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

BGC PARTNERS, INC., *et al.*,

    Plaintiffs,

vs.

AVISON YOUNG (CANADA) INC., *et al.*,

    Defendants.

Case No. 2:15-cv-00531-RFB-GWF

**ORDER**

This matter is before the Court on Plaintiffs' Motion for Entry of a Protective Order (ECF No. 88), filed on July 6, 2017. Defendants filed their Opposition (ECF No. 96) on July 21, 2017, and Plaintiffs filed their Reply (ECF No. 98) on July 26, 2017. Plaintiff filed a Supplemental Brief (ECF No. 103) on August 9, 2017. The Court conducted a hearing in this matter on August 2, 2017.

## **BACKGROUND**

Plaintiffs BGC Partners, Inc., G&E Acquisition Company, LLC and Real Estate of Nevada, LLC are the alleged successors to the rights of Grubb & Ellis Company which was a real estate brokerage company that had approximately 90 offices located in different states. Defendant Avison Young (Canada) is allegedly one of Canada's largest real estate brokerage firms. *Amended Complaint* (ECF No. 65), ¶ 1. Plaintiffs allege that Avison Young's chairman and chief executive officer, Mark Rose, was formerly the president of Grubb & Ellis in the United States. Plaintiffs allege that after Rose joined Avison Young, it, together with its U.S. affiliates, carried out a nationwide scheme to tortiously and illegally loot Grubb & Ellis's contract rights, related legal claims, commissions, personnel, offices, business, trade secrets and business opportunities. *Id.* at ¶¶ 1-2. Plaintiffs allege that in Nevada, Defendants induced a Grubb & Ellis affiliate to breach contracts in order to join Avison Young,

misappropriated Grubb & Ellis's trade secrets by using improper means, and committed larceny, and induced and assisted larceny. *Id.* at ¶ 3. Plaintiffs further allege that Defendants' wrongful conduct was part of the nationwide scheme to unlawfully acquire the business assets of Grubb & Ellis. *Id.* at ¶¶ 22-55. Plaintiffs assert causes of action for tortious interference with contractual relationship, violation of the Nevada RICO statute, breach of contract, tortious breach of the covenant of good faith and fair dealing, conspiracy, theft of trade secrets, breach of fiduciary duty, conversion, and unjust enrichment. *Id.* at 56-140.

Plaintiff initially filed suit against Avison Young (Canada) and Avison Young (USA), and their state or local affiliates—Avison Young-New York, Avison Young-Nevada, Avison Young-Washington, D.C., Avison Young-Chicago, Avison Young-New England, Avison Young-Atlanta, Avison Young-Southern California, Avison Young-Pittsburgh, and Avison Young-Texas—in the New York state court. *Id.* at ¶ 7. On December 15, 2014, the New York court dismissed Plaintiffs' claims against Avison Young's state or local affiliates, other than AvisonYoung-New York, based on lack of personal jurisdiction over those companies. *See BGC Partners, Inc., et al. v. Avison Young (Canada),et al.*, 5 N.Y.S.3d 327, 46 Misc.3d 1202 (N.Y.Sup.Ct. 2014). Plaintiffs thereafter filed lawsuits against Avison Young (Canada), Avison Young (USA), and their respective affiliates in the Nevada, Illinois, South Carolina, and District of Columbia courts. *See Motion for Protective Order* (ECF No. 88), *Exhibit A, Plaintiffs' Proposed Protective Order–"Exhibit B"*(list of other actions); *Defendants' Opposition* (ECF No. 96), *Exhibits 1-7* (copies of pleadings, orders and protective orders entered in other actions).

The parties in this case have agreed that discovery should be governed by a protective order pursuant to which they or third parties will produce "Confidential Material" or "Highly Confidential Material" subject to restrictions on the disclosure of such information to certain individuals in this litigation. The parties disagree, however, as to whether "Confidential Material" or "Highly Confidential Material" produced in this action may be shared with or used by the parties in the other actions. Plaintiffs argue that such "sharing" should be permitted and propose that the following paragraph be included in the protective order:

. . .

