Robert S. Larson, Esq. (NV Bar No. 7785)
Rachel Wise, Esq. (NV Bar No. 12303)
**GORDON & REES LLP**
3770 Howard Hughes Parkway, Suite 100
Las Vegas, Nevada 89169
Telephone: (702) 577-9300
Facsimile: (702) 255-2858

Kristin Sheffield-Whitehead (admitted *pro hac vice*)
**KIRKLAND & ELLIS LLP**
555 California Street
San Francisco, CA 94104
Tel. (415) 439-1400
Fax (415) 439-1500
kwhitehead@kirkland.com

Andrew B. Clubok (admitted *pro hac vice*)
**KIRKLAND & ELLIS LLP**
601 Lexington Avenue
New York, NY 10022
Tel: (212) 446-4800
Fax: (212) 446-6460
Email: andrew.clubok@kirkland.com

*Attorneys for Defendants*
*Avison Young (Canada) Inc.; Avison Young*
*(USA) Inc.; Avison Young-Nevada, LLC;*
*Mark Rose and Joseph Kupiec*

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEVADA**

| | |
|---|---|
| BGC PARTNERS, INC., G&E ACQUISITION COMPANY, LLC, and BGC REAL ESTATE OF NEVADA, LLC, <br><br><br><br> AVISON YOUNG (CANADA) INC.; AVISON YOUNG (USA) INC.; AVISON YOUNG - NEVADA, LLC, MARK ROSE, THE NEVADA COMMERCIAL GROUP, JOHN PINJUV, and JOSEPH KUPIEC; DOES 1 through 5; and ROE BUSINESS ENTITIES 6 through 10 | CASE NO.: 2:15-cv-00531-RFB-GWF <br><br> **[PROPOSED] STIPULATED PROTECTIVE ORDER** |

0

1  IT IS HEREBY STIPULATED by and between Plaintiffs BGC Partners, Inc., G&E Acquisition Company, LLC and Newmark Grubb Knight Frank, (collectively, "**Plaintiffs**") and Defendants Avison Young (Canada), Inc., Avison Young (USA), Inc., Avison Young-Chicago, LLC, and Mark Rose (collectively, "**Defendants**") (hereinafter, together, the "**Parties**") through their respective counsel, as follows:

WHEREAS, the Parties expect discovery in this case to require the production of information and documents containing trade secrets and other confidential research, development, and commercially sensitive information of the parties and non-parties; and

WHEREAS each party wishes to ensure that such information shall not be used for any purpose other than this proceeding, and shall not be made public.

THEREFORE, it is hereby stipulated, and the parties hereby request, that the Court enter a protective order as follows:

1. This Protective Order shall govern the handling of all pleadings, documents, deposition transcripts, exhibits, interrogatory responses, admissions, and affidavits or other information produced, given, or exchanged by and among the parties and any other parties or non-parties to this litigation. This Protective Order is binding upon the Parties, their agents and employees, all counsel for the Parties and their agents and employees, and all persons to whom disclosure of Confidential or Highly Confidential Material under the terms of this Protective Order is made. The term "document" or "documents" is used with the broadest meaning possible, and includes, but is not limited to, any writing, recording, electronically stored information, or photographs.

2. Except by the prior written consent of the producing party, or by order of this Court, all materials or information produced by any party in this action shall be used solely in the preparation for and conduct of this litigation (including briefs, memoranda, correspondence, and other documents relating thereto) and the cases listed in Exhibit B attached hereto, and shall not be used or distributed for any other purpose. Except by the prior written consent of a third party that has produced materials or information in this case, or by order of this Court, all materials or information produced by said third party in this action shall be used solely for the purposes of

this litigation and the cases listed in Exhibit B attached hereto, and shall not be used or distributed for any other purpose.

3. "Confidential Material" includes trade secrets, proprietary business information, commercially sensitive information, personal financial information, tax returns, or other personal information that the Producing party is under a duty to preserve as confidential, or other information the disclosure of which would, in the good faith judgment of the party designating the material as Confidential, be detrimental to the conduct of that party's business or the business of any of that party's customers or clients.

4. "Highly Confidential Material" includes (i) personally sensitive information that could be embarrassing or otherwise prejudicial to the person whose information was revealed, (ii) information that relates to the business strategy of the Producing Party or could prejudice the Producing Party in its ongoing business relationships or reasonably prospective business relationships, or (iii) information that could provide a competitive advantage to the receiving party in light of the parties' status as competitors in the real estate brokerage market.

