| | |
|---|---|
| 1 | ROBERT S. LARSEN, ESQ. |
| | Nevada Bar No. 7785 |
| 2 | WING YAN WONG, ESQ. |
| | Nevada Bar No. 13622 |
| 3 | **GORDON REES SCULLY MANSUKHANI, LLP** |
| 4 | 300 South 4th Street, Suite 1550 |
| | Las Vegas, Nevada 89101 |
| 5 | Tel. (702) 577-9300 |
| | Fax. (702) 255-2858 |
| 6 | rlarsen@grsm.com |
| 7 | wwong@grsm.com |

BRYAN M. STEPHANY (admitted *pro hac vice*)
**KIRKLAND & ELLIS LLP**
655 Fifteenth Street, N.W.
Washington, DC 20005
Tel. (202) 879-5998
Fax. (202) 879-5200
bryan.stephany@kirkland.com

KEITH KOBYLKA (admitted *pro hac vice*)
**KIRKLAND & ELLIS LLP**
601 Lexington Avenue
New York, NY 10022
Tel. (212) 446-4686
Fax. (212) 446-49000
keith.kobylka@kirkland.com

*Attorneys for Defendants Avison Young (Canada) Inc.; Avison Young (USA) Inc.; Avison Young-Nevada, LLC; Mark Rose and Joseph Kupiec*

**UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEVADA**

| | |
|---|---|
| BGC PARTNERS, INC., G&E ACQUISITION COMPANY, LLC, and BGC REAL ESTATE OF NEVADA, LLC, <br><br> Plaintiffs, <br><br> v. <br><br> AVISON YOUNG (CANADA) INC., AVISON YOUNG (USA) INC., AVISON YOUNG - NEVADA, LLC, MARK ROSE, THE NEVADA COMMERCIAL GROUP, JOHN PINJUV, and JOSEPH KUPIEC, DOES 1 through 5; and ROE BUSINESS ENTITIES 6 through 10, | CASE NO.: 2:15-cv-00531-RFB-GWF <br><br> **SECOND AMENDED DISCOVERY PLAN AND SCHEDULING ORDER** <br><br> **SPECIAL SCHEDULING REVIEW REQUESTED** |

4814-7940-4619.5

Under Fed. R. Civ. P. 26(f), the respective parties conducted a discovery-planning conference on **June 22, 2017**.  The parties continued the conference after the Court denied the parties' proposed Discovery Plan and Scheduling Order without prejudice on July 7, 2017.  The Court subsequently granted the parties' amended proposed Discovery Plan and Scheduling Order on July 13, 2017.  (ECF No. 94.)  While the parties have conducted some preliminary discovery in the form of serving initial disclosures, serving document requests, serving requests for admissions, and producing some initial documentation in response to those requests, the parties await the Court's written order granting in part and denying in part the motion to dismiss filed by Defendants Avison Young (Canada) Inc., Avison Young (USA) Inc., Avison Young— Nevada LLC, Mark Rose, and Joseph Kupiec to provide guidance on which claims remain so as to orient the discovery process and make it as efficient as possible.  To that end, the parties hereby submit the following proposed Second Amended Discovery Plan and Scheduling Order:

| | | |
|---|---|---|
| 1. | Discovery Cut-Off | **December 1, 2019** |
| 2. | Joint Protective Order | **July 6, 2017** |
| 3. | Disclosure of Rule 26(a) Initial Disclosures and Asserted Claims | **October 2, 2017** |
| 4. | Document Production Deadline | **February 1, 2019** |
| 5. | Initial Witness List Exchange | **February 28, 2019** |
| 6. | Fact Depositions | **March 15, 2019 – July 1, 2019** |
| 7. | Motion to Amend Pleadings/Parties | **May 15, 2019** |
| 8. | Simultaneous Exchange of Expert Designations and Reports | **October 1, 2019** |
| 9. | Simultaneous Exchange of Rebuttal Expert Designations and Reports | **November 15, 2019** |
| 10. | Initial Status Report | **October 1, 2019** |
| 11. | Dispositive Motion Deadline | **February 1, 2020** |

In accordance with Local Rule 26-1(a), the parties stipulate and agree that the 488-day discovery period running from the submission of the original proposed Discovery Plan and

4814-7940-4619.5

Scheduling order through the proposed discovery cut-off date of December 1, 2019, is appropriate under the circumstances of this case for the following reasons:

    (a) This is a complex matter involving nearly a dozen parties and thirteen causes of action. The parties argued the Defendants' motion to dismiss in this case on June 9, 2017 (ECF No. 84) and await a written order from the Court. Depending on that order, the parties may have to conduct discovery into claims that will likely require intensive fact and expert discovery, such as misappropriation of trade secrets.

