Robert S. Larsen, Esq. (NV Bar No. 7785)
Wing Y. Wong, Esq. (NV Bar No. 13622)
**GORDON REES SCULLY MANSUKHANI, LLP**
300 South 4th Street, Suite 1550
Las Vegas, Nevada  89101
Tel. (702) 577-9300
Fax. (702) 255-2858
rlarsen@grsm.com
wwong@grsm.com

Bryan M. Stephany (admitted *pro hac vice*)
**KIRKLAND & ELLIS LLP**
655 Fifteenth Street, N.W.
Washington, DC  20005
Tel. (202) 879-5998
Fax. (202) 879-5200
bryan.stephany@kirkland.com

Keith Kobylka (admitted *pro hac vice*)
**KIRKLAND & ELLIS LLP**
601 Lexington Avenue
New York, NY  10022
Tel. (212) 446-4686
Fax. (212) 446-49000
keith.kobylka@kirkland.com

*Attorneys for Defendants*
*Avison Young (Canada) Inc.; Avison Young*
*(USA) Inc.; Avison Young-Nevada, LLC;*
*Mark Rose and Joseph Kupiec*

*Gordon Rees Scully Mansukhani, LLP*
*300 S. 4th Street, Suite 1550*
*Las Vegas, NV  89101*

**UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEVADA**

| | |
|---|---|
| NEWMARK GROUP, INC., G&E ACQUISITION COMPANY, LLC, and BGC REAL ESTATE OF NEVADA, LLC, <br><br><br><br><br><br><br><br> AVISON YOUNG (CANADA) INC.; AVISON YOUNG (USA) INC.; AVISON YOUNG - NEVADA, LLC, MARK ROSE, THE NEVADA COMMERCIAL GROUP, JOHN PINJUV, and JOSEPH KUPIEC; DOES 1 through 5; and ROE BUSINESS ENTITIES 6 through 10 | CASE NO.:  2:15-cv-00531-RFB-GWF <br><br><br><br> **AVISON YOUNG DEFENDANTS'** **ANSWER TO PLAINTIFFS'** **FIRST AMENDED COMPLAINT** |

**Gordon Rees Scully Mansukhani, LLP**
300 S. 4th Street, Suite 1550
Las Vegas, NV 89101

Defendants Avison Young (Canada), Inc., Avison Young (USA), Inc., Avison Young-Nevada, LLC, Joseph Kupiec, and Mark Rose (collectively "AY-Defendants") submit this Answer to the First Amended Complaint of Plaintiffs Newmark Group, Inc., G&E Acquisition Company, LLC, and BGC Real Estate of Nevada, LLC (collectively, "Plaintiffs") and hereby state as follows:

**<u>INTRODUCTION</u>**

1. AY-Defendants admit that Avison Young is one of Canada's largest real estate brokerage firms. AY-Defendants otherwise lack information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 1, and, therefore, deny the same.

2. AY-Defendants admit that Mr. Rose joined Avison Young in 2008. Defendants otherwise deny the allegations in Paragraph 2.

3. AY-Defendants deny the allegations in Paragraph 3 that apply to AY-Defendants. AY-Defendants cannot answer on behalf of Defendant Nevada Group or Defendant Pinjuv, and, therefore, neither admit nor deny the remaining allegations in Paragraph 3 regarding the Nevada Group and/or Pinjuv.

4. AY-Defendants deny the allegations in Paragraph 4 that apply to AY-Defendants. AY-Defendants cannot answer on behalf of Defendant Nevada Group or Defendant Pinjuv, and, therefore, neither admit nor deny the remaining allegations in Paragraph 4 regarding the Nevada Group and/or Pinjuv.

5. AY-Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 5, and, therefore, deny the same. AY-Defendants deny the remaining allegations in Paragraph 5 that apply to AY-Defendants. AY-Defendants cannot answer on behalf of Defendant Nevada Group or Defendant Pinjuv, and, therefore, neither admit nor deny the remaining allegations in Paragraph 5 regarding the Nevada Group and/or Pinjuv.

6. AY-Defendants lack information or knowledge regarding Plaintiffs' motives for filing this action.

Gordon Rees Scully Mansukhani, LLP
300 S. 4th Street, Suite 1550
Las Vegas, NV 89101

7.     AY-Defendants admit that Plaintiffs filed suit in the Supreme Court of the State of New York, County of New York, in the matter of *BGC, Inc., et al. v. Avison Young (Canada). Inc., et al.*, Index No. 652669/2012E.  AY-Defendants also admit that the New York court dismissed AY-Chicago from that case for lack of personal jurisdiction on December 15, 2014.  AY-Defendants lack information or knowledge regarding Plaintiffs' motives for filing this action.

