Todd L. Bice, Esq., Bar No. 4534
**Pisanelli Bice PLLC**
400 South 7th Street, Suite 300
Las Vegas, Nevada  89101
Telephone: (702) 214-2100
Facsimile: (702) 214-2101
tlb@pisanellibice.com

F. Thomas Hecht
Tina B. Solis
Seth A. Horvath
**Nixon Peabody LLP**
70 W. Madison Street, Suite 3500
Chicago, Illinois  60602
Telephone: (312) 977-4400
Facsimile: (844) 560-8137
fthecht@nixonpeabody.com
tbsolis@nixonpeabody.com
sahorvath@nixonpeabody.com
(admitted pro hac vice)

*Attorneys for Plaintiffs Newmark Group Inc.,*
*G&E Acquisition Company LLC, and*
*BGC Real Estate of Nevada LLC*

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEVADA**

| | |
|---|---|
| NEWMARK GROUP INC., G&E ACQUISITION COMPANY LLC, and BGC REAL ESTATE OF NEVADA LLC, | ) ) ) ) |
| | CASE NO.:  2:15–cv–00531–RFB–GWF |
| Plaintiffs, | ) ) |
| v. | ) ) |
| AVISON YOUNG (CANADA) INC., AVISON YOUNG (USA) INC., AVISON YOUNG– NEVADA LLC, MARK ROSE, THE NEVADA COMMERCIAL GROUP, JOHN PINJUV, JOSEPH KUPIEC, DOES 1 through 5, and ROE BUSINESS ENTITIES 6 through 10, | ) ) ) ) ) ) ) ) |
| | **PLAINTIFFS' MOTION TO STRIKE AFFIRMATIVE DEFENSES** **(Hearing Requested)** |
| Defendants. | ) ) |

Plaintiffs Newmark Group Inc. ("Newmark"), G&E Acquisition Company LLC, and BGC

Real Estate of Nevada LLC (collectively, "Plaintiffs"), through counsel, move the Court for an

order striking the affirmative defenses asserted by Defendants Avison Young (Canada) Inc.,

Avison Young (USA) Inc., Avison Young–Nevada LLC, Mark Rose, and Joseph Kupiec ("Kupiec") (collectively, the "Avison Young Defendants") and by Defendants John Pinjuv and the Nevada Commercial Group ("NCG") (collectively, the "NCG Defendants" or, together with the Avison Young Defendants, "Defendants"). In support of this motion, Plaintiffs submit the following points and authorities:

**MEMORANDUM OF POINTS AND AUTHORITIES**

**<u>INTRODUCTION</u>**

Defendants' affirmative defenses should be stricken in their entirety. *First*, none of the defenses, which consist of perfunctory one-sentence legal conclusions, have been pleaded with adequate specificity to conform to the notice requirements of Rule 8 of the Federal Rules of Civil Procedure. Several courts within this district have stricken affirmative defenses under identical circumstances. This Court should do the same.

*Second*, numerous defenses asserted by Defendants do not qualify as affirmative defenses. Failure to state a claim, speculative damages, lack of scienter, damage by others, lack of access to trade secrets, nonexistence of trade secrets, blanket denials of liability, incorporation of the Avison Young Defendants' motion to dismiss, and the reservation of other unspecified affirmative defenses are not proper affirmative defenses under Rule 8.

*Third*, the equitable defenses asserted by Defendants do not apply here. Unclean hands, *in pari delicto*, waiver, ratification, acquiescence, estoppel, and laches are not viable defenses to causes of action at law for breach of contract and trade-secret misappropriation, the claims at issue in the First Amended Complaint.

*Fourth*, Defendants' affirmative defense based on "rejected executory contracts" is immaterial to this case. In its June 20, 2018, order on the Avison Young Defendants' motion to dismiss, the Court allowed Plaintiffs to pursue claims based on misconduct that occurred *before*

Grubb & Ellis Company ("Grubb & Ellis") filed is bankruptcy petition. The contract-rejection process from the bankruptcy proceeding, which occurred *after* that misconduct, is not at issue.

*Fifth*, Defendants' "justification/privilege" and "no-wrongdoing" defenses, as well as their incorporation of the affirmative defenses set forth in Rule 8, are redundant. Defendants cannot assert the same defenses multiple times.

