UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| NEWMARK GROUP, INC., G&E ACQUISITION COMPANY, LLC and BGC REAL ESTATE OF NEVADA, LLC<br><br>Plaintiff,<br><br>v.<br><br>AVISON YOUNG (CANADA) INC.; AVISON YOUNG (USA) INC.; AVISON YOUNG-NEVADA, LLC, MARK ROSE, THE NEVADA COMMERCIAL GROUP, JOHN PINJUV, and JOSEPH KUPIEC; DOES 1 through 5; and ROE BUSINESS ENTITIES 6 through 10,<br><br>Defendants. | Case No. 2:15-cv-00531-RFB-EJY<br><br>**ORDER** |

Before the Court is AY-Defendants' Motion for Leave to File Documents Under Seal [ECF No. 257]. ECF No. 259. No opposition to this Motion was filed by Plaintiffs.

As the party seeking to seal a judicial record, Defendants must meet its burden of overcoming the strong presumption in favor of access and public policies favoring disclosure. *Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006) (holding that those who seek to maintain the secrecy of documents attached to dispositive motions must meet the high threshold of showing that "compelling reasons" support secrecy). "Many courts have applied the compelling reasons standard to . . . temporary restraining orders." *Ctr. for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1096 n.2 (9th Cir. 2016) (collecting cases); *see also Selling Source, LLC v. Red River Ventures, LLC*, No. 2:09-cv-01491-JCM-GWF, 2011 WL 1630338, at \*5 (finding requests for preliminary injunctive relief should be treated as dispositive motions for purposes of sealing court records) (D. Nev. Apr. 29, 2011). The mere fact that the production of records may lead to a party's embarrassment, incrimination, or exposure to further litigation will not alone compel the court to seal its records. *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1136 (9th Cir. 2003). Compelling reasons require a demonstration of something more, such as when court files

have become a vehicle for improper purposes, including use of records to gratify private spite, promote public scandal, disseminate libelous statements, or circulate trade secrets. *Nixon v. Warner Commc'ns*, 435 U.S. 589, 598 (1978).

The Court has considered the Motion and the documents sought to be sealed. The Court finds Exhibits 1, 2, 4, 5, 6, 7, and 8 contain confidential business information. Therefore, there is compelling reason for granting Defendants' Motion as to these documents. However, the Court finds that Exhibits 11 and 12 appear to contain no such information.

Accordingly, IT IS HEREBY ORDERED that AY-Defendants' Motion for Leave to File Documents Under Seal (ECF No. 259) is GRANTED in part and DENIED in part.

IT IS FURTHER ORDERED that Exhibits 1, 2, 4, 5, 6, 7, and 8 shall remain sealed.

IT IS FURTHER ORDERED that Exhibits 11 and 12 shall remain <u>temporarily</u> sealed.

IT IS FURTHER ORDERED that if Defendants wish to present additional information to the Court justifying sealing Exhibits 11 and 12, they should do so within ten (10) days of this Order. If no additional information is provided by Defendants by the close of business on the tenth (10th) day following the date of this Order, Exhibits 11 and 12 shall be unsealed.

DATED: March 20, 2020

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE