UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| NEWMARK GROUP, INC., G&E ACQUISITION COMPANY, LLC and BGC REAL ESTATE OF NEVADA, LLC<br><br>Plaintiff,<br><br>v.<br><br>AVISON YOUNG (CANADA) INC.; AVISON YOUNG (USA) INC.; AVISON YOUNG-NEVADA, LLC, MARK ROSE, THE NEVADA COMMERCIAL GROUP, JOHN PINJUV, and JOSEPH KUPIEC; DOES 1 through 5; and ROE BUSINESS ENTITIES 6 through 10,<br><br>Defendants. | Case No. 2:15-cv-00531-RFB-EJY<br><br>**ORDER** |

Before the Court is Plaintiffs' Motion for Leave to File Reply in Support of Motion to Compel Directed to the AY Defendants, and Certain Exhibits Under Seal. ECF No. 268. No opposition to this Motion was filed by Defendants.

As the party seeking to seal a judicial record, Plaintiffs must meet its burden of overcoming the strong presumption in favor of access and public policies favoring disclosure. *Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1178–79 (9th Cir. 2006) (holding that those who seek to maintain the secrecy of documents attached to dispositive motions must meet the high threshold of showing that "compelling reasons" support secrecy). "Many courts have applied the compelling reasons standard to . . . temporary restraining orders." *Ctr. for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1096 n.2 (9th Cir. 2016) (collecting cases); *see also Selling Source, LLC v. Red River Ventures, LLC*, No. 2:09-cv-01491-JCM-GWF, 2011 WL 1630338, at \*5 (finding requests for preliminary injunctive relief should be treated as dispositive motions for purposes of sealing court records) (D. Nev. Apr. 29, 2011). The mere fact that the production of records may lead to a party's embarrassment, incrimination, or exposure to further litigation will not alone compel the court to seal its records. *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1136 (9th Cir.

1

2003).  Compelling reasons require a demonstration of something more, such as when court files have become a vehicle for improper purposes, including use of records to gratify private spite, promote public scandal, disseminate libelous statements, or circulate trade secrets. *Nixon v. Warner Commc'ns*, 435 U.S. 589, 598 (1978).

The Court has considered Plaintiffs' Motion and the documents sought to be sealed.  The Court finds Exhibits, 2 through 11, 13 through 19, and 23 contain confidential business information.  Therefore, there is compelling reason for granting Plaintiffs' Motion to Seal as to these documents.  The Court further finds that Plaintiffs' request to file under seal an unredacted version of Plaintiffs' Reply in Support of Plaintiffs' Motion to Compel Directed to AY Defendants is also proper under the standard summarized above.

Accordingly, IT IS HEREBY ORDERED that Plaintiffs' Motion for Leave to File Reply in Support of Motion to Compel Directed to the AY Defendants, and Certain Exhibits Under Seal (ECF No. 268) is GRANTED.

DATED:  March 20, 2020

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE