UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| NEWMARK GROUP, INC., G&E ACQUISITION COMPANY, LLC and BGC REAL ESTATE OF NEVADA, LLC<br><br>Plaintiff,<br><br>v.<br><br>AVISON YOUNG (CANADA) INC.; AVISON YOUNG (USA) INC.; AVISON YOUNG-NEVADA, LLC, MARK ROSE, THE NEVADA COMMERCIAL GROUP, JOHN PINJUV, and JOSEPH KUPIEC; DOES 1 through 5; and ROE BUSINESS ENTITIES 6 through 10,<br><br>Defendants. | Case No. 2:15-cv-00531-RFB-EJY<br><br>**ORDER** |

Before the Court is Defendants' Motion for Leave to File Exhibits Under Seal. ECF No. 258. Also before the Court is Plaintiffs' Motion for Leave to File Reply in Support of Motion for Leave to Amend Third Amended Discovery Plan and Scheduling Order and Certain Exhibits, Under Seal. ECF No. 265. No opposition to either of these Motions was filed.

A party seeking to seal a judicial record must meet its burden of overcoming the strong presumption in favor of access and public policies favoring disclosure. *Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1178–79 (9th Cir. 2006) (holding that those who seek to maintain the secrecy of documents attached to dispositive motions must meet the high threshold of showing that "compelling reasons" support secrecy). "Many courts have applied the compelling reasons standard to . . . temporary restraining orders." *Ctr. for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1096 n.2 (9th Cir. 2016) (collecting cases); *see also Selling Source, LLC v. Red River Ventures, LLC*, No. 2:09-cv-01491-JCM-GWF, 2011 WL 1630338, at *5 (finding requests for preliminary injunctive relief should be treated as dispositive motions for purposes of sealing court records) (D. Nev. Apr. 29, 2011). The mere fact that the production of records may lead to a party's embarrassment, incrimination, or exposure to further litigation will not alone compel the court to

1

seal its records. *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1136 (9th Cir. 2003). Compelling reasons require a demonstration of something more, such as when court files have become a vehicle for improper purposes, including use of records to gratify private spite, promote public scandal, disseminate libelous statements, or circulate trade secrets. *Nixon v. Warner Commc'ns*, 435 U.S. 589, 598 (1978).

The Court has considered both Motions to Seal (ECF Nos. 258 and 265) and finds as follows.

IT IS HEREBY ORDERED that Defendants' Motion for Leave to File Exhibits Under Seal (ECF No. 258) is GRANTED and Exhibits 1, 2, and 13 to Defendants' Opposition to Plaintiffs' Motion for Leave to Amend Third Amended Discovery Plan and Scheduling Order, ECF No. 256 shall remain sealed.

IT IS FURTHER ORDERED that Plaintiffs' Motion for Leave to File Reply in Support of Motion for Leave to Amend Third Amended Discovery Plan and Scheduling Order and Certain Exhibits Under Seal (ECF No. 265) is GRANTED and Exhibits 3 through 10, 23, and 24 to Plaintiffs' Reply in Support of Motion for Leave to Amend Third Amended Discovery Plan and Scheduling Order, ECF 255, shall remain sealed.

IT IS FURTHER ORDERED that the unredacted version of Plaintiffs' Reply in Support of Motion for Leave to Amend Third Amended Discovery Plan and Scheduling Order shall remain sealed.

DATED: March 20, 2020

ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE