UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| NEWMARK GROUP, INC., G&E ACQUISITION COMPANY, LLC and BGC REAL ESTATE OF NEVADA, LLC | Case No. 2:15-cv-00531-RFB-EJY |
| Plaintiff, | **ORDER** |
| v. | |
| AVISON YOUNG (CANADA) INC.; AVISON YOUNG (USA) INC.; AVISON YOUNG-NEVADA, LLC, MARK ROSE, THE NEVADA COMMERCIAL GROUP, JOHN PINJUV, and JOSEPH KUPIEC; DOES 1 through 5; and ROE BUSINESS ENTITIES 6 through 10, | |
| Defendants. | |

Before the Court is Plaintiffs' Motion for Leave to File Reply In Support of Motion to Compel Directed to the NCG Defendants, and Certain Exhibits, Under Seal (ECF No. 273). No response to this Motion was filed.

As explained in *Kamakana v. City and County of Honolulu*, 447 F.3d 1172 (9th Cir. 2006), courts generally recognize a "right to inspect and copy public records and documents, including judicial records and documents." *Id*. at 1178 *citing Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n. 7 (1978). This right is justified by the interest of citizens who "keep a watchful eye on the workings of public agencies." *Id*. As Plaintiffs know, a party seeking to file a confidential document under seal must file a motion to seal and must comply with the Ninth Circuit's directives in *Kamakana*. Parties seeking to maintain the secrecy of documents attached to dispositive motions must show compelling reasons sufficient to overcome the presumption of public access. *Id*. If a sealing order is permitted, it must be narrowly tailored. *Press–Enterprise Co. v. Superior Ct. of Cal., Riverside Cty.*, 464 U.S. 501, 512 (1984). When a document is attached to a non-dispositive motion, which is the case here, the "public policies that support the right of access to dispositive motions … do not apply with equal force to non-dispositive materials." *Kamakana*, 447 F.3d at 1179 (citation

omitted). "Thus a particularized showing, under the good cause standard of Rule 26(c), will suffice to warrant preserving the secrecy of sealed discovery material attached to non-dispositive motions." *Id.* at 1180 (citations, quotation marks and brackets omitted).

Here, Plaintiff has demonstrated good cause for filing Exhibits 3, 5, 6, and 7 under seal as these documents contain confidential and/or proprietary information the public disclosure of which could result in misuse that would harm the parties. However, the Court believes Exhibits 1 and 2 can be redacted to exclude email addresses, personal telephone numbers, website addresses and web references from the bodies of these email chains thereby leaving the remainder of the information available for review.

Consistent with the above, the Court also finds that the portion of Plaintiffs' Reply brief (ECF No. 271) on page 1, line 25, should be redacted to remove the individual name(s), if that is the concern. However, the remainder of the current redactions, starting at page 1, line 25 and ending at page 2, line 1, appear to be neither confidential nor proprietary. The information also does not implicate any trade secret or business operation that is unique to this case. Thus, a less heavily redacted reply brief may be filed without risking harm to the parties. The Court finds that this same analysis applies to the redactions on page 2, lines 7 through 9; page 5, n.2, lines 27-28; and, page 6, lines 9-12 and 23-24, all of which should be unredacted as the information currently redacted does not implicate a trade secret, confidential or proprietary information, or business operation that is unique to this case. There is no harm that will come to the parties if this information is available to the public. In contrast, the redactions on page 8 refers to a proprietary agreement and, therefore, are approved as filed under seal.

Accordingly,

IT IS HEREBY ORDERED that Plaintiffs' Motion for Leave to File Reply In Support of Motion to Compel Directed to the NCG Defendants, and Certain Exhibits, Under Seal (ECF No. 273) is GRANTED in part and DENIED in part.

IT IS FURTHER ORDERED that Exhibits 3, 5, 6, and 7 to ECF No. 271 shall remain sealed.

IT IS FURTHER ORDERED that Exhibits 1 and 2 to ECF No. 271 shall remain <u>temporarily</u> sealed.

IT IS FURTHER ORDERED that if either party wishes to present additional information to the Court justifying sealing Exhibits 1 and 2 to ECF No. 271 in their entirety, they may do so within ten (10) days of the date of this Order. If no additional information is provided by either party by the close of business on the tenth (10th) day following the date of this Order, Plaintiffs shall refile Exhibits 1 and 2 in the reduced, redacted form described above within fifteen days of the date of this Order. The unredacted version of Exhibits 1 and 2 shall remain sealed.

IT IS FURTHER ORDERED that Plaintiffs' Motion for Leave to File Reply In Support of Motion to Compel Directed to the NCG Defendants (ECF No. 271) shall remain _temporarily_ sealed.

IT IS FURTHER ORDERED that the redactions on page 8 of ECF No. 271 are proper and shall remain filed under seal.

IT IS FURTHER ORDERED that if either party wishes to present additional information to the Court justifying the redactions on pages 1, 2, 5, and 6 of ECF No. 271, they may do so within ten (10) days of the date of this Order. If no additional information is provided by either party by the close of business on the tenth (10th) day following the date of this Order, Plaintiffs shall resubmit their Reply brief (ECF No. 271) removing all redactions on pages 2, 5, and 6, and removing all redactions, other than the individual name, from page 1 leaving all remaining portions of page 1 unredacted.

DATED: March 25, 2020

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE