UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

NEWMARK GROUP, INC., G&E
ACQUISITION COMPANY, LLC and BGC
REAL ESTATE OF NEVADA, LLC

Plaintiff,

v.

AVISON YOUNG (CANADA) INC.;
AVISON YOUNG (USA) INC.; AVISON
YOUNG-NEVADA, LLC, MARK ROSE,
THE NEVADA COMMERCIAL GROUP,
JOHN PINJUV, and JOSEPH KUPIEC; DOES
1 through 5; and ROE BUSINESS ENTITIES
6 through 10,

Defendants.

Case No. 2:15-cv-00531-RFB-EJY

**ORDER**

Before the Court is Plaintiffs' Motion for Leave to File Motion to Compel Directed to Third-Party Subpoena Recipients, and Certain Exhibits, Under Seal.  ECF No. 276.  No opposition to this Motion was filed by Defendants.

As the party seeking to seal a judicial record, Plaintiffs must meet its burden of overcoming the strong presumption in favor of access and public policies favoring disclosure.  *Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006) (holding that those who seek to maintain the secrecy of documents attached to dispositive motions must meet the high threshold of showing that "compelling reasons" support secrecy).  "Many courts have applied the compelling reasons standard to . . . temporary restraining orders."  *Ctr. for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1096 n.2 (9th Cir. 2016) (collecting cases); *see also Selling Source, LLC v. Red River Ventures, LLC*, No. 2:09-cv-01491-JCM-GWF, 2011 WL 1630338, at *5 (finding requests for preliminary injunctive relief should be treated as dispositive motions for purposes of sealing court records) (D. Nev. Apr. 29, 2011).  The mere fact that the production of records may lead to a party's embarrassment, incrimination, or exposure to further litigation will not alone compel the court to seal its records.  *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1136 (9th Cir.

2003).  Compelling reasons require a demonstration of something more, such as when court files have become a vehicle for improper purposes, including use of records to gratify private spite, promote public scandal, disseminate libelous statements, or circulate trade secrets.  *Nixon v. Warner Commc'ns*, 435 U.S. 589, 598 (1978).

The Court has considered the Motion and the documents sought to be sealed.  The Court finds Exhibits 9, 10, 11, 13, 14, and 15 contain confidential business or personal information.  Therefore, there is compelling reason for granting Plaintiffs' Motion as to these Exhibits.  However, the Court finds that references to these Exhibits in the redacted portions in Plaintiffs' Motion (*see* pages 9 and 20) contain no business or personal confidential information.

Accordingly, IT IS HEREBY ORDERED that Plaintiffs' Motion for Leave to File Motion to Compel Directed to Third-Party Subpoena Recipients, and Certain Exhibits, Under Seal (ECF No. 276) is GRANTED in part and DENIED in part.

IT IS FURTHER ORDERED that Exhibits 9, 10, 11, 13, 14, and 15 shall  remain sealed.

IT IS FURTHER ORDERED that Plaintiffs' Motion (ECF No. 274) shall remain temporarily sealed.

IT IS FURTHER ORDERED that if any party to this dispute wishes to present additional information justifying the continuing to seal portions of Plaintiffs' Motion (ECF No. 274), such party must do so within ten (10) days of this Order.  If no additional information is provided by the close of business on the tenth (10th) day following the date of this Order, the entirety of Plaintiffs' Motion (ECF No. 274) shall be refiled by Plaintiffs unsealed.

DATED:  April 29, 2020

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE