UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| NEWMARK GROUP, INC., G&E ACQUISITION COMPANY, LLC and BGC REAL ESTATE OF NEVADA, LLC<br><br>Plaintiff,<br><br>v.<br><br>AVISON YOUNG (CANADA) INC.; AVISON YOUNG (USA) INC.; AVISON YOUNG-NEVADA, LLC, MARK ROSE, THE NEVADA COMMERCIAL GROUP, JOHN PINJUV, and JOSEPH KUPIEC; DOES 1 through 5; and ROE BUSINESS ENTITIES 6 through 10,<br><br>Defendants. | Case No. 2:15-cv-00531-RFB-EJY<br><br>**ORDER** |

Before the Court is Plaintiffs' Motion for Leave to File Under Seal Exhibits to Plaintiffs' Reply in Support of Motion for Protective Order. ECF No. 309. No opposition to this Motion was filed by Defendants.

As the party seeking to seal a judicial record, Plaintiffs must meet their burden of overcoming the strong presumption in favor of access and public policies favoring disclosure. *Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006) (holding that those who seek to maintain the secrecy of documents attached to dispositive motions must meet the high threshold of showing that "compelling reasons" support secrecy). "Many courts have applied the compelling reasons standard to . . . temporary restraining orders." *Ctr. for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1096 n.2 (9th Cir. 2016) (collecting cases); *see also Selling Source, LLC v. Red River Ventures, LLC*, No. 2:09-cv-01491-JCM-GWF, 2011 WL 1630338, at \*5 (finding requests for preliminary injunctive relief should be treated as dispositive motions for purposes of sealing court records) (D. Nev. Apr. 29, 2011). Where a party seeks to seal documents attached to a non-dispositive motion, the "public policies that support the right of access to dispositive motions … do not apply with equal force … ." *Kamakana*, 417 F.3d at 1179 (citation omitted). Further, the mere

1

1  fact that the production of records may lead to a party's embarrassment, incrimination, or exposure
2  to further litigation will not alone compel the court to seal its records.  *Foltz v. State Farm Mut. Auto.*
3  *Ins. Co.*, 331 F.3d 1122, 1136 (9th Cir. 2003).  Compelling reasons require a demonstration of
4  something more, such as when court files have become a vehicle for improper purposes, including
5  use of records to gratify private spite, promote public scandal, disseminate libelous statements, or
6  circulate trade secrets.  *Nixon v. Warner Commc'ns*, 435 U.S. 589, 598 (1978).

7  The Court has considered the Motion and the documents sought to be sealed.  The Court
8  finds that Exhibit 5 contains no information qualifying the document to be sealed.

9  The Court further finds that Exhibits 16 and 19 contain confidential and/or proprietary
10 business information.  Therefore, there is a compelling reason for granting Plaintiffs' Motion as to
11 these Exhibits.

12 The Court further finds that Exhibit 21 (filed under seal as ECF No. 308-4) pages 2-4 contain
13 confidential and/or proprietary information and there is a compelling reason for sealing these pages
14 of Exhibit 21.  The Court further finds that pages 5 through 21 contain unsealed records filed by the
15 Circuit Court of Cook County, Illinois, an email, and an affidavit.  The Court finds that there is no
16 compelling reason for sealing these pages of Exhibit 21.

17 Accordingly, IT IS HEREBY ORDERED that Plaintiffs' Motion for Leave to File Under
18 Seal Exhibits to Plaintiffs' Reply in Support of Motion for Protective Order (ECF No. 309) is
19 GRANTED in part and DENIED in part.

20 IT IS FURTHER ORDERED that Exhibits 16 and 19 to Plaintiffs' Motion shall remain
21 sealed.

22 IT IS FURTHER ORDERED that Exhibit 21 (ECF No. 308-4) pages 2-4 shall remain sealed.

23 IT IS FURTHER ORDERED that Exhibits 5 (ECF No. 308-1) and pages 5 through 21 of
24 ECF No. 308-4 shall remain <u>temporarily</u> sealed.

25 IT IS FURTHER ORDERED that if any party to this dispute wishes to present additional
26 information to the Court regarding why Exhibit 5 and/or pages 5 through 21 of Exhibit 21 (ECF Nos.
27 308-1 and 308-4 respectively) should be sealed, such party must do so within ten (10) days of this
28

1  Order. If no additional information is provided by the close of business on the tenth (10th) day
2  following the date of this Order, Exhibits 5 and pages 5 through 21 to Plaintiffs' Reply (ECF No.
3  307) shall be refiled by Plaintiffs unsealed.
4      DATED: April 30, 2020

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE