UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| NEWMARK GROUP, INC., G&E ACQUISITION COMPANY, LLC and BGC REAL ESTATE OF NEVADA, LLC<br><br>Plaintiff,<br><br>v.<br><br>AVISON YOUNG (CANADA) INC.; AVISON YOUNG (USA) INC.; AVISON YOUNG-NEVADA, LLC, MARK ROSE, THE NEVADA COMMERCIAL GROUP, JOHN PINJUV, and JOSEPH KUPIEC; DOES 1 through 5; and ROE BUSINESS ENTITIES 6 through 10,<br><br>Defendants. | Case No. 2:15-cv-00531-RFB-EJY<br><br>**ORDER** |

Before the Court is Plaintiffs' Motion for Leave to File Under Seal Exhibits to Reply in Support of Motion for Protective Order Regarding Defendants' 30(b)(6) Notice of Deposition. ECF No. 330.  No response to this Motion was filed by Defendants.

As the party seeking to seal a judicial record, Plaintiffs must meet their burden of overcoming the strong presumption in favor of access and public policies favoring disclosure. *Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006) (holding that those who seek to maintain the secrecy of documents attached to dispositive motions must meet the high threshold of showing that "compelling reasons" support secrecy). "Many courts have applied the compelling reasons standard to . . . temporary restraining orders." *Ctr. for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1096 n.2 (9th Cir. 2016) (collecting cases); *see also Selling Source, LLC v. Red River Ventures, LLC*, No. 2:09-cv-01491-JCM-GWF, 2011 WL 1630338, at \*5 (finding requests for preliminary injunctive relief should be treated as dispositive motions for purposes of sealing court records) (D. Nev. Apr. 29, 2011).  However, where a party seeks to seal documents attached to a non-dispositive motion, the "public policies that support the right of access to dispositive motions … do not apply with equal force … ." *Kamakana*, 417 F.3d at 1179 (citation omitted).

1

The mere fact that the production of records may lead to a party's embarrassment, incrimination, or exposure to further litigation will not alone compel the court to seal its records. *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1136 (9th Cir. 2003). Compelling reasons require a demonstration of something more, such as when court files have become a vehicle for improper purposes, including use of records to gratify private spite, promote public scandal, disseminate libelous statements, or circulate trade secrets. *Nixon v. Warner Commc'ns*, 435 U.S. 589, 598 (1978).

The Court has considered the Motion and the documents sought to be sealed. The Court finds Group Exhibit 1 contains confidential and/or proprietary business information. Therefore, there is a compelling reason for granting Plaintiffs' Motion as to Group Exhibit 1.

The Court further finds that Exhibit 2 references client names. The Court understands that client identities may, at times, qualify as confidential. However, there is nothing in Exhibit 2 or otherwise stated in Plaintiffs' Motion For Leave to File Under Seal supporting the conclusion that the information in Exhibit 2 meet the standards for sealing records.

Accordingly, IT IS HEREBY ORDERED that Plaintiffs' Motion to File Under Seal Exhibits to Reply in Support of Motion for Protective Order Regarding Defendants' 30(b)(6) Notice of Deposition (ECF No. 330) is GRANTED in part and DENIED in part.

IT IS FURTHER ORDERED that Group Exhibit 1 to Plaintiffs' Reply shall remain sealed.

IT IS FURTHER ORDERED that Exhibit 2 to Plaintiffs' Reply shall remain <u>temporarily</u> sealed.

IT IS FURTHER ORDERED that if any party to this dispute wishes to present additional information to the Court seeking to justify sealing Exhibit 2 to Plaintiffs' Reply (ECF No. 328), such party must do so within ten (10) days of this Order. If no additional information is provided by the close of business on the tenth (10th) day following the date of this Order, Exhibit 2 to Plaintiffs' Reply (ECF No. 328) shall be refiled by Plaintiffs unsealed.

DATED: April 30, 2020

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE