UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

NEWMARK GROUP, INC., G&E
ACQUISITION COMPANY, LLC, and BGC
REAL ESTATE OF NEVADA, LLC,

    Plaintiffs,

  v.

AVISON YOUNG (CANADA) INC.;
AVISON YOUNG (USA) INC.; AVISON
YOUNG-NEVADA, LLC, MARK ROSE,
THE NEVADA COMMERCIAL GROUP,
JOHN PINJUV, and JOSEPH KUPIEC; DOES
1 through 5; and ROE BUSINESS ENTITIES
6 through 10,

    Defendants.

Case No. 2:15-cv-00531-RFB-EJY

**ORDER**

   Before the Court is Defendants' Motion for Leave to File Exhibits Under Seal and Redact Portions of Opposition to Plaintiffs' Motion for Protective Order.  ECF No. 316.  No response to this Motion was filed by Plaintiffs.

   As the party seeking to seal a judicial record, Defendants must meet their burden of overcoming the strong presumption in favor of access and public policies favoring disclosure.  *Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006) (holding that those who seek to maintain the secrecy of documents attached to dispositive motions must meet the high threshold of showing that "compelling reasons" support secrecy).  "Many courts have applied the compelling reasons standard to . . . temporary restraining orders."  *Ctr. for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1096 n.2 (9th Cir. 2016) (collecting cases); *see also Selling Source, LLC v. Red River Ventures, LLC*, No. 2:09-cv-01491-JCM-GWF, 2011 WL 1630338, at *5 (finding requests for preliminary injunctive relief should be treated as dispositive motions for purposes of sealing court records) (D. Nev. Apr. 29, 2011).  However, where a party

seeks to seal documents attached to a non-dispositive motion, the "public policies that support the right of access to dispositive motions … do not apply with equal force … ." *Kamakana*, 417 F.3d at 1179 (citation omitted).

The mere fact that the production of records may lead to a party's embarrassment, incrimination, or exposure to further litigation will not alone compel the court to seal its records. *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1136 (9th Cir. 2003).  Compelling reasons require a demonstration of something more, such as when court files have become a vehicle for improper purposes, including use of records to gratify private spite, promote public scandal, disseminate libelous statements, or circulate trade secrets.  *Nixon v. Warner Commc'ns*, 435 U.S. 589, 598 (1978).

The Court has considered the Motion and the documents sought to be sealed.  The Court finds Exhibit 2 contains confidential and/or proprietary business information.  Therefore, there is compelling reason to grant Defendants' Motion as to Exhibit 2.

The Court has reviewed Exhibit 6, an email from Michael Lehrman, BGC Partners' Global Head of Real Estate and Cantor Fitzgerald's Executive Managing Director, addressed to Cantor Fitzgerald and Goodwin Procter representatives.  The Court has also considered Exhibits 7, 8, 9, and 10, which contain email correspondence between, *inter alia*, Cantor Fitzgerald and Goodwin Procter. In their Motion for Protective Order pending before this Court, Plaintiffs advised that an:

> Illinois court concluded that the communications between [Cantor Fitzgerald] and Goodwin Procter were protected by the attorney-client privilege but then reversed its decision. . . . Plaintiffs intend to appeal the Illinois court's ruling compelling the production of the communications between CF & Co. and Goodwin Procter. Given the unresolved nature of the privilege dispute in Illinois, Plaintiffs ask this Court to preclude, by entry of a protective order, the disclosure and use of the Goodwin Procter materials until the matter has been fully adjudicated.

ECF No. 298 at 6:2-3, 11-15 (internal alteration and footnote omitted).  Based on the available information, the Court shall temporarily seal Exhibits 6, 7, 8, 9, and 10 until such time as Plaintiffs' Motion for Protective Order (ECF No. 298) is decided.

With respect to Defendants' Opposition to Plaintiffs' Motion for Protective Order (ECF No. 315), no unredacted copy of this Opposition was filed with the Court.  As such, the Court is prevented from ruling on whether portions of the Opposition should remain sealed.

Accordingly, IT IS HEREBY ORDERED that Defendants' Motion for Leave to File Exhibits Under Seal and Redact Portions of Opposition to Plaintiffs' Motion for Protective Order (ECF No. 316) is GRANTED in part and DENIED in part.

IT IS FURTHER ORDERED that Exhibit 2 shall remain sealed.

IT IS FURTHER ORDERED that Exhibits 6, 7, 8, 9, and 10 shall remain temporarily sealed until such time as Plaintiffs' Motion for Protective Order (ECF No. 298) is decided.

IT IS FURTHER ORDERED that Defendants' Motion to the extent it seeks to maintain the redactions of portions of its Opposition to Plaintiffs' Motion for Protective Order, this request is granted for a period of five Court days to allow Defendants time to file an unredacted version of its Opposition with the Court.  Unfortunately, there have been several occasions on which Defendants, or those represented by the same counsel as Defendants, failed to file exhibits and/or an unredacted copy of a pleading with the Court.  This is another example of that occurrence.  If Defendants fail to file an unredacted copy of their Opposition within five Court days of the date of this Order, the Opposition shall be stuck and an order to file an unredacted Opposition shall issue.  The Court advises that when seeking to seal future pleadings and/or exhibits, Defendants, and those represented by the same counsel as Defendants, take care to ensure that it submits unredacted copies of that which it seeks the Court to consider.

DATED:  May 5, 2020

ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE