UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| NEWMARK GROUP, INC., G&E ACQUISITION COMPANY, LLC, and BGC REAL ESTATE OF NEVADA, LLC, | Case No. 2:15-cv-00531-RFB-EJY |
| Plaintiffs, | |
| v. | **ORDER** |
| AVISON YOUNG (CANADA) INC.; AVISON YOUNG (USA) INC.; AVISON YOUNG-NEVADA, LLC, MARK ROSE, THE NEVADA COMMERCIAL GROUP, JOHN PINJUV, and JOSEPH KUPIEC; DOES 1 through 5; and ROE BUSINESS ENTITIES 6 through 10, | |
| Defendants. | |

Before the Court is Defendants' Renewed Motion for Leave to File Exhibits Under Seal. ECF No. 348. No response to this Motion was filed by Plaintiffs.

As the party seeking to seal a judicial record, Defendants must meet their burden of overcoming the strong presumption in favor of access and public policies favoring disclosure. *Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006) (holding that those who seek to maintain the secrecy of documents attached to dispositive motions must meet the high threshold of showing that "compelling reasons" support secrecy). "Many courts have applied the compelling reasons standard to . . . temporary restraining orders." *Ctr. for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1096 n.2 (9th Cir. 2016) (collecting cases); *see also Selling Source, LLC v. Red River Ventures, LLC*, No. 2:09-cv-01491-JCM-GWF, 2011 WL 1630338, at *5 (finding requests for preliminary injunctive relief should be treated as dispositive motions for purposes of sealing court records) (D. Nev. Apr. 29, 2011). However, where a party seeks to seal documents attached to a non-dispositive motion, the "public policies that support the right of access to dispositive motions … do not apply with equal force … ." *Kamakana*, 417 F.3d at 1179 (citation omitted).

The mere fact that the production of records may lead to a party's embarrassment, incrimination, or exposure to further litigation will not alone compel the court to seal its records. *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1136 (9th Cir. 2003). Compelling reasons require a demonstration of something more, such as when court files have become a vehicle for improper purposes, including use of records to gratify private spite, promote public scandal, disseminate libelous statements, or circulate trade secrets. *Nixon v. Warner Commc'ns*, 435 U.S. 589, 598 (1978).

The Court has considered the Motion and the documents sought to be sealed. The Court finds that consistent with its Order, ECF No. 346, Exhibit 3 contains confidential and/or proprietary business information. Therefore, there is compelling reason to grant Defendants' Motion as to Exhibit 3 (ECF No. 348-1).

Also consistent with the Court's Order, ECF No. 346, Exhibit 10, an email chain between counsel for Plaintiffs and counsel for Defendants, contains no information that warrants sealing this document. As such Exhibit 10 (ECF No. 348-2) shall be unsealed.

Defendants' Exhibit 12 contains an email to a court in Cook County, Illinois, with heavily redacted documents. The redactions were as received by Defendants from Plaintiffs in the Illinois action. The substantial redactions eliminate the disclosure of any potentially confidential business information or information potentially protected by the attorney client privilege or the attorney work product doctrine. As such, there is no basis for sealing Exhibit No. 12 (ECF No. 348-3).

Defendants' Exhibit 13 contains a single page of a deposition that contains no privileged or confidential information. As such, there is no basis for sealing Exhibit 13.

Accordingly, IT IS HEREBY ORDERED that Defendants' Motion for Leave to File Exhibits Under Seal (ECF No. 348) is GRANTED in part and DENIED in part.

IT IS FURTHER ORDERED that Exhibit 3 (ECF No. 348-1) shall remain sealed.

1      IT IS FURTHER ORDERED that Exhibits 10, 12, and 13 contain no privileged or

2   confidential information, and nothing the Court can discern that is potentially privileged or

3   confidential.  As such Exhibit 10, 12, and 13 (ECF Nos. 348-2, 348-3, and 348-4, respectively) are

4   unsealed.

5      DATED:  May 11, 2020

6

7   _____

8   ELAYNA J. YOUCHAH
    UNITED STATES MAGISTRATE JUDGE

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28