UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| NEWMARK GROUP, INC., G&E ACQUISITION COMPANY, LLC and BGC REAL ESTATE OF NEVADA, LLC<br><br>Plaintiff,<br><br>v.<br><br>AVISON YOUNG (CANADA) INC.; AVISON YOUNG (USA) INC.; AVISON YOUNG-NEVADA, LLC, MARK ROSE, THE NEVADA COMMERCIAL GROUP, JOHN PINJUV, and JOSEPH KUPIEC; DOES 1 through 5; and ROE BUSINESS ENTITIES 6 through 10,<br><br>Defendants. | Case No. 2:15-cv-00531-RFB-EJY<br><br>**ORDER** |

Before the Court is Plaintiffs' Response to April 30, 2020 Order Regarding Exhibit 9 To Plaintiffs' Motion for Protective Order (ECF No. 298), docketed as ECF No. 362. Plaintiffs seek to withdraw Exhibit 9 originally submitted under seal and in support of ECF No. 298 and replace the exhibit with a version containing one of five invoices previously submitted, with a single redaction of an entry made on October 26, 2012 by Brian Harvey. Plaintiffs assert that the single entry they seek to redact contains attorney work product that is properly maintained under seal.

As the party seeking to seal a judicial record, Plaintiffs must meet their burden of overcoming the strong presumption in favor of access and public policies favoring disclosure. *Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006). Apropos of the instant Motion, the court, in *U.S. EEOC v. Pioneer Hotel, Inc.*, Case No. 2:11-cv-1588-LRH-GWF, 2014 WL 4987418, at \*4 (D. Nev. Oct. 6, 2014), distinguished between two types of work product: "Opinion work product includes counsel's mental impressions, conclusions, opinions or legal theories. Ordinary work product is not discoverable unless the party seeking discovery has a substantial need for materials and the party cannot obtain the substantial equivalent by other means. In contrast, opinion work product enjoys almost absolute immunity and can be discovered only in very rare and

1  extraordinary circumstances, such as when the material demonstrates that an attorney has engaged
2  in illegal conduct or fraud. *Id*. (quoting *Baker v. General Motors Corp.*, 209 F.3d 1051, 1054 (8th
3  Cir.2000)).  Here, Plaintiffs do not address the type of work product at issue, but the Court accepts
4  that the single entry, broadly interpreted, qualifies as ordinary work product and the redaction of that
5  entry will have no impact on the parties' ability to review and consider the evidence.

6   Accordingly, IT IS HEREBY ORDERED that the request in Plaintiffs' Response to April
7  30, 2020 Order Regarding Exhibit 9 To Plaintiffs' Motion for Protective Order (ECF No. 298),
8  docketed as ECF No. 362, is GRANTED.

9   IT IS FURTHER ORDERED that the original Exhibit 9, submitted under seal in ECF No.
10  300, shall be struck from the record.

11   IT IS FURTHER ORDERED that Plaintiffs may file the proposed new Exhibit 9 in support
12  of ECF No. 298, with the proposed redaction, in the public record.

13   DATED: May 12, 2020

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE