UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| NEWMARK GROUP, INC., G&E ACQUISITION COMPANY, LLC and BGC REAL ESTATE OF NEVADA, LLC<br><br>Plaintiffs,<br><br>v.<br><br>AVISON YOUNG (CANADA) INC.; AVISON YOUNG (USA) INC.; AVISON YOUNG-NEVADA, LLC, MARK ROSE, THE NEVADA COMMERCIAL GROUP, JOHN PINJUV, and JOSEPH KUPIEC; DOES 1 through 5; and ROE BUSINESS ENTITIES 6 through 10,<br><br>Defendants. | Case No. 2:15-cv-00531-RFB-EJY<br><br>**ORDER** |

Before the Court is Plaintiffs' Motion for Leave to Seal and Redact Exhibits to Plaintiffs' Supplemental Brief in Support of Motion for Protective Order Regarding Goodwin Procter Materials (ECF No. 384).

As explained in *Kamakana v. City and County of Honolulu*, 447 F.3d 1172 (9th Cir. 2006), courts generally recognize a "right to inspect and copy public records and documents, including judicial records and documents." *Id*. at 1178 *citing Nixon v. Warner Commc'ns, Inc.,* 435 U.S. 589, 597 & n. 7 (1978). This right is justified by the interest of citizens who "keep a watchful eye on the workings of public agencies." *Id*. As Plaintiffs know, a party seeking to file a document under seal must file a motion to seal and must comply with the Ninth Circuit's directives in *Kamakana*. A party seeking to maintain the secrecy of documents attached to dispositive motions must show compelling reasons sufficient to overcome the presumption of public access. *Id.* If a sealing order is permitted, it must be narrowly tailored. *Press–Enterprise Co. v. Superior Ct. of Cal., Riverside Cty.*, 464 U.S. 501, 512 (1984). When a document is attached to a non-dispositive motion, which is the case here, the "public policies that support the right of access to dispositive motions … do not apply with equal force . . . ." *Kamakana*, 447 F.3d at 1179 (citation omitted). "Thus a particularized showing, under

1

the good cause standard of Rule 26(c), will suffice to warrant preserving the secrecy of sealed discovery material attached to non-dispositive motions." *Id.* at 1180 (citations, quotation marks and brackets omitted).

Here, Plaintiffs have demonstrated good cause for filing each of the following Exhibits under seal: Exhibits 1 and 2 to the Declaration of Stephen M. Merkel; Exhibits 3 and 4 to the Declaration of Andrew A. Weidhaas; Exhibits 1 and 2 to the Declaration of Charles Edelman; and, Exhibit 4 to Plaintiffs' Supplement Brief. Each exhibit contains one or more of the following: information protected by the attorney work product; attorney client privileged communications; confidential information; or, proprietary information the public disclosure of which could result in misuse that would harm Plaintiffs.

The Court further approves the filing of Exhibit 5 to the Declaration of Mr. Weidhaas in its redacted form as ordered in ECF No. 368.

Accordingly,

IT IS HEREBY ORDERED that Plaintiffs' Motion for Leave to Seal and Redact Exhibits to Plaintiffs' Supplemental Brief in Support of Motion for Protective Order Regarding Goodwin Procter Materials (ECF No. 384) is GRANTED.

IT IS FURTHER ORDERED that Exhibits 1 and 2 to the Declaration of Stephen M. Merkel, Exhibits 3 and 4 to the Declaration of Andrew A. Weidhaas, Exhibits 1 and 2 to the Declaration of Charles Edelman, and Exhibit 4 to Plaintiffs' Supplement Brief shall remain sealed.

IT IS FURTHER ORDERED that Exhibit 5 to the Declaration of Mr. Weidhaas is approved, as filed, with the redaction previously ordered by the Court.

DATED: June 8, 2020

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE