UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

NEWMARK GROUP, INC., G&E
ACQUISITION COMPANY, LLC and BGC
REAL ESTATE OF NEVADA, LLC

Plaintiffs,

v.

AVISON YOUNG (CANADA) INC.;
AVISON YOUNG (USA) INC.; AVISON
YOUNG-NEVADA, LLC, MARK ROSE,
THE NEVADA COMMERCIAL GROUP,
JOHN PINJUV, and JOSEPH KUPIEC; DOES
1 through 5; and ROE BUSINESS ENTITIES
6 through 10,

Defendants.

Case No. 2:15-cv-00531-RFB-EJY

**ORDER**

Before the Court is Plaintiffs' Motion for Leave to Redact and Seal Exhibits to, and Sections of, Plaintiffs' Motion to Compel Directed to the AY Defendants, the NCG Defendants, and the Third-Party Subpoena Recipients (ECF No. 376). No response to this Motion was filed.

As explained in *Kamakana v. City and County of Honolulu*, 447 F.3d 1172 (9th Cir. 2006), courts generally recognize a "right to inspect and copy public records and documents, including judicial records and documents." *Id*. at 1178 *citing Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n. 7 (1978). This right is justified by the interest of citizens who "keep a watchful eye on the workings of public agencies." *Id*. As Plaintiffs know, a party seeking to file a document under seal must file a motion to seal and must comply with the Ninth Circuit's directives in *Kamakana*. A party seeking to maintain the secrecy of documents attached to dispositive motions must show compelling reasons sufficient to overcome the presumption of public access. *Id.* If a sealing order is permitted, it must be narrowly tailored. *Press–Enterprise Co. v. Superior Ct. of Cal., Riverside Cty.*, 464 U.S. 501, 512 (1984). When a document is attached to a non-dispositive motion, which is the case here, the "public policies that support the right of access to dispositive motions … do not apply with equal force . . . .." *Kamakana*, 447 F.3d at 1179 (citation omitted). "Thus a particularized showing, under

1

the good cause standard of Rule 26(c), will suffice to warrant preserving the secrecy of sealed discovery material attached to non-dispositive motions." *Id.* at 1180 (citations, quotation marks and brackets omitted).

The Court has reviewed the redacted and unredacted version of Plaintiffs' Motion to Compel, as well as each of the Exhibits to which Plaintiffs' instant motion to seal or redact refers. The Court finds as follows:

- Exhibit 13 contains deposition testimony of Barton Hyde. Page 58, line 20, through page 59, line 5, and page 67, line 7, through page 68, line 1 are properly sealed as these pages make reference to confidential business information the terms of which are not properly revealed to the general public. The remainder of the testimony in Exhibit 13 contains nothing that satisfies the requirements of the good cause standard established by Federal Rule of Civil Procedure 26(c) (hereinafter "Rule 26(c)"). Therefore, only the pages and lines referenced above are properly sealed.

- Exhibits 14 and 15 comprise various documents, reviewed by the Court, containing confidential and proprietary business information the secrecy of which is appropriately maintained. The Court, therefore, finds these documents are properly sealed.

- Exhibit 16 contains deposition testimony of John Pinjuv. Page 34, line 3, through page 37, line 22 are properly sealed as these pages make reference to confidential business information the terms of which are not properly revealed to the general public. The remainder of the testimony in Exhibit 16 contains nothing that satisfies the requirements of Rule 26(c). Therefore, only the pages and lines referenced above are properly sealed.

- Exhibits 2, 3, 18, and 19 contain no information the disclosure of which warrants maintaining secrecy from the public. Therefore, these Exhibits are not properly sealed under the good cause standard established by Rule 26(c).

- Exhibit 22 contains excerpts from Laurence D. Lieb's expert report produced in out-of-state, but related litigation. The Court finds paragraphs 1 through 15, and 164 do

not contain information the disclosure of which warrants maintaining secrecy from the public.  Paragraphs 156 through 163 contain sensitive information pertaining to business records produced in the related litigation that was designated as "Highly Confidential – Attorney's Eyes Only."  A review of paragraphs 156 through 163 confirmed that they are properly sealed under the good cause standard established by Rule 26(c).

- Exhibit 26 contains excerpts from the deposition of David Dworkin.  The Court finds the testimony on pages 175, lines 3-13; 178, lines 3-16; 181, lines 11-17; 182, lines 7-9; 183, lines 4-16; 184, lines 18-20; and, 185, lines 6-15 refer to clients and client relationships that are properly kept confidential from the general public.   The remainder of the testimony in Exhibit 26 contains nothing that satisfies the good cause standard established by Rule 26(c).  Therefore, only the pages and lines referenced above are properly sealed.

- Exhibit 27 contains excerpts from the deposition of Debra Sinclair.  The Court finds the testimony on pages 150-153; 339, line 25, through 343, line 13; 346, lines 21-22; 348, lines 23-25; 349, lines 14-15; 357, lines 2-18; 370, line 22, through 373, line 12; 375, lines 6-19; 377, lines 2-17; and, 381, lines 5-6 refer to clients and client relationships that are properly kept confidential from the public.  The remainder of the testimony in Exhibit 27 contains nothing that satisfies the good cause standard established by Rule 26(c).  Therefore, only the pages and lines referenced above are properly sealed.

- Exhibits 14, 15, 29, 30, and 31 comprise various documents, reviewed by the Court, containing confidential and proprietary business information the secrecy of which is appropriately maintained pursuant to Rule 26(c).  The Court, therefore, will order that these documents remain sealed.

- Plaintiffs' Motion shall be refiled removing redaction from pages 9, 10, 11, 15, and 16 as the redacted content references no confidential or proprietary information the secrecy of which is properly maintained.  The information on these pages does not

satisfy the good cause standard established by Rule 26(c).  Page 12 remains properly redacted as it references confidential and proprietary business information the secrecy of which is appropriately maintained.

Accordingly,

IT IS HEREBY ORDERED that Plaintiffs' Motion for Leave to Redact and Seal Exhibits to, and Sections of, Plaintiffs' Motion to Compel Directed to the AY Defendants, the NCG Defendants, and the Third-Party Subpoena Recipients (ECF No. 376) is GRANTED as stated above.

IT IS FURTHER ORDERED that all Exhibits and portions of Plaintiffs' Motion ordered unsealed shall remain temporarily sealed for fourteen (14) calendar days measured from the date of this Order.  This period of time is to allow the parties to submit requests for reconsideration by this Court of the Order.

IT IS FURTHER ORDERED that if no request to reconsider is received within fourteen (14) days from the date of this Order, Plaintiffs shall refile its Motion to Compel (ECF No. 374) redacting only those portions of the Motion and Exhibits consistent with the above.  Sealed and unredacted exhibits are already on file at ECF No. 375 and need not be refiled.

Dated this 9th day of June, 2020

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE