UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| NEWMARK GROUP, INC., G&E ACQUISITION COMPANY, LLC, and BGC REAL ESTATE OF NEVADA, LLC,<br><br>Plaintiffs,<br><br>v.<br><br>AVISON YOUNG (CANADA) INC.; AVISON YOUNG (USA) INC.; AVISON YOUNG-NEVADA, LLC, MARK ROSE, THE NEVADA COMMERCIAL GROUP, JOHN PINJUV, and JOSEPH KUPIEC; DOES 1 through 5; and ROE BUSINESS ENTITIES 6 through 10,<br><br>Defendants. | Case No. 2:15-cv-00531-RFB-EJY<br><br>**ORDER** |

Before the Court is Plaintiffs' Motion for Leave to Redact and Seal Exhibits to, and Sections of, Plaintiffs' Reply in Support of Plaintiffs' Motion to Compel [ECF No. 397]. ECF No. 412. No response to this Motion was filed by Defendants.

As the party seeking to seal a judicial record, Plaintiffs must meet their burden of overcoming the strong presumption in favor of access and public policies favoring disclosure. *Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006) (holding that those who seek to maintain the secrecy of documents attached to dispositive motions must meet the high threshold of showing that "compelling reasons" support secrecy). However, where a party seeks to seal documents attached to a non-dispositive motion, the "public policies that support the right of access to dispositive motions … do not apply with equal force … ." *Kamakana*, 417 F.3d at 1179 (citation omitted).

The mere fact that the production of records may lead to a party's embarrassment, incrimination, or exposure to further litigation will not alone compel the court to seal its records. *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1136 (9th Cir. 2003). Compelling reasons require a demonstration of something more, such as when court files have become a vehicle

for improper purposes, including use of records to gratify private spite, promote public scandal, disseminate libelous statements, or circulate trade secrets. *Nixon v. Warner Commc'ns*, 435 U.S. 589, 598 (1978).

The Court considered the Motion and the documents sought to be sealed. The Court finds Exhibits 1 (and its subparts), 3, 4, 5, 6, and 7 are properly sealed.

The Court further finds Exhibits 2 and 8 contain no information that warrants sealing.

Accordingly, IT IS HEREBY ORDERED that Plaintiffs' Motion for Leave to Redact and Seal Exhibits to, and Sections of, Plaintiffs' Reply in Support of Plaintiffs' Motion to Compel [ECF No. 397] (ECF No. 412) is GRANTED in part and DENIED in part.

IT IS FURTHER ORDERED that Exhibits 1, 3, 4, 5, 6, and 7 shall remain sealed. Pages in Plaintiff's Reply (ECF No. 410) that are redacted based on reference to these Exhibits or the contents thereof shall remain redacted.

IT IS FURTHER ORDERED that because the Court finds Exhibits 2 and 8 contain no information that warrants sealing, the Court shall temporarily maintain these documents as sealed providing the parties through and including December 21 to submit additional information and argument should either or any party wish to have the Court reconsider its conclusion regarding these Exhibits. If nothing additional is submitted, these Exhibits shall be unsealed on December 22, 2020, and Plaintiffs shall resubmit its Reply in Support of the Motion to Compel (ECF No. 410) removing redactions referencing these Exhibits or the contents thereof.

DATED: December 11, 2020

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE