Todd L. Bice, Esq., Bar No. 4534
**Pisanelli Bice PLLC**
400 South 7th Street, Suite 300
Las Vegas, Nevada 89101
Telephone: (702) 214-2100
Facsimile: (702) 214-2101
tlb@pisanellibice.com

Tina B. Solis, Illinois Bar No. 6242461
Seth A. Horvath, Illinois Bar No. 6283110
**Nixon Peabody LLP**
70 W. Madison Street, Suite 3500
Chicago, Illinois 60602
Telephone: (312) 977-4400
Facsimile: (844) 560-8137
tbsolis@nixonpeabody.com
sahorvath@nixonpeabody.com
(admitted pro hac vice)

*Attorneys for Plaintiffs Newmark Group Inc.,*
*G&E Acquisition Company LLC, and BGC Real*
*Estate of Nevada LLC*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| NEWMARK GROUP INC., G&E ACQUISITION COMPANY LLC, and BGC REAL ESTATE OF NEVADA LLC, | CASE NO.: 2:15–cv–00531–RFB–GWF |
| Plaintiffs, | |
| v. | **STIPULATION TO EXTEND DEADLINES IN JUNE 1, 2020, SCHEDULING ORDER (ECF NO. 378)** |
| AVISON YOUNG (CANADA) INC., AVISON YOUNG (USA) INC., AVISON YOUNG–NEVADA LLC, MARK ROSE, THE NEVADA COMMERCIAL GROUP, JOHN PINJUV, JOSEPH KUPIEC, DOES 1 through 5, and ROE BUSINESS ENTITIES 6 through 10. | |
| Defendants. | |

Plaintiffs Newmark Group Inc., G&E Acquisition Company LLC, and BGC Real Estate of

Nevada, through their counsel, and Defendants Avison Young (Canada) Inc., Avison Young (USA)

Inc., Avison Young–Nevada LLC, Mark Rose, Joseph Kupiec, John Pinjuv, and The Nevada

Commercial Group, through their counsel (together, the "Parties"), jointly submit the following

stipulation to extend the deadlines in the scheduling order entered on June 1, 2020 (the "Scheduling Order") (ECF No. 378):

1.      On June 1, 2020, the Court entered the Parties' Stipulation to Extend Deadlines in April 24, 2020, Order (the "Scheduling Order"). (ECF No. 339.)

2.      At the time the stipulation was entered, Plaintiffs' Motion for Protective Order (ECF No. 298) and Plaintiffs' Motion to Compel Directed to the AY Defendants, the NCG Defendants, and the Third-Party Subpoena Recipients (ECF No. 374 (refiled as ECF No. 395)) were pending before the Court.

3.      At a telephonic hearing on June 10, 2020, the Court heard Plaintiffs' Motion for Protective Order. (ECF No. 389.)

4.      On September 1, 2020, Plaintiffs filed their Motion to Compel the AY Defendants and the NCG Defendants to (I) Search Additional Sources of ESI, (II) Produce "AY University" Documents, (III) Produce Documents Improperly Included in the AY Defendants' Clawback Request, (IV) Produce Documents Improperly Withheld as Privileged, and (V) Provide an Adequate Forensic Report (the "Motion to Compel Directed to the AY Defendants and NCG Defendants"), which has now been fully briefed and argued. (ECF Nos. 397, 406, 410.)

5.      On September 14, 2020, the Court entered an order on Plaintiffs' Motion for Protective Order. (ECF No. 402.)

6.      At a Zoom hearing on October 13, 2020, the Court entered rulings on Plaintiffs' Motion to Compel Directed to the AY Defendants, the NCG Defendants, and the Third-Party Subpoena Recipients. (ECF No. 414.)

