UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| NEWMARK GROUP, INC., G&E ACQUISITION COMPANY, LLC, and BGC REAL ESTATE OF NEVADA, LLC,<br><br>Plaintiffs,<br><br>v.<br><br>AVISON YOUNG (CANADA) INC.; AVISON YOUNG (USA) INC.; AVISON YOUNG-NEVADA, LLC, MARK ROSE, THE NEVADA COMMERCIAL GROUP, JOHN PINJUV, and JOSEPH KUPIEC; DOES 1 through 5; and ROE BUSINESS ENTITIES 6 through 10,<br><br>Defendants. | Case No. 2:15-cv-00531-RFB-EJY<br><br>**ORDER** |

Before the Court is Plaintiffs' Motions for Leave to Seal Exhibits to Plaintiff's Motion for Leave to (1) Reopen Written Discovery to Issue Supplemental Interrogatories and Document Requests Regarding Newly Discovered Evidence and (2) Depose Kimberly Krugman without Reducing Their Allotted Deposition Time. ECF Nos. 452 and 453. No opposition to this Motion was filed.

As the party seeking to seal a judicial record, Plaintiffs must meet their burden of overcoming the strong presumption in favor of access and public policies favoring disclosure. *Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006) (holding that those who seek to maintain the secrecy of documents attached to dispositive motions must meet the high threshold of showing that "compelling reasons" support secrecy). However, where a party seeks to seal documents attached to a non-dispositive motion, the "public policies that support the right of access to dispositive motions … do not apply with equal force … ." *Kamakana*, 417 F.3d at 1179 (citation omitted).

The mere fact that the production of records may lead to a party's embarrassment, incrimination, or exposure to further litigation will not alone compel the court to seal its

1

records.  *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1136 (9th Cir. 2003).  Compelling reasons require a demonstration of something more, such as when court files have become a vehicle for improper purposes, including use of records to gratify private spite, promote public scandal, disseminate libelous statements, or circulate trade secrets.  *Nixon v. Warner Commc'ns*, 435 U.S. 589, 598 (1978).

The Court considered Plaintiffs' Motion and the documents sought to be sealed.  The Court finds Exhibits 15, 18, 19, and 20 are properly sealed.  The exhibits contain confidential and proprietary information the disclosure of which may lead to misuse and harm to the parties.

Accordingly, IT IS HEREBY ORDERED that Plaintiffs' Motions for Leave to Seal Exhibits to Plaintiff's Motion for Leave to (1) Reopen Written Discovery to Issue Supplemental Interrogatories and document Requests Regarding Newly Discovered Evidence and (2) Depose Kimberly Krugman without Reducing Their Allotted Deposition Time (ECF Nos. 452 and 453) are GRANTED.

IT IS FURTHER ORDERED that Exhibits 15, 18, 19, and 20 to Plaintiff's Motion for Leave to Reopen Written Discovery and Depose Kimberly Krugman (ECF No. 451) shall remain sealed.

DATED this 24th day of June, 2021.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE

2