|     |     |
| --- | --- |
| UNITED STATES DISTRICT COURT | |
| DISTRICT OF NEVADA | |
| * * * | |
| NEWMARK GROUP, INC., G&E ACQUISITION COMPANY, LLC, and BGC REAL ESTATE OF NEVADA, LLC,<br><br>Plaintiffs,<br><br>v.<br><br>AVISON YOUNG (CANADA) INC.; AVISON YOUNG (USA) INC.; AVISON YOUNG-NEVADA, LLC, MARK ROSE, THE NEVADA COMMERCIAL GROUP, JOHN PINJUV, and JOSEPH KUPIEC; DOES 1 through 5; and ROE BUSINESS ENTITIES 6 through 10,<br><br>Defendants. | Case No. 2:15-cv-00531-RFB-EJY<br><br>**ORDER** |

Before the Court is Plaintiffs' Motions for Leave to Seal Exhibits to, and Redact Sections of, Plaintiffs' Motion for Leave to File Third Amended Complaint. ECF No. 459.

As the party seeking to seal a judicial record, Plaintiffs must meet their burden of overcoming the strong presumption in favor of access and public policies favoring disclosure. *Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006) (holding that those who seek to maintain the secrecy of documents attached to dispositive motions must meet the high threshold of showing that "compelling reasons" support secrecy). However, where a party seeks to seal documents attached to a non-dispositive motion, the "public policies that support the right of access to dispositive motions … do not apply with equal force …." *Kamakana*, 417 F.3d at 1179 (citation omitted).

The mere fact that the public release of documents may lead to a party's embarrassment, incrimination, or exposure to further litigation will not alone compel the court to seal its records. *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1136 (9th Cir. 2003). Compelling reasons require a demonstration of something more, such as when court files have become a vehicle for improper purposes, including use of records to gratify private spite, promote public scandal,

1

disseminate libelous statements, or circulate trade secrets. *Nixon v. Warner Commc'ns*, 435 U.S. 589, 598 (1978).

The Court considered Plaintiffs' Motion and the documents sought to be sealed. The Court finds Exhibits 2, 23, 24, 25, 26, 28, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 53, 55, 56, and 58 are properly sealed. The Exhibits contain confidential and proprietary information the disclosure of which may lead to misuse and harm to the parties.

The Court has also considered and finds well supported Plaintiffs' request to provisionally seal Exhibit 57 pending discussions with Defendants, and to redact references to information derived from these exhibits on pages 9, 10, and 13 of its publicly filed Motion for Leave to File Third Amended Complaint.

Accordingly, IT IS HEREBY ORDERED that Plaintiffs' Motions for Leave to Seal Exhibits to, and Redact Sections of, Plaintiffs' Motion for Leave to File Third Amended Complaint (ECF No. 459) is GRANTED.

IT IS FURTHER ORDERED that Exhibits 2, 23, 24, 25, 26, 28, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 53, 55, 56, and 58 to Plaintiffs' Motion for Leave to File Third Amended Complaint are properly sealed and shall remain sealed.

IT Is FURTHER ORDERED that Plaintiffs' request to redact pages 9, 10, and 13 of its publicly filed Motion for Leave to File Third Amended Complaint shall remain redacted.

IT IS FURTHER ORDERED that Exhibit 57 to Plaintiffs' Motion for leave to File Third Amended Complaint shall remain sealed until further order of the Court.

IT IS FURTHER ORDERED that Plaintiffs and Defendants shall file a joint status report regarding Exhibit 57 and whether this document should remain sealed within ten (10) days of the date of this Order.

DATED this 24th day of June, 2021.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE