UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| NEWMARK GROUP, INC., G&E ACQUISITION COMPANY, LLC, and BGC REAL ESTATE OF NEVADA, LLC, | Case No. 2:15-cv-00531-RFB-EJY |
| Plaintiffs, | |
| v. | **ORDER** |
| AVISON YOUNG (CANADA) INC.; AVISON YOUNG (USA) INC.; AVISON YOUNG-NEVADA, LLC, MARK ROSE, THE NEVADA COMMERCIAL GROUP, JOHN PINJUV, and JOSEPH KUPIEC; DOES 1 through 5; and ROE BUSINESS ENTITIES 6 through 10, | |
| Defendants. | |

Before the Court is Defendants' Motion for Leave to Redact Their Opposition to Plaintiffs' Emergency Motion for a 45-Day Extension of Expert Discovery Deadlines (ECF No. 507).

As the party seeking to seal a judicial record, Defendants must meet their burden of overcoming the strong presumption in favor of access and public policies favoring disclosure. *Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006) (holding that those who seek to maintain the secrecy of documents attached to dispositive motions must meet the high threshold of showing that "compelling reasons" support secrecy). However, where a party seeks to seal documents attached to a non-dispositive motion, the "public policies that support the right of access to dispositive motions … do not apply with equal force …." *Kamakana*, 417 F.3d at 1179 (citation omitted).

The mere fact that the production of records may lead to a party's embarrassment, incrimination, or exposure to further litigation will not alone compel the court to seal its records. *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1136 (9th Cir. 2003). Compelling reasons require a demonstration of something more, such as when court files have become a vehicle for improper purposes, including use of records to gratify private spite, promote public scandal,

disseminate libelous statements, or circulate trade secrets.  *Nixon v. Warner Commc'ns*, 435 U.S. 589, 598 (1978).

The Court considered Defendants' Motion and the document sought to be sealed.  The Court finds Exhibit A is properly sealed as it contains confidential and/or proprietary business information.

Accordingly, IT IS HEREBY ORDERED that Defendants' Motion for Leave to Redact Their Opposition to Plaintiffs' Emergency Motion for a 45-Day Extension of Expert Discovery Deadlines (ECF No. 507) is GRANTED.

IT IS FURTHER ORDERED that Exhibit A to Defendants' Opposition to Plaintiffs' Emergency Motion for a 45-Day Extension of Expert Discovery Deadlines (ECF No. 506) shall remain sealed.  Pages in Defendants' Opposition that are redacted based on reference to or the contents of Exhibit A shall remain redacted.

DATED this 6th day of October, 2021.

ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE