UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| NEWMARK GROUP, INC., G&E ACQUISITION COMPANY, LLC, and BGC REAL ESTATE OF NEVADA, LLC,<br><br>Plaintiffs,<br><br>v.<br><br>AVISON YOUNG (CANADA) INC.; AVISON YOUNG (USA) INC.; AVISON YOUNG-NEVADA, LLC, MARK ROSE, THE NEVADA COMMERCIAL GROUP, JOHN PINJUV, and JOSEPH KUPIEC; DOES 1 through 5; and ROE BUSINESS ENTITIES 6 through 10,<br><br>Defendants. | Case No. 2:15-cv-00531-RFB-EJY<br><br>**ORDER** |

Before the Court is Plaintiffs' Motion for Leave to Seal Exhibit to, and Redact Sections of, Plaintiffs' Response in Opposition to Defendants' Motion for Sanctions (ECF No. 518).

As the party seeking to seal a judicial record, Plaintiffs must meet their burden of overcoming the strong presumption in favor of access and public policies favoring disclosure. *Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006) (holding that those who seek to maintain the secrecy of documents attached to dispositive motions must meet the high threshold of showing that "compelling reasons" support secrecy).  However, where a party seeks to seal documents attached to a non-dispositive motion, the "public policies that support the right of access to dispositive motions … do not apply with equal force …." *Kamakana*, 417 F.3d at 1179 (citation omitted).

The mere fact that the production of records may lead to a party's embarrassment, incrimination, or exposure to further litigation will not alone compel the court to seal its records. *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1136 (9th Cir. 2003).  Compelling reasons require a demonstration of something more, such as when court files have become a vehicle for improper purposes, including use of records to gratify private spite, promote public scandal,

1

1  disseminate libelous statements, or circulate trade secrets. *Nixon v. Warner Commc'ns*, 435 U.S.
2  589, 598 (1978).
3        The Court considered Plaintiffs' Motion and the document sought to be sealed. The Court
4  finds Exhibit 3 is properly sealed as it contains confidential and/or proprietary information. The
5  Court also finds the redactions Plaintiffs seek contain confidential and/or proprietary information,
6  the disclosure of which may lead to misuse and harm to the parties.
7        Accordingly, IT IS HEREBY ORDERED that Plaintiffs' Motion for Leave to Seal Exhibit
8  to, and Redact Sections of, Plaintiffs' Response in Opposition to Defendants' Motion for Sanctions
9  (ECF No. 518) is GRANTED.
10       IT IS FURTHER ORDERED that Exhibit 3 to Plaintiffs' Response in Opposition to
11 Defendants' Motion for Sanctions (ECF No. 516-4) shall remain sealed.
12       IT IS FURTHER ORDERED that Plaintiffs' request to redact pages 6, 9, 10, and 11 of its
13 publicly filed Response in Opposition to Defendants' Motion for Sanctions (ECF No. 516) shall
14 remain redacted.
15       DATED this 18th day of October, 2021.

ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE