UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| NEWMARK GROUP, INC., G&E ACQUISITION COMPANY, LLC, and BGC REAL ESTATE OF NEVADA, LLC,<br><br>Plaintiffs,<br><br>v.<br><br>AVISON YOUNG (CANADA) INC.; AVISON YOUNG (USA) INC.; AVISON YOUNG-NEVADA, LLC, MARK ROSE, THE NEVADA COMMERCIAL GROUP, JOHN PINJUV, and JOSEPH KUPIEC; DOES 1 through 5; and ROE BUSINESS ENTITIES 6 through 10,<br><br>Defendants. | Case No. 2:15-cv-00531-RFB-EJY<br><br>**ORDER** |

Before the Court is Defendants' Motion for Leave to Redact Defendants' Opposition to Plaintiffs' Motion for Sanctions Pursuant to Fed. R. Civ. P. 30(d)(2) and 37(d) and File Under Seal Certain Exhibits. ECF No. 525. No response to this Motion was filed.

As the party seeking to seal a judicial record, Defendants must meet their burden of overcoming the strong presumption in favor of access and public policies favoring disclosure. *Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006) (holding that those who seek to maintain the secrecy of documents attached to dispositive motions must meet the high threshold of showing that "compelling reasons" support secrecy). However, where a party seeks to seal documents attached to a non-dispositive motion, the "public policies that support the right of access to dispositive motions … do not apply with equal force … ." *Kamakana*, 417 F.3d at 1179 (citation omitted).

The mere fact that the production of records may lead to a party's embarrassment, incrimination, or exposure to further litigation will not alone compel the court to seal its records. *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1136 (9th Cir. 2003). Compelling reasons require a demonstration of something more, such as when court files have become a vehicle for

1  improper purposes, including use of records to gratify private spite, promote public scandal,
2  disseminate libelous statements, or circulate trade secrets. *Nixon v. Warner Commc'ns*, 435 U.S.
3  589, 598 (1978).
4      The Court has reviewed the redactions to Defendants' Opposition and the documents sought
5  to be sealed. The Court finds Exhibits A, B, C, and D are properly sealed. The Court further finds
6  the redactions to Defendants' Opposition to Plaintiffs' Motion for Sanctions are warranted.
7      Accordingly, IT IS HEREBY ORDERED that Defendants' Motion for Leave to Redact
8  Defendants' Opposition to Plaintiffs' Motion for Sanctions Pursuant to Fed. R. Civ. P. 30(d)(2) and
9  37(d) and File Under Seal Certain Exhibits, ECF No. 525, is GRANTED.
10      IT IS FURTHER ORDERED that Exhibits A, B, C, and D are properly, and shall remain,
11  sealed.
12      IT IS FURTHER ORDERED that Defendants' Opposition to Plaintiffs' Motion for
13  Sanctions is properly, and shall remain, redacted.
14      Dated this 21st day of October, 2021

                                    ELAYNA J. YOUCHAH
                                    UNITED STATES MAGISTRATE JUDGE