UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| NEWMARK GROUP, INC., G&E ACQUISITION COMPANY, LLC, and BGC REAL ESTATE OF NEVADA, LLC,<br><br>Plaintiffs,<br><br>v.<br><br>AVISON YOUNG (CANADA) INC.; AVISON YOUNG (USA) INC.; AVISON YOUNG-NEVADA, LLC, MARK ROSE, THE NEVADA COMMERCIAL GROUP, JOHN PINJUV, and JOSEPH KUPIEC; DOES 1 through 5; and ROE BUSINESS ENTITIES 6 through 10,<br><br>Defendants. | Case No. 2:15-cv-00531-RFB-EJY<br><br>**ORDER** |

Before the Court is Plaintiffs' Motion for Leave to Redact Sections of Plaintiffs' Reply in Support of Motion for Sanctions (ECF No. 532).

As the party seeking to seal a judicial record, Plaintiffs must meet their burden of overcoming the strong presumption in favor of access and public policies favoring disclosure. *Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006) (holding that those who seek to maintain the secrecy of documents attached to dispositive motions must meet the high threshold of showing that "compelling reasons" support secrecy). However, where a party seeks to seal documents attached to a non-dispositive motion, the "public policies that support the right of access to dispositive motions … do not apply with equal force …." *Kamakana*, 417 F.3d at 1179 (citation omitted).

The mere fact that the production of records may lead to a party's embarrassment, incrimination, or exposure to further litigation will not alone compel the court to seal its records. *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1136 (9th Cir. 2003). Compelling reasons require a demonstration of something more, such as when court files have become a vehicle for improper purposes, including use of records to gratify private spite, promote public scandal,

1

1 disseminate libelous statements, or circulate trade secrets. *Nixon v. Warner Commc'ns*, 435 U.S. 589, 598 (1978).

The Court has reviewed the redacted and unredacted version of Plaintiffs' Reply, as well as each of the Exhibits to which Plaintiffs' instant Motion refers. The Court finds that references to these Exhibits in the redacted portion of Plaintiffs' Reply are references to confidential and proprietary information, the disclosure of which may lead to misuse and harm to the parties.

Accordingly, IT IS HEREBY ORDERED that Plaintiffs' Motion for Leave to Redact Sections of Plaintiffs' Reply in Support of Motion for Sanctions (ECF No. 532) is GRANTED.

IT IS FURTHER ORDERED that pages in Plaintiffs' Reply that are redacted based on reference to or the contents of Exhibits 8, 9, 10, 11, and 12 to Plaintiffs' Motion for Sanctions are properly and shall remain redacted.

DATED this 28th day of October, 2021.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE