UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| NEWMARK GROUP, INC., G&E ACQUISITION COMPANY, LLC, and BGC REAL ESTATE OF NEVADA, LLC,<br><br>Plaintiffs,<br><br>v.<br><br>AVISON YOUNG (CANADA) INC.; AVISON YOUNG (USA) INC.; AVISON YOUNG-NEVADA, LLC, MARK ROSE, THE NEVADA COMMERCIAL GROUP, JOHN PINJUV, and JOSEPH KUPIEC; DOES 1 through 5; and ROE BUSINESS ENTITIES 6 through 10,<br><br>Defendants. | Case No. 2:15-cv-00531-RFB-EJY<br><br>**ORDER APPOINTING HON. CARL W. HOFFMAN (RET.) AS SPECIAL MASTER** |

Pursuant to Rule 53(b) of the Federal Rules of Civil Procedure, IT IS HEREBY ORDERED THAT:

*Appointment*

1. Based upon the notice to all parties provided at the January 10, 2022 hearing in this matter, and after providing the parties with an opportunity to be heard at that hearing regarding the appointment of a special master, the U.S. Magistrate Judge Carl W. Hoffman (Ret.) is appointed as the Special Master in this matter.

2. Judge Hoffman will determine (a) the "Responsiveness" (defined below) of approximately 3,700 documents found in Kim Krugman's Avison Young custodial files that have not been produced by Defendants, and (b) resolve any claims of privilege or work-product asserted by Defendants regarding those documents. Under Federal Rule of Civil Procedure 53(a)(1)(C), the Court finds that, due to the Court's other commitments, these matters cannot be effectively and timely addressed by the Court.

1

*Materials to be Provided to Special Master*

3. Within five days of the entry of this Order, or as soon thereafter as reasonably possible, the parties must provide Judge Hoffman with (a) copy of this Order, (b) a copy of the Third Amended Complaint (ECF No. 540), (c) copies of Defendants' Answers and Affirmative Defenses to the Third Amended Complaint (ECF Nos. 546 and 547), and (d) copies of the approximately 3,700 documents found in Kim Krugman's Avison Young custodial files for Judge Hoffman's review (the "Krugman Documents"). The Krugman Documents must be produced to Judge Hoffman in native format with metadata preserved.

*Commencement of Review*

4. Within five days after the entry of this Order, or as soon thereafter as Judge Hoffman is able to do so, the parties shall make arrangements to meet and confer with Judge Hoffman on an agreed-upon date. At this conference, the parties and Judge Hoffman will designate a commencement date for Judge Hoffman's review of the materials described in Paragraph 3 (the "Commencement Date") from which date the deadlines set forth below shall be calculated.

*Scope of Review*

5. Judge Hoffman will review the Krugman Documents to determine whether they are Responsive and whether they are privileged or contain attorney work-product. Judge Hoffman will make a Responsive or "Nonresponsive" (defined below) determination for each document. Documents falling within any of the following categories will be deemed Responsive for purposes of this review: (a) any document sent by, received by cc'd or bcc'd to Kim Krugman at her Grubb & Ellis email account pertaining to (i) Grubb & Ellis and/or its personnel (including independent contractors, customers, or clients) in the State of Nevada or (ii) operations or personnel in the State of Nevada even if also applicable to Grubb & Ellis operations elsewhere (such as an employee handbook or training materials) or (b) any documents about how Grubb & Ellis documents in Krugman's Avison Young custodial files were transferred from Grubb & Ellis to Avison Young. Any documents not identified as Responsive are deemed "Nonresponsive."

### *The Initial Report*

6. Within 30 days of the Commencement Date, or as soon thereafter as is reasonably possible, Judge Hoffman will generate an initial report to the parties indicating how many documents are Responsive and how many documents are Nonresponsive.

### *Objections*

7. Documents designated Responsive by Judge Hoffman will be submitted to Defendants' counsel either as a document export or by identifying each Responsive document by document identification number so that Defendants' counsel may review the Responsive documents for objections to the Responsive designation, as well as for privilege and work-product. Privileged and work-product documents may be Responsive, and should not be marked Nonresponsive because they may be so designated.

8. Upon receiving the Responsive documents, Defendants shall have fifteen days to submit written objections to the designations to Judge Hoffman for purposes of arguing that particular documents are privileged or protected by the work-product doctrine and should be withheld. To the extent Defendants assert privilege or work-product over any documents designated Responsive, Defendants shall provide a privilege log to Plaintiffs within the same fifteen day time period in which their objections to Responsive designations, if any, are due. Plaintiffs shall have ten days to submit written responses to Defendants' privilege and/or work-product designations. Defendants shall have five days to reply to Plaintiffs' responses.

### *The Final Report*

9. Judge Hoffman will consider the parties' arguments regarding Defendants' designation of Responsive documents as privileged or protected as work-product and prepare a written final report ruling on Defendants' assertions of privilege. Judge Hoffman will submit a copy of his final report to each party through counsel within twenty-one days of receiving all objections and responses described in Paragraph 8. Any extension to the twenty-one day period requested by Judge Hoffman is granted without further contact with the Court.

***Defendants' Document Production***

10. Other than to the extent there is an objection to the final report filed with the Court in accordance with Paragraph 14 below, within seven days of receiving Judge Hoffman's final report, Defendants shall produce all Responsive, nonprivileged documents to Plaintiffs. Responsive documents shall be produced together with all attachments and the document family submitted to Judge Hoffman unless a part of the document family is withheld for privilege or as work-product.

***Scope of Special Master's Authority***

11. Judge Hoffman has all the powers granted under Rule 53(c) of the Federal Rules of Civil Procedure, except that, absent a further order from the Court, Judge Hoffman's determinations are limited to the issues described herein.

***Ex Parte Communications***

12. Ex parte communications among Judge Hoffman and the parties is not permitted. Judge Hoffman may have ex parte communications with the Court.

***Filing and Service of Final Report***

13. Judge Hoffman will proceed with all reasonable diligence and will file his final report by the date described above in Paragraph 9. Judge Hoffman will serve a copy of the final report on counsel for all the parties to this action at the same time the final report is filed.

***Objections to Final Report***

14. If any party wishes to object to Judge Hoffman's final report, that party must serve and file written objections with the Court within seven days of receiving Judge Hoffman's final report.

15. Upon receiving Judge Hoffman's final report, the Court will review the final report, rule on any objection timely filed, and approve or reject the final report.

***Payment***

16.     For his services in this matter, Judge Hoffman will be paid a fee of $575 per hour. Judge Hoffman shall submit his bill to Plaintiffs. Plaintiffs will be responsible for Judge Hoffman's fees and expenses relating to the initial report and the final report.

IT IS SO ORDERED this 1st day of April, 2022.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE