UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| NEWMARK GROUP, INC., G&E ACQUISITION COMPANY, LLC, and BGC REAL ESTATE OF NEVADA, LLC,<br><br>Plaintiffs,<br><br>v.<br><br>AVISON YOUNG (CANADA) INC.; AVISON YOUNG (USA) INC.; AVISON YOUNG-NEVADA, LLC, MARK ROSE, THE NEVADA COMMERCIAL GROUP, JOHN PINJUV, and JOSEPH KUPIEC; DOES 1 through 5; and ROE BUSINESS ENTITIES 6 through 10,<br><br>Defendants. | Case No. 2:15-cv-00531-RFB-EJY<br><br>**ORDER** |

The U.S. District Court for the District of Nevada has largely adopted the hybrid lodestar/multiplier approach, used by the Supreme Court in *Hensley v. Eckerhart*, 461 U.S. 424 (1983), as the proper method for determining the amount of attorney's fees due in most actions. The lodestar/multiplier approach has two parts. First, the court determines the lodestar amount by multiplying the number of hours reasonably expended on a motion by a reasonable hourly rate. *Hensley*, 461 U.S. at 433. To get to this calculation, the party seeking an award of fees must submit evidence supporting the hours worked and the rates claimed. *Id.* The district court will then, generally, exclude from the lodestar amount hours that are not reasonably expended because they are "excessive, redundant, or otherwise unnecessary." *Id.* at 434. Second, after calculating the total amount requested, the court may adjust the lodestar upward or downward using a "multiplier" based on factors not subsumed in the initial calculation. *Blum v. Stenson*, 465 U.S. 886, 898–901 (1984) (reversing upward multiplier based on factors subsumed in the lodestar determination); *Hensley*, 461 U.S. at 434 n. 9 (noting that courts may look at "results obtained" and other factors but should consider that many of these factors are subsumed in the lodestar calculation).

I.  **Discussion**

    A.  <u>The Hourly Rate Charged</u>.

Here, the Court finds that a rate of $500 per hour for Mr. Kritzer and Mr. Goldkind is reasonable. Each of these attorneys is a partner in Steptoe & Johnson handling commercial litigation with thirteen and eighteen years of experience respectively. The litigation involving Avison Young is complex, has, in the past, involved novel areas of law, and has also been considerable. This multi-party case requires more than what might be called routine knowledge of the law. The requested hourly rate of $500 is not out of line with the upper range of prevailing rates in the District of Nevada. *Perrong v. Sperian Energy Corp.*, Case No. 2:19-cv-00115-RFB-EJY, 2020 WL 2996063, at *3 (D. Nev. June 4, 2020); *Boca Park Marketplace Syndications Grp., LLC v. Ross Dress for Less, Inc.*, Case No. 2:16-cv-01197-RFB-BNW, 2020 WL 2892586, at *3 (D. Nev. May 31, 2020); *Telasia, Inc. v. EZ Supply, Inc.*, Case No. 2:14-cv-00399-MMD-GWF, 2015 WL 2095874, at *3 (D. Nev. May 5, 2015). The requested rate for Mr. Glen, $450 per hour, is also appropriate given his thirteen years as a commercial litigator for Steptoe. The rate requested for paralegal, Ms. Iwona Kelsh, at $125 per hour, is reasonable given her experience and the nature of the case.

    B.  <u>Review of the Hours Billed</u>.

While the Court is sympathetic to Mr. Glen's need to review historic events in this dispute, the Court does not agree that Plaintiffs should bear the brunt of that time. The time spent by attorneys within the same firm communicating regarding motion practice is also not something the Court ordinarily requires an opposing party to pay for. The Court further reduces time when it finds excessiveness or redundancy.