. . .

> Except by the prior written consent of the producing party, or by order of
> this Court, all materials or information produced by any party in this action
> shall be used solely in the preparation for and conduct of this litigation
> (including briefs, memoranda, correspondence, and other documents
> relating thereto) <u>and the cases listed in Exhibit B attached hereto</u>, and shall
> not be used or distributed for any other purpose. Except by the prior
> written consent of a third party that has produced materials or information
> in this case, or by order of this Court, all materials or information
> produced by said third party in this action shall be used solely for the
> purposes of this litigation <u>and the cases listed in Exhibit B attached hereto</u>,
> and shall not be used or distributed for any other purpose.

*Motion for Protective Order* (ECF No. 88), *Exhibit A*, ¶ 2.

"Exhibit B" to Plaintiffs' proposed protective order lists the following cases: (1) *BGC Partners, Inc., et al. v. Avison Young (Canada), Inc. et al*, No. 15-cv-426 (D.D.C); (2) *BGC Partners, Inc., et al. v. Avison Young (Canada), Inc. et al*, Index No. 652669 2012 E (N.Y.Sup.Ct.); (3) *BGC Partners, Inc., et al. v. Avison Young (Canada), Inc. et al*, No. 2015-CP-10-2068 (S.C.L.); (4) *BGC Partners, Inc., et al. v. Avison Young (Canada), Inc. et al*, No. 2015 L 2186 (Ill.); and (5) *BGC Partners, Inc., et al. v. Avison Young (Canada), Inc. et al*, Civil Action No. 15-0001028 (D.C. Super. Ct.). *Id.*

Defendants oppose such a "sharing" provision, and instead propose the following Paragraph 2:

> Except by the prior written consent of the producing party, or by order of
> this Court, all materials or information produced by any party in this action
> shall be used solely in the preparation for and conduct of this litigation
> (including briefs, memoranda, correspondence, and other documents
> relating thereto), and shall not be used or distributed for any other purpose.
> Except by the prior written consent of a third party that has produced
> materials or information in this case, or by order of this Court, all
> materials or information produced by said third party in this action shall be
> used solely for the purposes of this litigation, and shall not be used or
> distributed for any other purpose.

*Motion for Protective Order* (ECF No. 88), *Exhibit B*, ¶ 2.

In addition, Defendants propose that the following sentence be added to the paragraphs of their proposed protective order which identify the persons entitled to receive or view confidential information:

> For the avoidance of doubt, consistent with Paragraph 2 above, documents
> produced in this litigation, including those designated as Confidential
> Material [or Highly Confidential Material], shall not be admissible in the
> cases listed in Exhibit B, nor shall they be used for any other purpose with
> regard to those cases unless separately produced in those actions.

*Motion for Protective Order* (ECF No. 88), *Exhibit B*, ¶¶ 8, 9.

Plaintiffs argue that their sharing provision is consistent with Ninth Circuit case law which

generally favors the sharing of relevant information in collateral litigation so long as its use is governed by the same protections in the protective order entered in the action in which the information was initially produced. Defendants argue, however, that the courts in the District of Columbia and New York actions have entered stipulated protective orders which contain the same provisions set forth in their proposed protective order. *Opposition* (ECF No. 96), *Exhibits 4* and *5*. The Illinois court also adopted the provisions proposed by Defendants in the protective order entered in that case. *Id.*, *Exhibits 6* and *7*.[1] Defendants argue that this Court should not enter a protective order that "automatically" authorizes the sharing of confidential information produced in this action with the parties in the related cases.

## **DISCUSSION**

In *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122 (9th Cir. 2003), the court adopted a procedure for deciding whether a protective order should be modified to permit the sharing of allegedly confidential information in collateral litigation. The plaintiff in the Foltz action sued State Farm and CMR, an entity which provided medical review services, alleging that they had conspired to defraud plaintiff and other insureds of personal injury protection owed to them under their insurance policies. During the discovery process, the district court entered "a blanket protective order designed to keep secret all other 'confidential information' produced by the parties in discovery and/or filed with the court, absent agreement or an order by the district court." *Id.* at 1128. The defendants produced allegedly confidential documents subject to the blanket protective order. The lawsuit was subsequently settled and the court file was sealed. Thereafter, "The Private Intervenors" filed a motion to modify the blanket protective order so that they could seek production of documents produced in the Foltz action that were relevant to their claims against State Farm and CMR in collateral lawsuits.

The court began by noting that a party asserting good cause for the entry of a protective order pursuant to Fed.R.Civ.Pro. 26(c) has the burden, for each particular document it seeks to protect, of showing that specific prejudice or harm will result if no protective order is granted. *Foltz*, 331 F.3d at

---

[1] As of the date the motion in this case was argued, the South Carolina court had not yet entered a protective order.

4

1130 (citing *Phillips v. Gen. Motors*, 307 F.3d 1206, 1210-11 (9th Cir. 2002); *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992)). Under a blanket protective order, a party producing documents is not initially required to show that the documents designated by it as confidential are entitled to protection. Once the confidentiality designation is challenged by other parties in the lawsuit, or by a third party who has standing to seek the documents, then the party asserting confidentiality must make an actual showing of good cause for their continued protection. *Foltz*, 331 F.3d at 1131.

Turning to discovery by collateral litigants, the court stated that "[i]n addition to obtaining access to material that should not have been placed under seal in the first instance, collateral litigants may be entitled to modification of the original protective order permitting them access to properly covered material, subject to the terms of that order." *Id.* *Foltz* further states:

> This court strongly favors access to discovery materials to meet the needs of parties engaged in collateral litigation. *Beckman*, 966 F.2d at 475. Allowing the fruits of one litigation to facilitate preparation in other cases advances the interests of judicial economy by avoiding wasteful duplication of discovery. *Id.*; *United Nuclear*, 905 F.2d at 1428 (quoting and adopting the standard laid down by the Seventh Circuit in *Wilk*, 635 F.2d at 1299, "that where an appropriate modification of a protective order can place private litigants in a position they would otherwise reach only after repetition of another's discovery, such modification can be denied only where it would tangibly prejudice the substantial rights of the party opposing modification."); 8 Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice and Procedure § 2044.1 (2d ed. 1994). Where reasonable restrictions on collateral disclosure will continue to protect an affected party's legitimate interest in privacy, a collateral litigant's request to the issuing court to modify an otherwise proper protective order so that collateral litigants are not precluded from obtaining relevant material should generally be granted. *Beckman*, 966 F.2d at 475; *Olympic Refining Co. v Carter*, 332 F.2d 260, 265-6 (9th Cir. 1964).

331 F.3d at 1131-32.

A court, however, should not automatically grant a collateral litigant's request for modification. Instead, the collateral litigant must initially demonstrate the relevance of the protected discovery to the collateral proceedings and its general discoverability therein. *Id.* at 1132. "Such relevance hinges 'on the degree of overlap in facts, parties, and issues between the suit covered by the protective order and the collateral proceedings.'" *Id.* (citation to quoted law review article omitted). In clarifying the mechanics of the relevance inquiry, *Foltz* states that "the court that entered the protective order should satisfy itself that the protected discovery is sufficiently relevant to the collateral litigation that a substantial amount of

duplicative discovery will be avoided by modifying the protective order." *Id.* at 1132. Because the district court that issued the protective order "makes only a rough estimate of relevance, however, the only issue it determines is whether the protective order will bar the collateral litigants from gaining access to the discovery already conducted." *Id.* at 1132-33. The court that issued the protective order does not decide whether the collateral litigants will ultimately obtain the discovery materials. "[O]nce the district court has modified its protective order, it must refrain from embroiling itself in the specific discovery disputes applicable only to the collateral suits." *Id.* at 1133. The disputes over the ultimate discoverability of specific materials must be resolved by the collateral courts. "These procedures . . . preserve the proper role of each of the courts involved: the court responsible for the original protective order decides whether modifying the order will eliminate the potential for duplicative discovery. If the protective order is modified, the collateral courts may freely control the discovery processes in the controversies before them without running up against the protective order of another court." *Id.* Besides making a rough estimate of relevance, the court that issued the protective order must also weigh the counterveiling reliance interest of the party opposing modification of the protective order. That reliance interest is not particularly strong, however, in the case of a blanket protective order where the court has not made a good cause determination with respect to the protected status of any particular document. *Id.*

This case is factually distinguishable from *Foltz* in that a collateral litigant is not seeking modification of an existing protective order pursuant to which discovery has already been produced. Instead, Plaintiffs request that the protective order to be entered in this case permit them to use confidential information produced in this case subject to the protective order, in the related cases pending in New York, Washington D.C., South Carolina and Illinois. Other courts have addressed motions for protective orders that contain so-called "sharing provisions." The circumstances of those cases, however, are also different from those presented by this case.

In *Kelly v. Provident Life and Accident Ins. Co.*, 2008 WL 5132851 (S.D.Cal. Dec. 5, 2008), the plaintiff and defendant agreed that a blanket protective order should be entered. The plaintiff requested that the protective order include a provision that confidential material produced pursuant thereto could be used "in any other similar litigation, which would include cases where a claim of breach of contract, insurance bad faith, and/or rescission of a settlement agreement is made against [the defendant]." In

rejecting this provision, the court stated that plaintiff sought to circumvent all of the principles and procedures set forth in *Foltz* by having "the ability to share confidential documents he obtains in this case with collateral litigants without needing to seek to modify the protective order and obtain a relevancy determination from the Court, and without requiring the collateral courts to resolve any disputes which may arise with respect to discoverability of the materials in collateral cases. *Id.* at *2. The court stated that such a procedure would interfere with its duty to undertake the relevancy inquiry dictated by *Foltz*. "Moreover, not only have the collateral litigants not even been specifically identified, but such litigants would, under Plaintiff's proposal, not be required to make any showing of relevance. This interferes with the requirement in *Foltz* that the *collateral litigant* demonstrate to the Court the relevance of the protected discovery to the collateral proceeding." *Id.* at *3.

In *Hoot Winc, LLC v. RSM McGladrey Fin. Process Outsourcing, LLC*, 2009 U.S. Dist. LEXIS 9261 (S.D.Cal. Feb.6, 2009), the plaintiff proposed that the blanket protective order include a provision that would allow sharing of sensitive information with collateral litigants subject to the limitations that (1) disclosure only be made to counsel in similar cases and (2) providing defendant with copies of stipulations to abide by the protective order executed by the attorneys in similar litigation. The defendant argued that there was no similar litigation pending and that such a provision would circumvent the court's duty to assess the relevance of the discovery sought as well as the similarity of the collateral action at issue. In denying the sharing provision, the court stated that "[a]s in *Kelly*, Plaintiff in the instant matter has identified no collateral litigation for the Court to consider in assessing the request for a sharing provision. Without this crucial information, the Court is unable to employ the relevance and balancing tests required by the Ninth Circuit in *Foltz* in order to sanction a protective order that incorporates a sharing provision." *Id.* at [*8].

In *Darby v. Safeco Ins. Co.*, 2012 WL 5512576 (D.Ariz. Nov. 14, 2012), the court, relying on *Foltz* and *Kelly*, rejected a sharing provision that would have permitted plaintiff to share confidential information with "[a]ttorneys representing a plaintiff, and the experts and consultants retained by a plaintiff, in other cases against [defendant] involving claims of insurance law or 'bad faith' claims handling by [defendant] or related subsidiaries." *Id.* at *1. The court also cited *Long v. TRW Vehicle Safety Systems, Inc.*, 2010 WL 1740831, at *1 (D.Ariz. April 29, 2012) which "noted that a 'non-

sharing' protective order did not forever preclude the sharing of discovery since collateral litigants seeking production of protected confidential information 'will simply have to go through the appropriate steps to obtain the discovery as set forth in *Foltz.*'" Id. at *2. In *Beavers-Gabriel v. Medtronic, Inc.*, 2014 WL 7882099 (D. Haw. June 20, 2014), the plaintiff sued defendant for damages caused by an allegedly defective medical device. Plaintiff requested that the protective order allow the parties to share confidential discovery materials with litigants in other pending actions against the defendant stemming from the same device. The court denied plaintiff's request, stating, like the courts in *Darby* and *Long*, *supra*, that the collateral litigants could go through the appropriate steps to obtain such discovery as set forth in *Foltz. Id.* at *2.

This case is distinguishable from the foregoing cases in several respects. First, Plaintiffs' proposed sharing provision is limited to sharing confidential information produced in this action with the parties in four other lawsuits currently pending in New York, South Carolina, Illinois and the District of Columbia. (It is the Court's understanding that the two cases in the District of Columbia are the same case.) Second, the Plaintiffs BGC Partners, Inc. and G&E Acquisition Company, LLC are plaintiffs in the other cases. Defendants Avison Young (Canada) and Avison Young (USA) are also defendants in those cases. *See Defendants' Opposition* (ECF No. 96), *Exhibit 1* (New York Court's Decision/Order), *Exhibit 2* (District of Columbia complaint); and *Exhibit 3* (Illinois first amended complaint). The Court has not been provided with any pleadings from the South Carolina lawsuit, but it is reasonable to believe that these parties are also parties in that case. There are other parties in each of the lawsuits who are local affiliates of or otherwise connected to the common Plaintiffs and Defendants. Third, it appears that at least some of the attorneys for the Plaintiffs and Defendants are involved in all of the cases. Fourth, all of the cases arise out of the same alleged "nationwide" scheme or conspiracy, although each case involves alleged breaches of contract, or unlawful acts that occurred in the jurisdiction in which the action has been brought.

Because of the involvement of the same parties and attorneys in all of the cases, it is not feasible to prevent confidential information produced in this case from being possessed and known by the same parties and attorneys in the related cases. Because the cases arise out of the same alleged national scheme, there is a substantial likelihood that confidential material produced in any of the cases will be

relevant to the claims or defenses in the other pending cases.  It is, of course, possible that certain confidential information produced in this case will have no relevance to the claims or defenses in the other pending cases and therefore should not be admitted into evidence in those cases.  That determination can and should be made by the courts in the other cases.

Defendants argue that document discovery in some of the other cases is now complete, and that Plaintiffs should not be permitted to use confidential documents disclosed in this lawsuit after the deadline for document production in the other cases.  The fact that a confidential document was initially produced in this case, does not relieve a party of its duty to disclose or produce the confidential documents, subject to the protective order, in the other cases in compliance with the disclosure and discovery rules and orders of those courts.  If, as Defendants contend, they will be prejudiced by the Plaintiffs' late disclosure of confidential documents or information initially produced in this case, they can seek and obtain appropriate relief from the court presiding in the action in which the prejudice allegedly occurs.

### **CONCLUSION**

Based on the foregoing, this Court will not preclude the parties from using relevant confidential information, produced subject to a protective order in this action, in the related cases pending in New York, the District of Columbia, Illinois and South Carolina.  Such use shall be subject to the protective order entered in this action which prohibits the disclosure of protected confidential materials to persons other than those authorized to receive the information in this action or in the related cases.  The courts in the related cases must ultimately decide whether confidential information produced in this action is relevant and admissible in regard to the claims and defenses in those cases.  The other courts must also

. . .

. . .

. . .

. . .

. . .

. . .

. . .

decide whether confidential information produced in this action should be barred from use in those cases based on late disclosure or based on any other laws, rules or court orders governing discovery and admissibility of evidence in those case. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion for Entry of a Protective Order (ECF No. 88) is **granted** in accordance with the foregoing provisions of this order. The parties shall, within fourteen (14) days of the filing of this order, submit a revised stipulated protective order that complies with the provisions of this order governing use of confidential information produced in this action in the other pending cases between the same parties.

DATED this 11th day of August, 2017.

_____
GEORGE FOLEY, JR.
United States Magistrate Judge