5. "Confidential Material" or "Highly Confidential Material" shall not include the Complaint in this matter or any Answer to such Complaint other than exhibits denominated as confidential.  Information or material which is in the public domain shall not constitute Confidential or Highly Confidential Material.

6. Documents shall be designated as Confidential Material by affixing to them the legend "Confidential."  Documents shall be designated as Highly Confidential Material by affixing to them the legend "Highly Confidential."  Confidential or Highly Confidential electronic or digital materials shall be so designated either by electronic tag or by letter accompanying the production.  The failure to designate any materials with such legend shall not constitute a waiver of the right to later request that such documents be stamped as Confidential or Highly Confidential Material and thereafter assert that such documents contain protected confidential information.

7. For electronically stored information ("ESI"), if it is not feasible for a party or third party to mark each file or image as specified in Paragraph 6 at the time of production, then

that party or third party shall designate the Confidential or Highly Confidential Material in a cover letter accompanying the production of such ESI. Where feasible, the designating party or third party shall mark the disk, tape, or other electronic media on which said ESI is produced with legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL." Whenever such ESI is printed out or copied, every print out or copy shall be marked with the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."

8. Unless otherwise provided herein, Confidential Material may be disclosed only to the following persons, except upon order of the Court or prior written consent of the party producing the Confidential Material: (a) the parties' employees, officers, and directors that are actually engaged in assisting in the preparation of this action for trial or other proceeding, and who have been advised of their obligation hereunder; (b) the parties' legal counsel and their staff in this litigation, (c) the parties' legal counsel in the cases listed in Exhibit B, provided they review this order and shall execute a Declaration in the form attached hereto as Exhibit A prior to disclosure of those documents to such person; (d) the parties' vendors, independent consultants, accountants and/or experts retained to assist in the litigation; (e) commercial copy services, e-discovery vendors, graphics or trial preparation consultants hired by and assisting outside counsel for a party; (f) the Court, court personnel, the jury, and court reporters and videographers, (g) deponents and trial witnesses; and (h) mediators.

9. Unless otherwise provided herein, Highly Confidential Material may be disclosed only to the following persons, except upon order of the Court or prior written consent of the party producing the Highly Confidential Material: (a) the parties' in-house legal department, including regular and temporary employees of such counsel; (b) the parties' legal counsel and their staff in this litigation; (c) the parties' legal counsel in the cases listed in Exhibit B, provided they review this order and shall execute a Declaration in the form attached hereto as Exhibit A prior to disclosure of those documents to such person; (d) the parties' vendors, independent consultants, accountants and/or experts retained to assist in the litigation; (e) commercial copy services, e-discovery vendors, graphics or trial preparation consultants hired by and assisting

1 outside counsel for a party; (f) the Court, court personnel, the jury, and court reporters and
2 videographers; (g) deponents and trial witnesses; and (h) mediators.

3       10. Notwithstanding the foregoing, in the event that a party or third party provides
4 Confidential or Highly Confidential Material for inspection only, no marking need be made by
5 the producing party or nonparty in advance of the initial inspection and the following procedures
6 shall apply:

7       a. The producing party or third party shall not be considered to have waived the
8 status of Confidential or Highly Confidential Material by not marking it as such prior to such
9 initial inspection; and

10       b. Upon selection of materials or information by the inspecting party, the producing
11 party or third party shall, within twenty-one (21) days (or such longer period as may be agreed
12 upon in writing or ordered by the Court), provide the selected materials in the fashion stated in
13 Paragraphs 1-7 above.

14       11. All persons to whom documents marked as Confidential or Highly Confidential
15 are disclosed in accordance with the terms of this Order (excepting the Court, court personnel,
16 the jury, the parties to these proceedings and their employees, reinsurers, and counsel) shall
17 review this order and shall execute a Declaration in the form attached hereto as Exhibit A prior
18 to disclosure of those documents to such person. The parties shall maintain copies of all such
19 executed Declarations.

20       12. All depositions shall be treated presumptively as Highly Confidential Material
21 and subject to this Stipulation during the deposition and for a period of fourteen (14) days after a
22 final transcript of said deposition is received by counsel for each of the parties. At or before the
23 end of such fourteen-day (14) period, counsel for the party asserting that Confidential or Highly
24 Confidential Material is contained within the deposition testimony shall notify all counsel in
25 writing of those portions that are to be designated Confidential or Highly Confidential Material.
26 Counsel may also request that deposition testimony be designated Confidential or Highly
27 Confidential Material on the record during the deposition.

28

**Gordon & Rees LLP**
3770 Howard Hughes Parkway Suite 100
Las Vegas, NV 89169

4

13. Notwithstanding any other provision in this Order to the contrary, if any third party requests production of Confidential or Highly Confidential Material, the party receiving such request shall, to the extent permitted by law, promptly upon receipt, give written notice to all counsel of record via email, stating the nature of the request and attaching a copy of the request. Any party objecting to the production or disclosure to such third parties shall within the earlier of the deadline for complying with the request or fourteen (14) days of receipt of the request, take action in the appropriate court or courts to prevent or limit such disclosure. If a timely objection is raised in the appropriate court or courts, the Confidential or Highly Confidential Material that is the subject of the objection shall not be produced to the third parties until the objection is ruled on.

14. In the event that a party disagrees with a designation of information or a document as Confidential or Highly Confidential Material, the parties shall attempt to resolve the matter without Court intervention. The challenging party must notify the producing party in writing that it disputes the designation of a document or other material as Confidential or Highly Confidential Material. If the producing party does not agree to de-designate such document or material within fourteen (14) days of receipt of such notice, the receiving party may move the Court for an order declassifying those documents or materials; however, disputed documents or material shall continue to be treated as Confidential or Highly Confidential Material until the Court rules otherwise. If such a motion is filed, the burden of proving the Confidential or Highly Confidential nature of the information at issue shall be borne by the party asserting that the information is Confidential or Highly Confidential. If no such motion is filed despite the challenging party giving written notice of its dispute, such documents or material also shall continue to be designated as Confidential or Highly Confidential Material. In the event of any alleged violation of this Order, the parties shall first seek to resolve the alleged violation through prompt and reasonable discussion. In the event such informal efforts fail to resolve the alleged violation promptly, any party to this Order may seek relief from the Court.

15. Nothing contained in this Order shall be construed to prejudice any party's right to use documents marked as Confidential or Highly Confidential Material in deposition

5

1  preparation and/or testimony, provided that such documents may only be disclosed to: (a) a
2  person who is identified on the face of the document or otherwise to be its originator, author, or
3  recipient of a copy; (b) officers, directors, agents or employees of the party that produced the
4  document; (c) persons entitled to obtain access to Confidential or Highly Confidential Material
5  under this Order; (d) persons otherwise agreed to by counsel (on a witness by witness basis); or
6  (e) as authorized by the Court.

7        16.    The inadvertent production of any privileged material shall be without prejudice
8  to any claim that such material or information is protected by the attorney-client privilege, the
9  work-product doctrine, or any other applicable privilege or ground for withholding production.
10 Upon written demand, the receiving party shall return any such inadvertently produced
11 documents and all copies of such documents to the producing party. To the extent that the
12 parties disagree over the application of these principles to any such production or challenge the
13 privileged nature of such material, the receiving party shall not make use of the material in
14 question until the matter is resolved by the Court.

15       17.    Producing or receiving Confidential or Highly Confidential Material, or otherwise
16 complying with the terms of this Order shall not operate as an admission by a receiving person
17 that any particular document labeled Confidential or Highly Confidential contains or reflects
18 Confidential or Highly Confidential information.

19       18.    No receiving person or other person or entity having access to any Confidential or
20 Highly Confidential Material shall reveal such Confidential or Highly Confidential Material, or
21 the information contained in the Confidential or Highly Confidential Material, to anyone not
22 entitled to receive such Confidential or Highly Confidential Material under the terms of this
23 Order. The inadvertent or unintentional disclosure of Confidential or Highly Confidential
24 Material shall not be deemed a waiver of a party's claim of confidentiality either as to the
25 specific information disclosed or as to any other information relating to that information or to the
26 same or related subject matter. If a receiving person inadvertently or unintentionally discloses
27 Confidential or Highly Confidential Material to persons not authorized to receive such
28 information, the receiving person must immediately inform counsel for the producing person and

**Gordon & Rees LLP**
3770 Howard Hughes Parkway Suite 100
Las Vegas, NV 89169

6

take all reasonable steps to retrieve the Confidential or Highly Confidential Material, restore the confidentiality status of the information, and prevent further unauthorized disclosure.

19. Upon discovery by a designating party or third party that it has disclosed information that was misdesignated, that party or third party shall provide notice to the parties that the information was misdesignated. The notice shall specify with particularity, and by Bates number if possible, the misdesignated information. The designating party shall then have fourteen (14) days in which to correct the misdesignation by undesignating or redesignating the information in accordance with the procedures herein. Upon notice that any information should be redesignated as Confidential or Highly Confidential Material, the parties receiving such notice shall make a reasonable, good faith effort to ensure that any analyses, memoranda, or notes that were generated based upon such material before its redesignation shall immediately be treated in conformity with any such redesignation.

20. Nothing in this Protective Order shall prevent a producing party from using its own Confidential or Highly Confidential Material for any purpose.

21. If any party seeks to include Confidential or Highly Confidential Material with, or disclose the content thereof, in any pleading, motion, deposition transcript, or other paper filed with the Court, that party must file a motion seeking leave of court to file such documents and related materials under seal. A redacted version of any under-seal filing should be filed within two (2) business days after any under-seal filing. Any subsequent under-seal filing shall be made in accordance with the procedures of the United States District Court for the District of Nevada.

22. If a receiving party wishes to disclose Confidential or Highly Confidential Material at a pretrial hearing, the receiving party must provide advance notice to the disclosing party, and the disclosing party must make a request for the closure or sealing of the transcript of proceedings, and/or the exclusion of persons from the courtroom, to the judge then presiding.

23. Unless otherwise ordered by the Court, the parties shall provide each other with a list of documents and things designated as Confidential or Highly Confidential Material that the party intends to use at trial, unless the use would be solely for impeachment or rebuttal, at such time as the list of exhibits is to be exchanged among the parties, but in no event later than thirty

7

(30) days in advance of trial. Each producing third party whose documents and things will be used at trial, in whole or in part, also will be provided notice within that time by the party that intends to use the same. Any such documents or things may be offered into evidence in open court unless the opposing party or third party obtains a protective order from the Court.

24. The provisions of this Order shall remain in effect and continue to be binding after the conclusion of these proceedings. Any court with jurisdiction over this action shall retain such jurisdiction with respect to this Order for purposes of enforcing its terms. Within fourteen (14) days after the final resolution of the litigation by entry of a final, non-appealable judgment governing the rights and obligations of the parties, the parties shall destroy any Confidential or Highly Confidential Material belonging to any other party and, upon written request, send a written certification to counsel for the other party, within fourteen (14) days thereafter, that such destruction was done, except that Counsel for each party may retain for its own files (and not for further dissemination) copies of documents and things filed with the Court or used in the preparation of documents and things filed with or presented to the Court.

25. Nothing in this order shall prevent Plaintiffs or Defendants from seeking relief under, or seeking to modify the terms of, a protective order in another jurisdiction.

IT IS SO ORDERED:

_____
UNITED STATES MAGISTRATE JUDGE

DATED: August 31, 2017

**IT IS SO STIPULATED.**

Dated: August 30, 2017

| /s/ Seth A. Horvath | /s/ Robert S. Larsen |
|---|---|
| Todd L. Bice | Robert S. Larsen, Esq. |
| Nevada Bar No. 4534 | Nevada Bar No. 7785 |
| Jordan T. Smith | Rachel Wise, Esq. |
| Nevada Bar No. 12097 | Nevada Bar. No. 12303 |
| Pisanelli Bice PLLC | Gordon & Rees LLP |
| 3883 Howard Huges Pkwy, Suite 800 | 3770 Howard Hughes Pkwy., Ste. 100 |
| | Las Vegas, Nevada 89169 |

Gordon & Rees LLP
3770 Howard Hughes Parkway Suite 100
Las Vegas, NV 89169

| | | |
|---|---|---|
| 1 | Las Vegas, Nevada 89169 | Telephone: (702) 577-9300 |
| 2 | | Facsimile: (702) 255-2858 |
| | Tina B. Solis | rlarsen@gordonrees.com |
| 3 | F. Thomas Hecht | asurur@gordonrees.com |
| | Seth A. Horvath | |
| 4 | Nixon Peabody LLP | Kristin Sheffield-Whitehead |
| | 70 W. Madison Street, Suite 3500 | (admitted *pro hac vice*) |
| 5 | Chicago Illinois 60602 | Kirkland & Ellis LLP |
| | Tel. (312) 977-4400 | 555 California Street |
| 6 | (admitted pro hac vice) | San Francisco, CA 94104 |
| 7 | | Tel. (415) 439-1400 |
| | ***Attorneys for Plaintiffs BGC Partners, Inc.,*** | Fax (415) 439-1500 |
| 8 | ***G&E Acquisition Company, LLC and*** | kwhitehead@kirkland.com |
| | ***Newmark Grubb Knight Frank*** | |
| 9 | | Andrew B. Clubok |
| 10 | */s/* Anthony J. DiRaimondo | (admitted *pro hac vice*) |
| | Anthony J. DiRaimondo | Kirkland & Ellis LLP |
| 11 | Nevada Bar No. 10875 | 601 Lexington Avenue |
| | David Carroll | New York, NY 10022 |
| 12 | Nevada Bar No. 7643 | Tel: (212) 446-4800 |
| | Rice, Reuther Sullivan & Carroll LLP | Fax: (212) 446-6460 |
| 13 | 3800 Howard Huges Pkwy, Suite 1200 | Email: andrew.clubok@kirkland.com |
| 14 | Las Vegas, Nevada 89169 | ***Attorneys for Defendants Avison Young*** |
| 15 | | ***(Canada) Inc.; Avison Young (USA) Inc.;*** |
| | ***Attorneys for Defendants The Nevada*** | ***Avison Young-Nevada, LLC; Mark Rose*** |
| 16 | ***Commercial Group LLC and John Pinjuv*** | ***and Joseph Kupiec*** |

17
18
19
20
21
22
23
24
25
26
27
28

9

# EXHIBIT A

# DECLARATION OF COMPLIANCE

I, _____, declare as follows:

1. My address is _____.

2. My present employer is _____.

3. My present occupation and job description is _____.

4. I received a copy of the Protective Order entered in the proceedings captioned *BGC Partners, Inc., et. al. v. Avison Young (Canada). Inc., et. al.*, Case No. 2:15-cv-00531-RFB-GWF (the "**Litigation**") on _____.

5. I have carefully read and understood the provisions of the Protective Order.

6. I will comply with all the provisions of this Stipulated Protective Order.

7. I will hold in confidence, and will not disclose to anyone not qualified under the Stipulated Protective Order, any information, documents or other materials produced subject to this Stipulated Protective Order.

8. I will use such information, documents or other materials produced subject to this Stipulated Protective Order only for purposes of this present action and the cases listed in Exhibit B attached hereto.

9. Upon termination of this action, or upon request, I will return and deliver all information, documents or other materials produced subject to this Stipulated Protective Order, and all documents or things which I have prepared relating to the information, documents or other materials that are subject to the Stipulated Protective Order, to my counsel in this action, or to counsel for the party by whom I am employed or retained or from whom I received the documents.

10. I hereby submit to the jurisdiction of this Court for the purposes of enforcing the Stipulated Protective Order in this action.

11. I understand that a violation of the Protective Order is punishable as a contempt of Court and may subject me to civil liability. I declare under penalty of perjury under the laws of the United States that the following is true and correct.

10

1     Executed this _____ day of _____, 2017 at _____.

                                                                                 QUALIFIED PERSON

**Gordon & Rees LLP**
**3770 Howard Hughes Parkway Suite 100**
**Las Vegas, NV 89169**

# **EXHIBIT B**

- *BGC Partners, Inc., et al. v. Avison Young (Canada), Inc., et al.*, No. 15-cv-426 (D.D.C)
- *BGC Partners, Inc.. et al. v. Avison Young (Canada), Inc., et al.*, Index No. 652669 2012 E (N.Y. Sup. Ct.)
- *BGC Partners, Inc., et al. v. Avison Young (Canada), Inc., et al.*, No. 2015-CP-10-2068 (S.C.L.)
- *BGC Partners, Inc., et al. v. Avison Young (Canada), Inc., et al.*, No. 2015 L 2186 (Ill.)
- *BGC Partners, Inc., et al. v. Avison Young (Canada), Inc., et al.*, Civil Action No. 15-0001028 (D.C. Super. Ct.)

**Gordon & Rees LLP**
**3770 Howard Hughes Parkway Suite 100**
**Las Vegas, NV 89169**

1104672/23447492v.1