    (b) In the meantime, the Court has lifted the stay of discovery and directed the parties to initiate the discovery process, which the parties have now begun. After motion practice, the Court entered a Protective Order in this matter on August 11, 2017. (ECF No. 104.) The parties have subsequently served initial disclosures pursuant to Fed. R. Civ. P. 26 and several discovery requests upon one another. Some limited documentation has been produced to date in response to those requests.

    (c) The parties have also agreed on a discovery schedule. It contains a lengthier deadline than typically imposed by the Court. This is due, in large measure, to the fact that, depending on the Court's ruling on Defendants' motion to dismiss, the parties anticipate the need for substantial document collection and review prior to commencing oral discovery, including a substantial amount of electronically stored information ("ESI"). The ESI will have to be searched to locate materials relevant to this matter. This will involve negotiating an ESI protocol and managing extensive electronic searches and productions. The process is expected to take several months.

    (d) The parties estimate that, depending on the Court's ruling on Defendants' motion to dismiss, oral discovery in this case may require them to complete numerous depositions based on, among other things, the potential volume of responsive documents, the potential number of prospective witnesses, and the complexity of the issues involved. Some of these depositions will be out-of-state and so will likely require additional time and effort to complete.

(e) It is also anticipated that extensive expert discovery will be required, including reports and depositions.

(f) Although the discovery schedule proposed by the parties is robust, it is comparable to the discovery schedules governing litigation in other jurisdictions involving similar plaintiffs and defendants. *See, e.g., BGC Partners Inc., et al. v. Avison Young (Canada), Inc. et al.*, Case No. 15 L 002186, Circuit Court of Cook County, Illinois, County Department, Law Division (allowing nearly two years between the entry of the scheduling order and the start of trial); *BGC Partners Inc., et al. v. Avison Young (Canada) Inc., et al.*, Case No. 652669/2012, Supreme Court of the State of New York, County of New York (discovery commenced in early 2014 and is currently ongoing); *BGC Partners Inc., et al. v. Avison Young (Canada) Inc., et al.*, Case No. 2015 CA 001028, Superior Court of the District of Columbia (setting the deadline for mediation prior to trial approximately 16 months after the entry of the initial scheduling order).

(g) The parties are mindful of the Court's desire to move the case along briskly. The proposed schedule is the parties' attempt to complete the array of tasks this case requires as expeditiously as possible.

IT IS ORDERED that any extension of the discovery deadline will not be allowed without a showing of good cause for the extension. All motions or stipulations to extend discovery must be received by the court at least **21 days before the expiration of the subject deadline.** A request made after this date will not be granted unless the movant demonstrates that the failure to act was the result of excusable neglect. The motion or stipulation must include:

(a) A statement specifying the discovery completed by the parties as of the date of the motion or stipulation;

(b) A specific description of the discovery that remains to be completed;

(c) The reasons why the remaining discovery was not completed within the time limit of the existing discovery deadline; and

(d) A proposed schedule for the completion of all remaining discovery.

4814-7940-4619.5

IT IS FURTHER ORDERED that, if no dispositive motions will be filed within the time specified in this order, then the parties must file a written, joint proposed pretrial order within 30 days of the dispositive motion cutoff, on or before **March 1, 2020**. If dispositive motions are filed, then the parties must file a written, joint proposed pretrial order within 30 days of the date the court enters a ruling on the dispositive motions.

IT IS SO ORDERED

*/s/ George Foley Jr.*

UNITED STATES MAGISTRATE JUDGE

DATED: 6-21-2018

Agreed to by:

NIXON PEABODY LLP

By: /s/ Seth A. Horvath

F. Thomas Hecht (*pro hac vice*)
Tina B. Solis (*pro hac vice*)
Seth A. Horvath (*pro hac vice*)
70 W. Madison Street, Suite 3500
Chicago, Illinois 60602

*Attorneys for Plaintiffs BGC Partners Inc., G&E Acquisition Company LLC, and BGC Real Estate of Nevada LLC*

RICE REUTHER SULLIVAN & CARROLL LLP

By: /s/ Anthony J. DiRaimondo

David Carroll (Nev. Bar No. 7643)
Anthony J. DiRaimondo (Nev. Bar No. 10875)
3800 Howard Hughes Pkwy. Suite 1200

*Attorneys for The Nevada Commercial Group LLC and John Pinjuv*

GORDON REES SCULLY MANSUKHANI, LLP

By: /s/ Robert S. Larsen

Robert S. Larsen (Nv. Bar No. 10875)
300 S. 4th Street, Suite 1550
Las Vegas, NV 89101

Bryan Stephany, Esq.
KIRKLAND & ELLIS LLP
655 Fifteenth Street, N.W.
Washington, DC 20005

*Attorneys for Defendants Avison Young (Canada) Inc., Avison Young (USA) Inc., Avison Young–Nevada LLC, Mark Rose, and Joseph Kupiec*

4814-7940-4619.5