## PARTIES

8.     AY-Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 8, and, therefore, deny the same.

9.     AY-Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 9, and, therefore, deny the same.

10.     AY-Defendants served Requests for Production of Documents in connection with the allegations in Paragraph 10 on February 27, 2018.  Plaintiffs have not provided responses or objections to these requests, and as a result, Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 10, and, therefore, deny the same.

11.     AY-Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 11, and, therefore, deny the same.

12.     AY-Defendants admit the allegations in Paragraph 12.

13.     AY-Defendants admit that AY-USA is an Illinois Corporation with its principal place of business at 9700 West Higgins Road, Suite 500, Rosemont, Illinois.  AY-Defendants deny that AY-USA is "controlled by Avison Young."

14.     AY-Defendants admit that AY-Nevada is a Nevada Limited Liability Company and operates an office located in Nevada at 6151 Lakeside Dr., Suite 1000, Reno, Nevada 89511. AY-Defendants deny that AY-Nevada currently operates an office located at 3753 Howard Hughes Parkway, Suite 200, Las Vegas, NV.  AY-Defendants further deny that AY-Nevada is "controlled by Avison Young."

15.     AY-Defendants deny that AY-Nevada is "controlled by Mark Rose and other officers and directors of Avison Young" but otherwise admit the allegations in Paragraph 15.

Gordon Rees Scully Mansukhani, LLP
300 S. 4th Street, Suite 1550
Las Vegas, NV 89101

16.    AY-Defendants cannot answer on behalf of Defendant John Pinjuv and, therefore, neither admit nor deny the allegations in Paragraph 16.

17.    AY-Defendants cannot answer on behalf of Defendant Nevada Group and, therefore, neither admit nor deny the allegations in Paragraph 17.

18.    AY-Defendants deny that Joseph Kupiec is currently a Principal and Managing Director of AY-Las Vegas. AY-Defendants lack information or knowledge sufficient to form a belief as to the remaining allegation in Paragraph 18.

19.    AY-Defendants deny the allegations in Paragraph 19 with respect to Avison Young, AY-USA, and AY-Nevada.  AY-Defendants cannot answer on behalf of Defendant Nevada Group and, therefore, neither admit nor deny the remaining allegations in Paragraph 19.

**JURISDICTION AND VENUE**

20.    Paragraph 20 contains only legal conclusions to which no response is required. AY-Defendants deny that they have engaged in conduct aimed at harming Plaintiffs' business interests in Nevada.

21.    Paragraph 21 contains only legal conclusions to which no response is required. To the extent a response is required, AY-Defendants deny the allegations in Paragraph 21.

**Plaintiffs' Real Estate Brokerage Business and Acquisition of Grubb & Ellis Assets**

22.    AY-Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 22, and, therefore, deny the same.

23.    AY-Defendants admit that BGC Partners acquired certain assets of Grubb & Ellis. AY-Defendants otherwise deny the allegations in Paragraph 23, including the date of the acquisition and, for avoidance of doubt, any allegation that Plaintiffs acquired any of the contracts or other rights at issue in this case.

24.    AY-Defendants admit that Grubb & Ellis and its subsidiaries filed petitions for relief under the Bankruptcy Code on or about February 20, 2012.  AY-Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegation that "the purchase of substantially all of the assets of Grubb & Ellis by BGC Partners was conducted in accordance with the provisions set forth in Section 363 of the Bankruptcy Code," and, therefore,

**Gordon Rees Scully Mansukhani, LLP**
300 S. 4th Street, Suite 1550
Las Vegas, NV 89101

deny the same.  For avoidance of doubt, AY-Defendants deny any allegation that Plaintiffs acquired any of the contracts or other rights at issue in this case.

25.    AY-Defendants state that the allegations characterize Bankruptcy Court filings, which speak for themselves.  To the extent a response is required, AY-Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 25, and, therefore, deny the same.

26.    AY-Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 26, and, therefore, deny the same.  To the extent the allegations in Paragraph 26 involve Defendant Nevada Group, AY-Defendants cannot answer on behalf of Nevada Group and, therefore, neither admit nor deny those allegations.

27.    Paragraph 27 contains only legal conclusions to which no response is required.

28.    AY-Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 28, and, therefore, deny the same.  For avoidance of doubt, AY-Defendants deny any allegation that Plaintiffs acquired any of the contracts or other rights at issue in this case.

**Defendants' Unlawful Scheme and Conspiracy To Plunder Plaintiffs'**
**Real Estate Brokerage Assets**

29.    AY-Defendants deny the allegations in Paragraph 29 except to state that Mark Rose became Chief Executive Officer of Avison Young in June 2008.

30.    AY-Defendants deny the allegations in Paragraph 30.

31.    AY-Defendants deny the allegations in Paragraph 31.

32.    AY-Defendants deny the allegations in Paragraph 33 that apply to AY-Defendants.  AY-Defendants cannot answer on behalf of Defendant Nevada Group, and, therefore, neither admit nor deny the remaining allegations in Paragraph 32.

33.    AY-Defendants deny the allegations in Paragraph 33 that apply to AY-Defendants.  AY-Defendants cannot answer on behalf of Defendant Nevada Group or Defendant Pinjuv, and, therefore, neither admit nor deny the remaining allegations in Paragraph 33 regarding the Nevada Group and/or Pinjuv.

**Defendants Steal Plaintiffs' Nevada Affiliate**

34.    AY-Defendants deny the allegations in Paragraph 34.

35.    AY-Defendants deny the allegations in Paragraph 35 that apply to AY-Defendants.  AY-Defendants cannot answer on behalf of Defendant Nevada Group, and, therefore, neither admit nor deny the remaining allegations in Paragraph 35.

36.    AY-Defendants cannot answer on behalf of Defendant Nevada Group or Defendant Pinjuv, and, therefore, neither admit nor deny the remaining allegations in Paragraph 36 regarding the Nevada Group and/or Pinjuv.

37.    Because Plaintiffs did not attach the agreements at issue to their Amended Complaint, AY-Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 37, and, therefore, deny the same.  AY-Defendants deny the remaining allegations in Paragraph 37 regarding Avison Young, AY-USA and AY-Nevada.  AY-Defendants cannot answer on behalf of Defendant Nevada Group, and, therefore, neither admit nor deny the allegations in Paragraph 37 regarding the Nevada Group.

38.    Because Plaintiffs did not attach the agreements at issue to their Amended Complaint, AY-Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 38, and, therefore, deny the same.

39.    AY-Defendants cannot answer on behalf of Defendant Nevada Group or Defendant Pinjuv, and, therefore, neither admit nor deny the allegations in Paragraph 39.

40.    AY-Defendants admit that on or around March 5, 2012, Avison Young issued a Press Release stating that it was opening a new office in Reno, with Pinjuv serving as its Managing Director.  AY-Defendants lack knowledge or information sufficient to form a belief as to the remaining allegation in Paragraph 40, and, therefore, deny the same.

41.    Because Plaintiffs did not attach the agreements at issue to their Amended Complaint, AY-Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 41, and, therefore, deny the same.  AY-Defendants cannot answer on behalf of Defendant Nevada Group or Defendant Pinjuv, and, therefore, neither admit nor deny the allegations in Paragraph 41 regarding the Nevada Group and/or Pinjuv.

-5-

Gordon Rees Scully Mansukhani, LLP
300 S. 4th Street, Suite 1550
Las Vegas, NV 89101

Gordon Rees Scully Mansukhani, LLP
300 S. 4th Street, Suite 1550
Las Vegas, NV 89101

42.     AY-Defendants cannot answer on behalf of Defendant Nevada Group, and, therefore, neither admit nor deny the allegations in Paragraph 42.

43.     AY-Defendants deny the allegations in Paragraph 43 that apply to AY-Defendants.  AY-Defendants cannot answer on behalf of Defendant Nevada Group, and, therefore, neither admit nor deny the remaining allegations in Paragraph 43.

44.     AY-Defendants deny the allegations in Paragraph 44 that apply to AY-Defendants.  AY-Defendants cannot answer on behalf of Defendant Nevada Group or Defendant Pinjuv, and, therefore, neither admit nor deny the allegations in Paragraph 44 regarding the Nevada Group and/or Pinjuv.

**Defendants' Wrongful Inducement of Grubb & Ellis Employees to Join AY-Nevada**

45.     AY-Defendants deny the allegations in Paragraph 45.

46.     AY-Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegation in the first sentence of Paragraph 46, and, therefore, deny the same. Because Plaintiffs did not attach the contracts at issue to their Amended Complaint, AY-Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 46, and, therefore, deny the same.

47.     Because Plaintiffs did not attach the contract at issue to their Amended Complaint, AY-Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 47, and, therefore, deny the same.

48.     AY-Defendants deny the allegation in Paragraph 48.

49.     AY-Defendants deny the allegations in Paragraph 49.

50.     AY-Defendants deny the allegations in Paragraph 50.

51.     AY-Defendants deny the allegations in Paragraph 51.

52.     AY-Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 52, and, therefore, deny the same.  AY-Defendants cannot answer on behalf of Defendant Nevada Group, and, therefore, neither admit nor deny the remaining allegations in Paragraph 52.

53. AY-Defendants deny the allegations in Paragraph 53 regarding Rose, Kupiec, Avison Young, AY-USA and AY-Nevada. AY-Defendants cannot answer on behalf of Defendant Nevada Group or Defendant Pinjuv, and, therefore, neither admit nor deny the remaining allegations in Paragraph 53 regarding the Nevada Group and/or Pinjuv.

54. AY-Defendants deny the allegations in Paragraph 54.

55. AY-Defendants deny the allegations in Paragraph 55.

**CAUSES OF ACTION**

**COUNT I**

**(Tortious Interference with Contractual Relationship - All Defendants)**

56. In response to Paragraph 56, AY-Defendants incorporate their answers to Paragraphs 1 through 55 as if fully set forth herein.

57. The Court dismissed Plaintiffs' Count I in its Order dated June 19, 2018 and therefore no response is required to Paragraph 57.

58. The Court dismissed Plaintiffs' Count I in its Order dated June 19, 2018 and therefore no response is required to Paragraph 58.

59. The Court dismissed Plaintiffs' Count I in its Order dated June 19, 2018 and therefore no response is required to Paragraph 59.

60. The Court dismissed Plaintiffs' Count I in its Order dated June 19, 2018 and therefore no response is required to Paragraph 60.

61. The Court dismissed Plaintiffs' Count I in its Order dated June 19, 2018 and therefore no response is required to Paragraph 61.

62. The Court dismissed Plaintiffs' Count I in its Order dated June 19, 2018 and therefore no response is required to Paragraph 62.

63. The Court dismissed Plaintiffs' Count I in its Order dated June 19, 2018 and therefore no response is required to Paragraph 63.

64. The Court dismissed Plaintiffs' Count I in its Order dated June 19, 2018 and therefore no response is required to Paragraph 64.

**Gordon Rees Scully Mansukhani, LLP**
300 S. 4th Street, Suite 1550
Las Vegas, NV 89101

65. The Court dismissed Plaintiffs' Count I in its Order dated June 19, 2018 and therefore no response is required to Paragraph 65.

## COUNT II

**(Violation of Nevada Racketeer Influenced Corrupt Organization Act ("Nevada RICO Statute") NRS § 207.470, et seq. - all Defendants)**

66. In response to Paragraph 66, AY-Defendants incorporate their answers to Paragraphs 1 through 65 as if fully set forth herein.

67. The Court dismissed Plaintiffs' Count II in its Order dated June 19, 2018 and therefore no response is required to Paragraph 67.

68. The Court dismissed Plaintiffs' Count II in its Order dated June 19, 2018 and therefore no response is required to Paragraph 68.

69. The Court dismissed Plaintiffs' Count II in its Order dated June 19, 2018 and therefore no response is required to Paragraph 69.

70. The Court dismissed Plaintiffs' Count II in its Order dated June 19, 2018 and therefore no response is required to Paragraph 70.

71. The Court dismissed Plaintiffs' Count II in its Order dated June 19, 2018 and therefore no response is required to Paragraph 71.

72. The Court dismissed Plaintiffs' Count II in its Order dated June 19, 2018 and therefore no response is required to Paragraph 72.

## COUNT III

**(Breach of Contract - Defendant Nevada Group)**

73. In response to Paragraph 73, AY-Defendants incorporate their answers to Paragraphs 1 through 72 as if fully set forth herein.

74. This Count is not brought against the AY Defendants so no response is required. Furthermore, AY-Defendants cannot answer on behalf of Defendant Nevada Group, and, therefore, neither admit nor deny the allegations in Paragraph 74.

Gordon Rees Scully Mansukhani, LLP
300 S. 4th Street, Suite 1550
Las Vegas, NV 89101

Gordon Rees Scully Mansukhani, LLP
300 S. 4th Street, Suite 1550
Las Vegas, NV 89101

75.    This Count is not brought against the AY Defendants so no response is required. Furthermore, AY-Defendants cannot answer on behalf of Defendant Nevada Group, and, therefore, neither admit nor deny the allegations in Paragraph 75.

76.    This Count is not brought against the AY Defendants so no response is required. Furthermore, AY-Defendants cannot answer on behalf of Defendant Nevada Group, and, therefore, neither admit nor deny the allegations in Paragraph 76.

77.    This Count is not brought against the AY Defendants so no response is required. Furthermore, AY-Defendants cannot answer on behalf of Defendant Nevada Group, and, therefore, neither admit nor deny the allegations in Paragraph 77.

## COUNT IV

### (Breach of Contract - Defendant Kupiec)

78.    In response to Paragraph 78, AY-Defendants incorporate their answers to Paragraphs 1 through 77 as if fully set forth herein.

79.    AY-Defendants deny that Defendant Kupiec did anything improper or illegal but admit that his employment agreement with Grubb & Ellis was dated June 29, 2010 and included a non-solicitation clause.

80.    AY-Defendants deny that Defendant Kupiec did anything improper or illegal but admit that his employment agreement with Grubb & Ellis prohibited disclosing certain kinds of confidential and proprietary information.

81.    AY-Defendants deny the allegations in Paragraph 81.

82.    AY-Defendants deny the allegations in Paragraph 82.

83.    AY-Defendants deny the allegations in Paragraph 83.

84.    AY-Defendants deny the allegations in Paragraph 84.

## COUNT V

### (Tortious Breach of the Covenant of Good Faith and Fair Dealing - Defendant Nevada Group)

85.    In response to Paragraph 85, AY-Defendants incorporate their answers to Paragraphs 1 through 84 as if fully set forth herein.

Gordon Rees Scully Mansukhani, LLP
300 S. 4th Street, Suite 1550
Las Vegas, NV 89101

86. The Court dismissed Plaintiffs' Count V in its Order dated June 19, 2018 and therefore no response is required to Paragraph 86.

87. The Court dismissed Plaintiffs' Count V in its Order dated June 19, 2018 and therefore no response is required to Paragraph 87.

88. The Court dismissed Plaintiffs' Count V in its Order dated June 19, 2018 and therefore no response is required to Paragraph 88.

89. The Court dismissed Plaintiffs' Count V in its Order dated June 19, 2018 and therefore no response is required to Paragraph 89.

90. The Court dismissed Plaintiffs' Count V in its Order dated June 19, 2018 and therefore no response is required to Paragraph 90.

### COUNT VI

**(Tortious Breach of the Covenant of Good Faith and Fair Dealing - Defendant Kupiec)**

91. In response to Paragraph 91, AY-Defendants incorporate their answers to Paragraphs 1 through 90 as if fully set forth herein.

92. The Court dismissed Plaintiffs' Count VI in its Order dated June 19, 2018 and therefore no response is required to Paragraph 92.

93. The Court dismissed Plaintiffs' Count VI in its Order dated June 19, 2018 and therefore no response is required to Paragraph 93.

94. The Court dismissed Plaintiffs' Count VI in its Order dated June 19, 2018 and therefore no response is required to Paragraph 94.

95. The Court dismissed Plaintiffs' Count VI in its Order dated June 19, 2018 and therefore no response is required to Paragraph 95.

96. The Court dismissed Plaintiffs' Count VI in its Order dated June 19, 2018 and therefore no response is required to Paragraph 96.

97. The Court dismissed Plaintiffs' Count VI in its Order dated June 19, 2018 and therefore no response is required to Paragraph 97.

Gordon Rees Scully Mansukhani, LLP
300 S. 4th Street, Suite 1550
Las Vegas, NV 89101

## COUNT VII

### (Aiding and Abetting Breach of the Covenant of Good Faith and Fair Dealing - The Nevada Group and Defendant Kupiec)

98.     In response to Paragraph 98, AY-Defendants incorporate their answers to Paragraphs 1 through 97 as if fully set forth herein.

99.     The Court dismissed Plaintiffs' Count VII in its Order dated June 19, 2018 and therefore no response is required to Paragraph 99.

100.     The Court dismissed Plaintiffs' Count VII in its Order dated June 19, 2018 and therefore no response is required to Paragraph 100.

101.     The Court dismissed Plaintiffs' Count VII in its Order dated June 19, 2018 and therefore no response is required to Paragraph 101.

102.     The Court dismissed Plaintiffs' Count VII in its Order dated June 19, 2018 and therefore no response is required to Paragraph 102.

103.     The Court dismissed Plaintiffs' Count VII in its Order dated June 19, 2018 and therefore no response is required to Paragraph 103.

104.     The Court dismissed Plaintiffs' Count VII in its Order dated June 19, 2018 and therefore no response is required to Paragraph 104.

105.     The Court dismissed Plaintiffs' Count VII in its Order dated June 19, 2018 and therefore no response is required to Paragraph 105.

## COUNT VIII

### (Conspiracy - All Defendants)

106.     In response to Paragraph 106, AY-Defendants incorporate their answers to Paragraphs 1 through 105 as if fully set forth herein.

107.     The Court dismissed Plaintiffs' Count VIII in its Order dated June 19, 2018 and therefore no response is required to Paragraph 107.

108.     The Court dismissed Plaintiffs' Count VIII in its Order dated June 19, 2018 and therefore no response is required to Paragraph 108.

109.   The Court dismissed Plaintiffs' Count VIII in its Order dated June 19, 2018 and therefore no response is required to Paragraph 109.

110.   The Court dismissed Plaintiffs' Count VIII in its Order dated June 19, 2018 and therefore no response is required to Paragraph 110.

## COUNT IX

**(Theft of Trade Secrets In Violation of Nevada Trade Secrets Act - NRS § 600A.010, et seq. - All Defendants)**

111.   In response to Paragraph 111, AY-Defendants incorporate their answers to Paragraphs 1 through 110 as if fully set forth herein.

112.   Paragraph 112 contains only legal conclusions to which no response is required, but AY-Defendants deny that they committed any breaches of the Nevada Trade Secrets Act. AY-Defendants cannot answer on behalf of Defendant Nevada Group or Defendant Pinjuv, and, therefore, neither admit nor deny the allegations in Paragraph 112 regarding Nevada Group or Pinjuv.

113.   AY-Defendants deny the allegations in Paragraph 113 that apply to AY-Defendants. AY-Defendants cannot answer on behalf of Defendant Nevada Group or Defendant Pinjuv, and, therefore, neither admit nor deny the allegations in Paragraph 113 regarding Nevada Group or Pinjuv.

114.   AY-Defendants deny the allegations in Paragraph 114 that apply to AY-Defendants. AY-Defendants cannot answer on behalf of Defendant Nevada Group or Defendant Pinjuv, and, therefore, neither admit nor deny the allegations in Paragraph 114 regarding Nevada Group or Pinjuv.

115.   AY-Defendants deny the allegations in Paragraph 115 that apply to AY-Defendants. AY-Defendants cannot answer on behalf of Defendant Nevada Group or Defendant Pinjuv, and, therefore, neither admit nor deny the allegations in Paragraph 115 regarding Nevada Group or Pinjuv.

116.   AY-Defendants deny the allegations in Paragraph 116 that apply to AY-Defendants. AY-Defendants cannot answer on behalf of Defendant Nevada Group or Defendant

**Gordon Rees Scully Mansukhani, LLP**
300 S. 4th Street, Suite 1550
Las Vegas, NV 89101

Gordon Rees Scully Mansukhani, LLP
300 S. 4th Street, Suite 1550
Las Vegas, NV 89101

Pinjuv, and, therefore, neither admit nor deny the allegations in Paragraph 116 regarding Nevada Group or Pinjuv.

117.    AY-Defendants deny the allegations in Paragraph 117 that apply to AY-Defendants.  AY-Defendants cannot answer on behalf of Defendant Nevada Group or Defendant Pinjuv, and, therefore, neither admit nor deny the allegations in Paragraph 117 regarding Nevada Group or Pinjuv.

118.    AY-Defendants deny the allegations in Paragraph 118 that apply to AY-Defendants.  AY-Defendants cannot answer on behalf of Defendant Nevada Group or Defendant Pinjuv, and, therefore, neither admit nor deny the allegations in Paragraph 118 regarding Nevada Group or Pinjuv.

119.    AY-Defendants deny the allegations in Paragraph 119 that apply to AY-Defendants.  AY-Defendants cannot answer on behalf of Defendant Nevada Group or Defendant Pinjuv, and, therefore, neither admit nor deny the allegations in Paragraph 119 regarding Nevada Group or Pinjuv.

120.    AY-Defendants deny the allegations in Paragraph 120 that apply to AY-Defendants.  AY-Defendants cannot answer on behalf of Defendant Nevada Group or Defendant Pinjuv, and, therefore, neither admit nor deny the allegations in Paragraph 120 regarding Nevada Group or Pinjuv.

**COUNT X**

**(Breach of Fiduciary Duty - Defendants Pinjuv, Kupiec and the Nevada Group)**

121.    In response to Paragraph 121, AY-Defendants incorporate their answers to Paragraphs 1 through 120 as if fully set forth herein.

122.    The Court dismissed Plaintiffs' Count X in its Order dated June 19, 2018 and therefore no response is required to Paragraph 122.

123.    The Court dismissed Plaintiffs' Count X in its Order dated June 19, 2018 and therefore no response is required to Paragraph 123.

124.    The Court dismissed Plaintiffs' Count X in its Order dated June 19, 2018 and therefore no response is required to Paragraph 124.

**Gordon Rees Scully Mansukhani, LLP**
300 S. 4th Street, Suite 1550
Las Vegas, NV 89101

125. The Court dismissed Plaintiffs' Count X in its Order dated June 19, 2018 and therefore no response is required to Paragraph 125.

## COUNT XI

### (Aiding and Abetting Breach of Fiduciary Duty - All Defendants)

126. In response to Paragraph 126, AY-Defendants incorporate their answers to Paragraphs 1 through 125 as if fully set forth herein.

127. The Court dismissed Plaintiffs' Count XI in its Order dated June 19, 2018 and therefore no response is required to Paragraph 127.

128. The Court dismissed Plaintiffs' Count XI in its Order dated June 19, 2018 and therefore no response is required to Paragraph 128.

129. The Court dismissed Plaintiffs' Count XI in its Order dated June 19, 2018 and therefore no response is required to Paragraph 129.

130. The Court dismissed Plaintiffs' Count XI in its Order dated June 19, 2018 and therefore no response is required to Paragraph 130.

131. The Court dismissed Plaintiffs' Count XI in its Order dated June 19, 2018 and therefore no response is required to Paragraph 131.

132. The Court dismissed Plaintiffs' Count XI in its Order dated June 19, 2018 and therefore no response is required to Paragraph 132.

## COUNT XII

### (Conversion - All Defendants)

133. In response to Paragraph 133, AY-Defendants incorporate their answers to Paragraphs 1 through 132 as if fully set forth herein.

134. The Court dismissed Plaintiffs' Count XII in its Order dated June 19, 2018 and therefore no response is required to Paragraph 134.

135. The Court dismissed Plaintiffs' Count XII in its Order dated June 19, 2018 and therefore no response is required to Paragraph 135.

136. The Court dismissed Plaintiffs' Count XII in its Order dated June 19, 2018 and therefore no response is required to Paragraph 136.

Gordon Rees Scully Mansukhani, LLP
300 S. 4th Street, Suite 1550
Las Vegas, NV 89101

## COUNT XIII
### (Unjust Enrichment - All Defendants)

137.    In response to Paragraph 137, AY-Defendants incorporate their answers to Paragraphs 1 through 136 as if fully set forth herein.

138.    The Court dismissed Plaintiffs' Count XIII in its Order dated June 19, 2018 and therefore no response is required to Paragraph 138.

139.    The Court dismissed Plaintiffs' Count XIII in its Order dated June 19, 2018 and therefore no response is required to Paragraph 139.

140.    The Court dismissed Plaintiffs' Count XIII in its Order dated June 19, 2018 and therefore no response is required to Paragraph 140.

## GENERAL DENIAL

AY-Defendants deny that Plaintiffs are entitled to any of the relief sought in the Amended Complaint and specifically deny that Plaintiffs are entitled to the relief sought in the paragraph entitled "Prayer for Relief" in the Amended Complaint.

AY-Defendants deny each and every allegation contained in the Amended Complaint, except as specifically admitted herein, and any allegation admitted is admitted only as to the specific facts, and not as to any conclusions, characterizations, implications, innuendos, or speculation contained in the Amended Complaint.  AY-Defendants deny any allegations contained in headings, headers, footnotes, or unnumbered paragraphs.

## AFFIRMATIVE AND OTHER DEFENSES

The statement of any defense hereinafter does not assume the burden of proof for any issue as to which applicable law places the burden upon Plaintiffs.  AY-Defendants reserve the right to supplement this Answer, and reserve any and all affirmative defenses available to them.

### First Defense: Lack of Standing

Plaintiffs' claims, and/or the claims of members of the class that Plaintiffs purport to represent, are barred in whole or in part, for lack of standing.

///

///

**Gordon Rees Scully Mansukhani, LLP**
**300 S. 4th Street, Suite 1550**
**Las Vegas, NV 89101**

**Second Defense: Waiver, Ratification, Acquiescence, and/or Estoppel**

Plaintiffs' claims are barred, in whole or in part, by the doctrines of waiver, ratification, acquiescence, or estoppel.

**Third Defense: Failure to Mitigate**

Plaintiffs' claims are barred, in whole or in part, to the extent that Plaintiffs have failed to honor their duty to mitigate damages, if any.

**Fourth Defense: Justification/Privilege**

Plaintiffs' claims are barred, in whole or in part, by the doctrine of justification and/or were legally privileged and within the bounds of proper business competition.

**Fifth Defense: Misconduct, Negligence, or Contributory Negligence**

Plaintiffs' claims are barred because any damages suffered are the result of their own misconduct, negligence, or contributory negligence.

**Sixth Defense: Unclean Hands and *In Pari Delicto***

Plaintiffs' claims are barred by the doctrines of unclean hands and *in pari delicto.*

**Seventh Defense: Public Policy**

Plaintiffs' claims are barred because they are contrary to public policy, and constitute invalid restraints on trade.

**Eighth Defense:  Failure to State a Claim**

Plaintiffs fail to state a claim upon which relief can be granted.

**Ninth Defense:  Speculative Damages**

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs' alleged damages, if any, are speculative and uncertain.

**Tenth Defense:  Statute of Limitations**

Plaintiffs' claims are barred to the extent that they do not fall within the applicable statute of limitations.

**Eleventh Defense:  Laches**

Plaintiffs' claims are barred by the doctrine of laches.

**Gordon Rees Scully Mansukhani, LLP**
**300 S. 4th Street, Suite 1550**
**Las Vegas, NV 89101**

### Twelfth Defense:  No Wrongdoing

Plaintiffs' claims are barred because AY-Defendants' alleged actions were legally privileged and within the bounds of proper business competition.

### Thirteenth Defense:  No Scienter

Plaintiffs' claims are barred because AY-Defendants acted in good faith or without the requisite scienter.

### Fourteenth Defense:  Rejected Executory Contracts

Plaintiffs' contract claims are barred because the contracts in question were breached as of the date of the bankruptcy petition by virtue of rejection of said executory contracts pursuant to Section 365 of the Bankruptcy Code.

### Fifteenth Defense:  Damage by Others

Plaintiffs' claims are barred because any damages or injury to Plaintiffs are the result of actions by others over whom AY-Defendants have no control.

### Sixteenth Defense:  Motion to Dismiss

AY-Defendants refer to and incorporate herein their motion to dismiss and memorandum in support thereof in further defense to the assertions contained in the Amended Complaint.

### Seventeenth Defense:  Claim Preclusion

Plaintiffs' claims are precluded to the extent that they rest upon the same factual allegations pled in the now-defunct, related case *BGC Partners, Inc. v. Avison Young (Canada) Inc.*, No. 5242, 2018 WL 1600928 (N.Y. App. Div. Apr. 3, 2018), as the New York Appellate Division, First Department, dismissed all of plaintiffs' causes of action for failure to state a claim for which relief can be granted.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

-17-

**Eighteenth Defense:  Additional Affirmative Defenses**

The AY-Defendants reserve all affirmative defenses under Rule 8(c) of the Federal Rules of Civil Procedure and any other defenses, at law or equity, that may now exist or in the future be available based on discovery and further factual investigation in this case.

Dated: July 5, 2018

Respectfully submitted,

*/s/ Robert S. Larsen*
Robert S. Larsen, Esq.
Nevada Bar No. 7785
Wing Y. Wong, Esq.
Nevada Bar No. 13622
**GORDON REES SCULLY MANSUKHANI, LLP**
300 South 4th Street, Suite 1550
Las Vegas, Nevada  89101
Telephone:  (702) 577-9301
Facsimile:  (702) 255-2858
rlarsen@grsm.com

Bryan M. Stephany
(admitted *pro hac vice*)
**KIRKLAND & ELLIS LLP**
655 Fifteenth Street, N.W.
Washington, DC  20005
Tel. (202) 879-5998
Fax. (202) 879-5200
bryan.stephany@kirkland.com

Keith Kobylka
(admitted *pro hac vice*)
**KIRKLAND & ELLIS LLP**
601 Lexington Avenue
New York, NY  10022
Tel. (212) 446-4686
Fax. (212) 446-4900
keith.kobylka@kirkland.com

*Attorneys for Defendants Avison Young (Canada) Inc.; Avison Young (USA) Inc.; Avison Young-Nevada, LLC; Mark Rose and Joseph Kupiec*

Gordon Rees Scully Mansukhani, LLP
300 S. 4th Street, Suite 1550
Las Vegas, NV  89101

-18-

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 5th day of July, 2018, and pursuant to Fed. R. Civ. Pro. 5, I served via CM/ECF and/or deposited for mailing in the U.S. Mail, a true and correct copy of **AVISON YOUNG DEFENDANTS' ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT** was served upon those persons designated by the parties in the E-Service Master List upon the following:

Todd L. Bice, Esq.
Jordan T. Smith, Esq.
**PISANELLI BICE PLLC**
400 South Seventh Street
Suite 300
Las Vegas, Nevada  89101
    and
F. Thomas Hecht, Esq. (*Pro Hac Vice*)
Tina B. Solis, Esq.
Seth A. Horvath, Esq.
**NIXON PEABODY LLP**
70 W. Madison St., Suite 3500
Chicago, IL 60602
*Attorneys for Plaintiffs BGC Partners, Inc.*
*G&E Acquisition Company, LLC and*
*BGC Real Estate of Nevada LLC*

Anthony J. DiRaimondo, Esq.
David Carroll, Esq.
**RICE REUTHER SULLIVAN & CARROLL, LLP**
3800 Howard Hughes Parkway, Suite 1200
Las Vegas, NV 89169
*Attorneys For The Nevada Commercial Group, LLC*
*And John Pinjuv*

/s/ Andrea Montero
An employee of GORDON REES SCULLY MANSUKHANI,  LLP

Gordon Rees Scully Mansukhani, LLP
300 S. 4th Street, Suite 1550
Las Vegas, NV  89101

-19-