For these reasons, and as discussed in further detail below, the Court should strike Defendants' affirmative defenses.

## BACKGROUND

### I.  Plaintiffs' First Amended Complaint

Plaintiffs' First Amended Complaint alleges various causes of action against Defendants based on their scheme to steal the productive assets of Grubb & Ellis's Las Vegas office and the office of its Reno affiliate, NCG. (ECF No. 65, Am. Compl.) The Court recently entered an order sustaining Plaintiffs' claims for trade-secret misappropriation against all Defendants, breach of contract against Kupiec, and breach of contract against NCG. (ECF No. 167, 6/20/18 Order.) After the Court's order was entered, Defendants filed answers and affirmative defenses to the First Amended Complaint. (*See* ECF No. 169, AY's Ans. & Aff. Defs.; ECF No. 170, NCG's Ans. & Aff. Defs.)

### II.  Defendants' Affirmative Defenses

The Avison Young Defendants assert eighteen single-sentence defenses for (1) lack of standing; (2) waiver, ratification, acquiescence, or estoppel; (3) failure to mitigate; (4) justification/privilege; (5) misconduct, negligence, or contributory negligence; (6) unclean hands and *in pari delicto*; (7) violation of public policy; (8) failure to state a claim; (9) speculative damages; (10) statute of limitations; (11) laches; (12) lack of wrongdoing; (13) lack of scienter; (14) rejected executory contracts; (15) damage by others; (16) incorporation of the Avison Young

Defendants' motion to dismiss; (17) claim preclusion; and (18) reservation of additional affirmative defenses. (*See* ECF No. 169, AY's Ans. & Aff. Defs., at 16–18, Nos. 1–18.)[1]

The NCG Defendants assert twenty single-sentence defenses for (1) failure to state a claim; (2) lack of standing; (3) lack of access to trade secrets or confidential information; (4) nonexistence of trade secrets or confidential information; (5) waiver, ratification, acquiescence, or estoppel; (6) failure to mitigate damages; (7) justification; (8) misconduct, negligence, or contributory negligence; (9) unclean hands and *in pari delicto*; (10) violation of public policy; (11) speculative damages; (12) statute of limitations; (13) privilege; (14) lack of scienter; (15) rejected executory contracts; (16) damage by others; (17) incorporation of the Avison Young Defendants' motion to dismiss; (18) incorporation of additional affirmative defenses set forth in Rule 8; (19) denial of allegations in the First Amended Complaint; and (20) reservation of additional affirmative defenses. (*See* ECF No. 169, NCG's Ans. & Aff. Defs., at 14–17, ¶¶ 1–20.)

Neither set of affirmative defenses contains any prefatory allegations common to all the defenses alleged. (*See* ECF No. 169, AY's Ans. & Aff. Defs., at 16–18, Nos. 1–18; ECF No. 169, NCG's Ans. & Aff. Defs., at 14–17, ¶¶ 1–20.) Nor does either set of affirmative defenses specify the causes of action to which they apply, the defendants on whose behalf they are alleged, or the plaintiffs against which they are asserted. (*See* ECF No. 169, AY's Ans. & Aff. Defs., at 16–18, Nos. 1–18; ECF No. 169, NCG's Ans. & Aff. Defs., at 14–17, ¶¶ 1–20.)

## LEGAL STANDARDS

Under Federal Rule of Civil Procedure 12(f), "the court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "The function of a [Rule] 12(f) motion to strike is to avoid the expenditure of time

---

[1] In related litigation in Illinois, the Illinois defendants recently withdrew identical affirmative defenses for speculative damages, statute of limitations, lack of wrongdoing, lack of scienter, damage by others, and incorporation of the Illinois defendants' motion to dismiss. The Illinois plaintiffs' motion to strike various other affirmative defenses is pending.

and money that must arise from litigating spurious issues by dispensing with those issues prior to trial. . . ." *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010) (internal quotation marks omitted).

## **ARGUMENT**

### I.    **Defendants' affirmative defenses fail to meet the notice requirements of Rule 8.**

A defendant has the burden of pleading and proving an affirmative defense. *See, e.g., Carl v. Angelone*, 883 F. Supp. 1433, 1438 (D. Nev. 1995); *Gordon v. Dalrymple*, No. 3:07–CV–00085–LRH–RAM, 2008 WL 2782914, at *5 (D. Nev. July 8, 2008). Courts within this district have taken different approaches to evaluating whether that burden has been met, with some adopting the "plausibility" standard of *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and others simply inquiring whether an affirmative defense gives a plaintiff "fair notice" of the defense. *See Hernandez v. Creative Concepts, Inc.*, 295 F.R.D. 500, 504 & n.1 (D. Nev. 2013).

The "plausibility" standard clearly is preferable, given its increased tendency to "weed out the boilerplate listing of affirmative defenses[,] which is commonplace in most defendants' pleadings" and often involves invoking "defenses . . . irrelevant to the claims asserted." *Roadhouse v. Patenaude & Felix, A.P.C.*, No. 2:13–cv–00560–GMN–CWH, 2014 WL 2863054, at *2 (D. Nev. June 23, 2014) (internal quotation marks omitted). But under either standard, Defendants' affirmative defenses are insufficient.

The defenses in question recite rote legal conclusions without pleading any facts. *All* of Defendants' allegations—all eighteen defenses alleged by the Avison Young Defendants and all twenty defenses alleged by the NCG Defendants—are too generic to put Plaintiffs on "fair notice" of the legal or factual bases for Defendants' defenses. *See Wyshak v. City Nat'l Bank*, 607 F.2d 824, 827 (9th Cir. 1979). For example:

- **Lack of Standing:** Defendants do not specify which plaintiffs allegedly lack standing or articulate the legal grounds on which their standing challenge is

based. (*See* ECF No. 169, AY's Ans. & Aff. Defs., at 16, No. 1; ECF No. 170, NCG's Ans. & Aff. Defs., at 14, ¶ 2.)

- **Waiver, Ratification, Acquiescence, or Estoppel:** These are separate affirmative defenses. But Defendants plead them as a single affirmative defense. And they do not specify which causes of action are allegedly barred by the defenses or articulate the particular details of the conduct that allegedly constituted waiver, ratification, acquiescence, or estoppel. (*See* ECF No. 169, AY's Ans. & Aff. Defs., at 17, No. 2; ECF No. 170, NCG's Ans. & Aff. Defs., at 15, ¶ 5.)

- **Failure to Mitigate:** Defendants offer no explanation of how Plaintiffs allegedly failed to mitigate their damages. Nor do they specify which causes of action are allegedly barred by this defense. (*See* ECF No. 169, AY's Ans. & Aff. Defs., at 17, No. 3; ECF No. 170, NCG's Ans. & Aff. Defs., at 15, ¶ 6.)

- **Justification/Privilege:** Defendants claim that their conduct was "legally privileged and within the bounds of proper business competition" without explaining what conduct allegedly falls within this description or who engaged in that conduct. (*See* ECF No. 169, AY's Ans. & Aff. Defs., at 17, No. 4, No. 12; ECF No. 170, NCG's Ans. & Aff. Defs., at 15, ¶ 7.)

- **Misconduct, Negligence, or Contributory Negligence:** These are separate defenses. But Defendants plead them as a single affirmative defense. And they do not specify which causes of action are allegedly barred by the defenses or articulate the particular details of the conduct that allegedly constituted misconduct, negligence, or contributory negligence. (*See* ECF No. 169, AY's Ans. & Aff. Defs., at 17, No. 5; ECF No. 170, NCG's Ans. & Aff. Defs., at 15, ¶ 8.)

- **Unclean Hands and *In Pari Delicto*:** These, too, are separate affirmative defenses pleaded as a single affirmative defense. Defendants do not specify which causes of action they apply to or which conduct allegedly constituted unclean hands or placed Plaintiffs *in pari delicto*. (*See* ECF No. 169, AY's Ans. & Aff. Defs., at 17, No. 6; ECF No. 170, NCG's Ans. & Aff. Defs., at 15, ¶ 9.)

- **Violation of Public Policy:** Defendants state, in a conclusory fashion, that Plaintiffs' claims "constitute invalid restraints on trade." They do not explain how or why a breach-of-contract claim or trade-secret claim is a "restraint[] on trade" or violates "public policy." (*See* ECF No. 169, AY's Ans. & Aff. Defs., at 17, No. 7; ECF No. 170, NCG's Ans. & Aff. Defs., at 15, ¶ 10.)

- **Failure to State a Claim**: This is not an affirmative defense. (*See infra* Arg., § II.) And Defendants offer no factual specificity to support it, simply stating in conclusory terms that "Plaintiffs fail to state a claim upon which relief can

be granted." (*See* ECF No. 169, AY's Ans. & Aff. Defs., at 17, No. 8; ECF No. 170, NCG's Ans. & Aff. Defs., at 14, ¶ 1.)

- **Speculative Damages:** This, too, is not an affirmative defense. (*See infra* Arg., § II.) And Defendants do not explain how or why Plaintiffs' damages are allegedly "speculative and uncertain." (*See* ECF No. 169, AY's Ans. & Aff. Defs., at 17, No. 9; ECF No. 170, NCG's Ans. & Aff. Defs., at 15, ¶ 11.)

- **Statute of Limitations:** Defendants do not identify the statute of limitations that allegedly bars Plaintiffs' claims or explain when the statute allegedly accrued or expired. (*See* ECF No. 169, AY's Ans. & Aff. Defs., at 17, No. 10; ECF No. 170, NCG's Ans. & Aff. Defs., at 15, ¶ 12.)

- **Laches:** The Avison Young Defendants fail to explain which claims are barred by the equitable defense of laches or articulate why this is so. (*See* ECF No. 169, AY's Ans. & Aff. Defs., at 17, No. 11.)

- **Lack of Wrongdoing:** As with their justification/privilege defense, Defendants assert that their conduct was "legally privileged and within the bounds of proper business competition" without explaining what conduct allegedly falls within this description or who engaged in that conduct. (*See* ECF No. 169, AY's Ans. & Aff. Defs., at 18, No. 12; ECF No. 170, NCG's Ans. & Aff. Defs., at 15, ¶ 13.)

- **Lack of Scienter:** Defendants state that they "acted in good faith or without the requisite scienter." This is not an affirmative defense. (*See infra* Arg., § II.) Nor do Defendants identify the causes of action to which this defense allegedly applies or explain what aspects of their conduct allegedly evidence good faith or a lack of scienter. (*See* ECF No. 169, AY's Ans. & Aff. Defs., at 18, No. 13; ECF No. 170, NCG's Ans. & Aff. Defs., at 15, ¶ 14.)

- **Rejection of Executory Contracts:** This affirmative defense relates to Grubb & Ellis's bankruptcy proceedings. Defendants do not identify "the contracts in question." Nor do they explain how the rejection of those contracts absolves them of responsibility for their prebankrtupcy misconduct. (*See* ECF No. 169, AY's Ans. & Aff. Defs., at 18, No. 14; ECF No. 170, NCG's Ans. & Aff. Defs., at 15, ¶ 15.)

- **Damage by Others:** This is not an affirmative defense. (*See infra* Arg., § II.) And Defendants do not identify the "others" who allegedly caused the damage in question or identify the "actions" that allegedly led to the damage. (*See* ECF No. 169, AY's Ans. & Aff. Defs., at 18, No. 15; ECF No. 170, NCG's Ans. & Aff. Defs., at 15, ¶ 16.)

- **Incorporation of Motion to Dismiss:** Defendants seek to incorporate as affirmative defenses the arguments made in the Avison Young Defendants' motion to dismiss. This is not an affirmative defense. (*See infra* Arg., § II.) And Defendants do not identify which arguments they seek to incorporate or

differentiate between those arguments and the other affirmative defenses they have asserted. (*See* ECF No. 169, AY's Ans. & Aff. Defs., at 18, No. 16; ECF No. 170, NCG's Ans. & Aff. Defs., at 16, ¶ 17.)

- **Claim Preclusion:** The Avison Young Defendants assert that "Plaintiffs' claims are precluded to the extent that they rest upon the same factual allegations" pleaded in related litigation pending in New York. Claim preclusion (res judicata) and issue preclusion (collateral estoppel) are different legal doctrines with different elements. Defendants do not specify which doctrine allegedly applies here or identify the purportedly similar "factual allegations" at issue in each case. (*See* ECF No. 169, AY's Ans. & Aff. Defs., at 18, No. 17.)

- **Reservation and Incorporation of Additional Affirmative Defenses:** Defendants "reserve" and "incorporate by reference" various other affirmative defenses. This is not an affirmative defense. (*See infra* Arg., § II.) And Defendants have not specified which affirmative defenses they have reserved or incorporated, identified the causes of action to which those affirmative defenses apply, or identified any facts supporting those affirmative defenses. (*See* ECF No. 169, AY's Ans. & Aff. Defs., at 19, No. 18; ECF No. 170, NCG's Ans. & Aff. Defs., at 16, ¶¶ 18 & 20.)

- **Lack of Access to Trade Secrets or Confidential Information:** The NCG Defendants assert that they "did not possess or have access to the alleged trade secrets/confidential information" at issue in this case. This is not an affirmative defense. (*See infra* Arg., § II.) And the NCG Defendants do not explain how or why they lacked access to the disputed information. (*See* ECF No. 170, NCG's Ans. & Aff. Defs., at 14, ¶ 3.)

- **Nonexistence of Trade Secrets or Confidential Information:** The NCG Defendants state that the trade secrets and confidential information referenced in the First Amended Complaint "are not protected or actionable" because they were available through public records and other nonconfidential sources. This is not an affirmative defense. (*See infra* Arg., § II.) And the NCG Defendants do not identify which trade secrets and confidential information they are referring to, which "public records" would have given them access to that information, or which "nonconfidential sources" would have given them access to that information. (*See* ECF No. 170, NCG's Ans. & Aff. Defs., at 15, ¶ 4.)

- **Denial of Allegations in the First Amended Complaint:** The NCG Defendants' blanket denial of the allegations in the First Amended Complaint is not an affirmative defense. (*See infra* Arg., § II.) It also lacks factual specificity, given the failure to identify the allegations to which the denial pertains. (*See* ECF No. 170, NCG's Ans. & Aff. Defs., at 16, ¶ 19.)

Defendants' "bare-bones" assertions are insufficient to withstand a motion to strike. *See Fed. Deposit Ins. Corp. v. Modular Homes, Inc.*, 859 F. Supp. 117, 121 (D.N.J. 1994) (striking affirmative defenses that included "nothing but bare[-]bones conclusory allegations") (internal quotation marks omitted); *Renalds v. S.R.G. Restaurant Group, Chicago, LLC*, 119 F. Supp. 2d 800 (N.D. Ill. 2000) (striking affirmative defenses that consisted of "bare-bones conclusory allegations" and "simply nam[ed] legal theories without indicating how they [were] connected to the case at hand"); *Davis v. Elite Mortg. Servs., Inc.*, 592 F. Supp. 2d 1052, 1058 (N.D. Ill. 2009) (noting that "bare legal conclusions [were] not sufficient" for affirmative defenses to withstand dismissal). Indeed, several courts within this district have stricken affirmative defenses, or deemed them insufficient, under identical circumstances.

For example, in *Valley Health System LLC v. Total Electric Services & Supply Co.*, No. 2:10–CV–0949–LRH–LRL, 2010 WL 4456917 (D. Nev. Oct. 29, 2010), the court struck thirteen affirmative defenses "for failure to plead [them] with sufficient particularity" where the defendant "simply list[ed] various conclusory statements asserting the existence of an affirmative defense without stating a reason why that affirmative defense might exist." *Id*. at *2. In *Hernandez v. Creative Concepts, Inc.*, 295 F.R.D. 500 (D. Nev. 2013), the court deemed an affirmative defense insufficient that did not clearly articulate the legal theory on which it was based and did not identify the plaintiffs to which it pertained. *Id*. at 504. And in *Roadhouse v. Patenaude & Felix, A.P.C.*, No. 2:13–cv–00560–GMN–CWH, 2014 WL 2863054 (D. Nev. June 23, 2014), the court struck eight affirmative defenses, each of which "consist[ed] of a single sentence," where the defendant "alleged only conclusory statements and failed to allege any identifiable facts supporting the affirmative defenses." *Id*. at *2.

As courts repeatedly have acknowledged, "plaintiffs are entitled to receive proper notice of defenses *in advance of* the discovery process and trial." *Bradshaw v. Hilco Receivables, LLC*,

725 F. Supp. 2d 532, 536 (D. Md. 2010) (emphasis added); *see also Hernandez*, 295 F.R.D. at 504. The defenses asserted by Defendants, like the defenses at issue in *Valley Health, Hernandez*, and *Roadhouse*, fail to provide such notice. They are inadequate and must be stricken.

**II.    Defendants' denials, negative defenses, reservations of rights, and incorporation of unspecified defenses are not affirmative defenses.**

Defendants have pleaded denials, negative defenses, and reservations of rights, as well as incorporated various unspecified defenses by reference, under the guise of affirmative defenses. (*See* ECF No. 169, AY's Ans. & Aff. Defs., at 17–18, Nos. 8, 9, 13, 15, 16, & 18; ECF No. 169, NCG's Ans. & Aff. Defs., at 14–17, ¶¶ 1, 3, 4, 11, 14, 16, & 17–20.) This is improper.

"An affirmative defense is a matter which serves to excuse a defendant's conduct or otherwise avoids the plaintiff's cause of action *but which is proven by facts extrinsic to the plaintiff's cause of action*, in the sense that liability is avoided without negating an element of the plaintiff's prima facie case." *Donohue v. Am. Isuzu Motors, Inc.*, 155 F.R.D. 515, 519 (M.D. Pa. 1994) (emphasis added). A defense that demonstrates a plaintiff "has not met its burden of proof" or that simply "points out a defect in the plaintiff's prima facie case" is not an affirmative defense. *See Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1088 (9th Cir. 2002) (citing *Flav–O–Rich v. Rawson Food Serv. Inc. (In Re Rawson Food Serv. Inc.)*, 846 F.2d 1343, 1349 (11th Cir. 1998)).

Failure to state a claim is not an affirmative defense. *See Fed. Trade Comm'n v. Johnson*, No. 2:10–cv–02203–MMD–GWF, 2013 WL 4039069, at \*3 (D. Nev. Aug. 5, 2013). Nor is a blanket denial of liability. *Id*. at \*4. Nor is a reservation or incorporation of other unspecified affirmative defenses. *Id*. Defendants so-called "affirmative defenses" on these grounds cannot stand.

The same is true of Defendants' defenses based on speculative damages, lack of scienter, damage by others, lack of access to trade secrets, and nonexistence of trade secrets. These

defenses merely assert that Plaintiffs have not met the burden of proof on various alleged elements of their causes of action—i.e., that they cannot prove damages, knowledge, causation, or the existence of trade secrets. *See Zivkovic*, 302 F.3d at 1088. These negative defenses should be stricken.

**III.     Defendants' equitable defenses do not apply here.**

Unclean hands, *in pari delicto*, waiver, estoppel, ratification, acquiescence, and laches are equitable defenses. *See DaSilva v. Wells Fargo Bank, N.A.*, No. 3:10–cv–00381–RCJ–VPC, 2011 WL 221718, at *7 (D. Nev. Jan. 19, 2011) (referring to "the equitable defense of unclean hands"); *In re Agribiotech, Inc.*, No. CV S 02 0537 PMP (LRL), 2005 WL 4122738, at *5 (D. Nev. Apr. 1, 2005) (noting that "*in pari delicto*" is an "equitable doctrine" under Nevada law); *Burch v. Bellagio Hotel & Casino*, No. 2:14–cv–1141–JAD–PAL, 2014 WL 4472411, at *2 (D. Nev. Sept. 9, 2014) (referring to "waiver" and "estoppel" as "equitable defenses"); *Union Pac. R.R. Co. v. Guard Dog Heaven, LLC*, No. 2:09–CV–1622 JCM (RJJ), 2012 WL 3262840, at *3 (D. Nev. Aug. 8, 2012) ("Laches is an equitable defense to a civil action."); *Hernandez v. IndyMac Bank*, Case No. 2:12–cv–00369–MMD–CWH, 2014 WL 12644259, at *5 (D. Nev. Sept. 19, 2014) (noting that "equity cousel[ed] against permitting ratification"); *Seller Agency Council, Inc. v. Kennedy Ctr. for Real Estate Educ., Inc.*, 621 F.3d 981, 988 (9th Cir. 2010) (discussing the "equitable defense[] of acquiescence").

These equitable defenses do not apply to causes of action at law for breach of contract and trade-secret misappropriation, the claims at issue in the First Amended Complaint. Defendants' equitable defenses to Plaintiffs' legal claims should be stricken. *See, e.g., D.E. Shaw Laminar Portfolios, LLC v. Archon Corp.*, 570 F. Supp. 2d 1262, 1273 (D. Nev. 2008) (concluding that the Nevada Supreme Court's "holdings imply the defense [of unclean hands] is limited to equitable relief" and "applies *only* when the unclean[-]hands factors weigh against granting *equitable*

relief") (emphasis added) (internal quotation marks omitted); *Nationstar Mortgage LLC v. Amber Hills II Homeowners Ass'n, Inc.*, Case No. 2:15–cv–01433–APG–CWH, 2016 WL 1298108, at *4 (Mar. 31, 2016) (noting that "laches is an equitable defense . . . distinct from the statute of limitations that serves as the counterpart to the statute of limitations, barring untimely *equitable* causes of action") (emphasis added) (internal quotation marks omitted). (*See* ECF No. 169, AY's Ans. & Aff. Defs., at 17, Nos. 2, 6, & 11; ECF No. 169, NCG's Ans. & Aff. Defs., at 15, ¶¶ 5 & 9.)

**IV.    Defendants' contract-rejection defense is "immaterial" to the claims at issue.**

Under Rule 12(f), "'immaterial' matter is that which has no essential or important relationship to the claim for relief or the defenses being pleaded." *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993) (internal quotation marks omitted).

Defendants allege that "Plaintiffs' contract claims are barred because the contracts in question were breached as of the date of the bankruptcy petition by virtue of rejection of said executory contracts pursuant to Section 365 of the Bankruptcy Code." (*See* ECF No. 169, AY's Ans. & Aff. Defs., at 18, No. 14; ECF No. 169, NCG's Ans. & Aff. Defs., at 15, ¶ 15.) This affirmative defense is "immaterial" to the claims at issue and should be stricken. *See* Fed. R. Civ. P. 12(f).

As this Court recognized in its June 20 order, "where Plaintiffs have adequately alleged a material breach [of contract] prior to the [bankruptcy] petition date, such contracts do not constitute executory contracts at all . . . ." (*See* ECF No. 167, 6/20/18 Order, at 9.) "These are not the kinds of potentially burdensome prospective obligations the bankruptcy code seeks to alleviate, but rather fully accrued claims that have become property of the estate and may be transferred pursuant to state law." (*Id*.)

The breach-of-contract and trade-secret claims sustained by the Court were not part of the rejection process in the bankruptcy proceeding. Instead, they arose before Grubb & Ellis's bankruptcy petition was filed. The claims were then purchased by BGC Partners Inc. under its asset-purchase agreement and later transferred to Newmark. (*See* ECF No. 65, Am. Compl., ¶ 5; ECF No. 132, Mot. to Substitute Pl.) Defendants' contract-rejection defense is "immaterial" to these claims and should be stricken. *See, e.g., Supermarket of Homes, Inc. v. San Fernando Valley Bd. Realtors*, 786 F.2d 1400, 1409–10 (9th Cir. 1986) (affirming district court's order striking "immaterial" affirmative defenses).

**V.     Defendants' "justification/privilege" and "no-wrongdoing" defenses, as well as their incorporation of the affirmative defenses set forth in Rule 8, are redundant.**

Affirmative defenses must not be "redundant." *See* Fed. R. Civ. P. 12(f). "'[R]edundant matter' is that which consists of allegations that constitute a needless repetition of other averments." *Germaine Music v. Universal Songs of Polygram*, 275 F. Supp. 2d 1288, 1299 (D. Nev. 2003) (internal quotation marks omitted).

Here, several affirmative defenses asserted by Defendants are redundant. Defendants twice allege that their conduct was "legally privileged and within the bounds of proper business competition." (*See* ECF No. 169, AY's Ans. & Aff. Defs., at 17, No. 4, & 18, No. 12; ECF No. 169, NCG's Ans. & Aff. Defs., at 16, ¶¶ 7 & 13.) This redundancy, which the Avison Young Defendants label both "justification/privilege" and "no wrongdoing," is improper.

Defendants also "incorporate by reference" and "reserve" all the affirmative defenses set forth in Rule 8. (*See* ECF No. 169, AY's Ans. & Aff. Defs., at 19, No. 18; ECF No. 169, NCG's Ans. & Aff. Defs., at 15, ¶¶ 7 & 13.) Rule 8's list of affirmative defenses includes contributory negligence, estoppel, laches, res judicata, statute of limitations, and waiver, all of which Defendants have separately alleged as independent affirmative defenses. *See* Fed. R. Civ. P. 8(c)(1). Defendants' redundant invocation of the affirmative defenses listed in Rule 8 is improper.

- 13 -

*See Williams v. Jader Fuel Co.*, 944 F. 2d 1388, 1401–02 (7th Cir. 1991) (where defenses were redundant, they should have been stricken).

**CONCLUSION**

**FOR THESE REASONS**, either independently or in combination, Plaintiffs Newmark Group Inc., G&E Acquisition Company LLC, and BGC Real Estate of Nevada LLC respectfully request that the Court enter an order:

(a)     striking Defendants' affirmative defenses in their entirety; and

(b)     granting any further relief it deems just and equitable.

Dated: July 26, 2018                                      Respectfully submitted,

                                                          /s/ Seth A. Horvath

                                                          Todd L. Bice, Esq., Bar No. 4534
                                                          **Pisanelli Bice PLLC**
                                                          400 South 7th Street, Suite 300
                                                          Las Vegas, Nevada 89101
                                                          Telephone: (702) 214-2100
                                                          Facsimile: (702) 214-2101
                                                          tlb@pisanellibice.com

                                                          F. Thomas Hecht
                                                          Tina B. Solis
                                                          Seth A. Horvath
                                                          **Nixon Peabody LLP**
                                                          70 W. Madison Street, Suite 3500
                                                          Chicago, Illinois  60602
                                                          Telephone: (312) 977-4400
                                                          Facsimile: (844) 560-8137
                                                          fthecht@nixonpeabody.com
                                                          tbsolis@nixonpeabody.com
                                                          sahorvath@nixonpeabody.com
                                                          (admitted pro hac vice)

                                                          *Attorneys for Plaintiffs Newmark Group Inc.,*
                                                          *G&E Acquisition Company LLC, and*
                                                          *BGC Real Estate of Nevada LLC*

- 14 -

**CERTIFICATE OF SERVICE**

I, the undersigned, certify that on July 26, 2018, I caused a true and correct copy of the foregoing **Plaintiffs' Motion to Strike Affirmative Defenses** to be filed electronically with the clerk of court using the court's CM/ECF system, which will send a notification of electronic filing to the counsel of record who have entered an appearance in this case, including:

Robert S. Larsen
Wing Y. Wong
**Gordon Rees Scully Mansukhani LLP**
300 S. 4th St., Suite 1550
Las Vegas, Nevada 89101
rlarsen@grsm.com
wwong@grsm.com

Bryan M. Stephany
**Kirkland & Ellis LLP**
655 Fifteenth Street, NW
Washington, DC 20005-5793
bstephany@kirkland.com

Keith Kobylka
**Kirkland & Ellis LLP**
601 Lexington Avenue
New York, NY 10022
keith.kobylka@kirkland.com

*Attorneys for Defendants Avison Young (Canada) Inc., Avison Young (USA) Inc., Avison Young–Nevada LLC, Mark Rose, and Joseph Kupiec*

David Carroll
Anthony J. DiRaimondo
**Rice Reuther Sullivan & Carroll LLP**
3800 Howard Hughes Pkwy., Suite 1200
dcarroll@rrsc-law.com
adiraimondo@rrsc-law.com

*Attorneys for Defendants The Nevada Commercial Group LLC and John Pinjuv*

_____/s/ Seth A. Horvath_____
*One of the Attorneys for Plaintiffs Newmark Group Inc., G&E Acquisition Company LLC, and BGC Real Estate of Nevada LLC*