7.      On October 28, 2020, Defendants filed their First Motion to Compel directed to Plaintiffs, which has now been fully briefed and argued. (ECF No. 416.)  Collectively, Plaintiffs' Motion to Compel Directed to the AY Defendants and NCG Defendants and Defendants' First Motion to Compel are referred to herein as the "Motions to Compel."  On or about December 16,

2020, the Court heard oral argument on the Motions to Compel and ordered both parties to produce additional materials. The Parties have agreed to the following extensions of the deadlines set forth in the current Scheduling Order:

       a.      All document productions are to be completed within 60 days of the Court's entry of an order approving this stipulation.

       b.      The Parties shall have 30 days after the document-production deadline to review each other's productions in advance of the remaining depositions in this matter and to coordinate the schedules of their witnesses in preparation for the depositions. The period for completing fact depositions will run for 120 days from the deadline for reviewing document productions.

       c.      Initial expert disclosures in accordance with Federal Rule of Civil Procedure 26 shall be made within 60 days after the deadline for completing fact depositions. Rebuttal expert disclosures are due 30 days after the deadline for completing initial expert disclosures.

       d.      Expert depositions are to be completed within 30 days after the deadline for completing rebuttal expert disclosures.

       e.      The deadline for dispositive motions is 45 days after the deadline for completing expert depositions.

       f.      The joint pretrial report shall be filed within 60 days after the Court's decision on dispositive motions.

       8.      The Parties do not seek appointment of a Special Master at this time. In the event that a Special Master is later appointed in this case to address any discovery issues, the Parties reserve their rights to have the Special Master review those documents identified by the Court at

the hearing on the Motions to Compel to be submitted (at the moving party's election) to a Special Master.

9.      This stipulated extension is requested in good faith and made with good cause. The ongoing COVID-19 pandemic has continued to impose significant disruptions to ordinary business activities of all Parties and counsel. The Parties have engaged in a collaborative and cooperative effort to identify a reasonable time frame to complete discovery. This stipulated extension is not intended to delay or inconvenience the Court, but rather seeks to promote judicial economy and minimize the need for unnecessary court intervention.

10.     The Parties anticipate that this will be the last extension necessary to complete discovery, but out of an abundance of caution, they reserve their rights to request an additional extension of the deadlines set forth above upon a showing of good cause to the Court.

11.     The Parties further stipulate that, in lieu of utilizing the ten-deposition limitation reflected in Federal Rule of Civil Procedure 30(a)(1)(A)(i), each side shall have a total of 70 hours to complete fact depositions. Plaintiffs' 70-hour total shall be reduced by the number of hours already spent on the record to conduct the depositions of John Pinjuv, Barton Hyde, Debra Sinclair, and David Dworkin. Each party may allocate its time as it sees fit, but no one deposition shall exceed seven hours on the record.

**IT IS SO ORDERED; provided, however, that the parties shall file a status report within 10 days of the completion of all discovery providing a date certain for the filing of dispositive motions, oppositions, and replies.**

_____

**U.S. MAGISTRATE JUDGE**

Submitted: January 8, 2021

**Dated:  January 11, 2021**

Agreed to by:

| | |
|---|---|
| By:  _/s/ Tina B. Solis_ | By:  _/s/ Nathaniel J. Kritzer_ |
| Todd L. Bice, Esq., Bar No. 4534<br>**Pisanelli Bice PLLC**<br>400 South 7th Street, Suite 300<br>Las Vegas, Nevada 89101<br>Telephone: (702) 214-2100<br>Facsimile: (702) 214-2101<br>tlb@pisanellibice.com | Robert S. Larsen<br>Wing Y. Wong<br>**Gordon & Rees Scully Mansukhani LLP**<br>300 S. 4th St., Suite 1550<br>Las Vegas, Nevada 89101<br>Tel. (702) 577-9301<br>Fax. (702) 255-2858<br>rlarsen@grsm.com<br>wwong@grsm.com |
| Tina B. Solis (pro hac vice)<br>Seth A. Horvath (pro hac vice)<br>**Nixon Peabody LLP**<br>70 West Madison Street, Suite 3500<br>Chicago, Illinois 60602<br>tbsolis@nixonpeabody.com<br>sahorvath@nixonpeabody.com | Nathaniel J. Kritzer (pro hac vice)<br>**Steptoe & Johnson LLP**<br>Firm ID No. 43315<br>1114 6th Avenue<br>New York, NY 10036<br>nkritzer@steptoe.com |
| _Attorneys for Plaintiffs Newmark Group Inc., G&E Acquisition Company LLC, and BGC Real Estate of Nevada LLC_ | _Attorneys for Defendants Avison Young (Canada) Inc., Avison Young (USA) Inc., Avison Young–Nevada LLC, Mark Rose, Joseph Kupiec, The Nevada Commercial Group LLC, and John Pinjuv_ |