The Court is reducing the following time billed:

| DATE | NAME | TIME | DESCRIPTION/REASON FOR DELETION |
|---|---|---|---|
| 9/9/2021 | Jeremy Goldkind | .3 | Discuss strategy for addressing 30(b)(6) approach and potential sanctions.<br>Reason: Internal communication among counsel. |
| 9/13/2021 | Jeremy Goldkind | .4 | Provide sanctions material and key case law to J. Glen to prepare motion for sanctions regarding Newmark 30(b)(6).<br>Reason: Internal communication and assistance provided by one senior lawyer to another due to lack of familiarity with issues. |

| Date | Attorney | Hours | Description |
|---|---|---|---|
| 9/14/2021 | Jeremy Goldkind | .3 | Correspond with N. Kritzer and J. Glen regarding strategy for expediting Newmark 30(b)(6) transcript for use in motion for sanctions and timing related to same.<br>Reason: Internal communication among counsel. |
| 9/15/2021 | Iwona Kelsch | .1 | Contact TSG Reporting to obtain time stamped copy of 30(b)(6) Newmark Group deposition transcript.<br>Reason: Administrative work. |
| 9/15/2021 | Jeremy Goldkind | .3 | Correspond with J. Glen regarding background materials necessary to draft motion for sanctions regarding Newmark 30 (b)(6) deposition.<br>Reason: Internal communication. |
| 9/15/2021 | Jeremy Glen | 1.0 | Review prior discovery briefs and orders.<br>Reason: Excessive because of Mr. Glen's lack of familiarity. |
| 9/17/2021<br>9/20/2021 | Jeremy Goldkind | 3.8 | Collective time spent by Jeremy Goldkind reviewing and revising the draft motion for sanctions—8.8 hours—reduced by 3.8 hours to 5 hours. |
| 9/22/2021 | Jeremy Glen | 1.0 | Reduced entry for time spent in team strategy meeting. |
| 9/22/2021 | Nathan Kritzer | 1.0 | Reduced entry for time spent in team strategy meeting. |
| 9/23/2021<br>9/24/2021<br>9/28/2021 | Jeremy Glen | 3.7 | Reduction of hours spent on reviewing and revising motion for sanctions as excessive in light of all other entries. |
| 9/24/2021 | Jeremy Goldkind | .4 | Review current draft of motion for sanctions and correspond with team regarding filing of the same.<br>Reason: Internal communication; excessive or redundant time. |
| 9/27/2021 | Iwona Kelsch | .3 | Gather information for J. Glen regarding upcoming filing of sanctions motion.<br>Reason: Excessive and administrative time. |
| 10/13/2021<br>10/14/2021<br>10/15/2021 | Jeremy Glen | 4.0 | Repeated entries for reviewing and analyzing response filed by Newmark; and outlining or highlighting issues in preparation for drafting reply. The entries on these three dates total 10.2 hours.<br>Reduced to 6 hours. |
| 10/16/2021<br>10/18/2021<br>10/18/2021<br>10/19/2021<br>10/19/2021<br>10/20/2021 | Jeremy Glen<br>Jeremy Goldkind<br>Nathan Kritzer | 4.9 | Total of 21.6 hours spent on drafting and revising the reply in support of the motion for sanctions. Time was redundant with two senior partners reviewing and revising. Hours reduced by time spent by second partner. |

The amount of time billed by Mr. Goldkind but disallowed is 5.5 hours. The amount of time billed by Mr. Glen but disallowed is 9.7 hours. The amount of time billed by Mr. Kritzer but disallowed is 1.0 hours. The amount of time billed by Ms. Kelsch but disallowed is 0.4 hours. Messrs Glen, Goldkind, and Krtizer collectively billed 4.9 hours that is disallowed by the Court. The Court applies the average of the hourly rates (not weighted) to this time; that is, $475 per hour.

3

$500 per hour x 6.5 hours for Messrs. Goldkind and Kritzer = $3,250.00

$450 per hour x 9.7 hours for Mr. Glen = $4,365.00

$500 per hour x 1.0 hour for Mr. Kritzer = $500.00

$125 per hour x .4 hours for Ms. Kelsch = $50.00

$475 per hour x 4.9 hours for Messrs. Glen, Goldkind, and Kritzer = $2,327.50

No costs are requested. The total amount disallowed by the Court is $10,492.50. The fees requested are reduced to $31,447.50.

**II.     Order**

Accordingly, IT IS HEREBY ORDERED that attorney's fees are granted in favor of Defendants to be paid by Plaintiffs in the amount of $31,447.50.

IT IS FURTHER ORDERED that Plaintiffs shall pay this amount to Defendants, through counsel, within thirty (30) days of the date of this Order.

DATED this 1st day of April, 2022.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE