Hon. Carl W. Hoffman Jr. (Ret.)
JAMS
7160 Rafael Rivera Way
Suite 400
Las Vegas, NV 89113

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| NEWMARK GROUP, INC., G&E ACQUISITION COMPANY, LLC, BGC REAL ESTATE OF NEVADA, LLC | Case No. 2:15-cv-00531-RFB-EJY |
| Plaintiffs, | SPECIAL MASTER'S FINAL REPORT |
| vs. | |
| AVISON YOUNG (CANADA) INC.; AVISION YOUNG-NEVADA, LLC, MARK ROUSE, THE NEVADA COMMERCIAL GROUP, JOHN PINJUV, JOSEPH KUPIEC, DOES 1 – 5, ROE BUSINESS ENTITIES 6 – 10, | |
| Defendants | |

On April 1, 2022, the Court appointed the undersigned as Special Master to determine the responsiveness of approximately 3,700 electronically filed documents found in Kim Krugman's Avison Young custodial files that have not been produced by Defendants, and to resolve claims of privilege or work-product asserted by Defendants regarding those documents.  (ECF No. 578).  Pleadings were provided as required by the Order, and on April 14, 2022, the electronic files were provided by Defendants.  After conducting a limited review to develop familiarity with the files, a conference call was convened with the parties on April 28, 2022.  Details of the pleadings were reviewed, and key Nevada Avison Young personnel and

business entities were identified to aid the review.   The commencement date for the review was established as April 14, 2022, when the files were received, and the Initial Report was provided to the parties within the 30 day timeline set by the Court, on May 9, 2022.

The Initial Report indicated that, applying the criteria established by the Court to determine whether documents are responsive, and after review of each of the 3,946 files produced by Defendants, 91 files were deemed to be Responsive.  The electronic zipped file containing Responsive documents was provided to Defendants (only) for review on about May 9, 2022.

Defendants reviewed the Responsive documents report and timely provided objections to 48 of the 91 documents deemed Responsive.  Upon reconsideration, on June 14, 2022, Defendant's objections were sustained as to 17 documents, leaving a total of 74 documents to be provided to Plaintiffs, subject to assertions of privilege.[1]

Meanwhile, on May 24, 2022, as directed by the Court, Defendants timely produced a privilege log to Plaintiffs which designated a total of 14 documents as privileged. Plaintiffs timely submitted written responses to the privilege designations on June 3, 2022, and Defendant timely replied on June 8, 2022.  Of the 14 documents identified by Defendants as privileged, numbers 1-6 and 13-14 were subsequently deemed non-responsive upon

_____

[1] On June 15, 2022, Defendants identified an administrative error which resulted in the removal of one document, and addition of one document to the Responsive list.  On June 16, 2022, Defendant identified typographical errors in some control numbers, but these errors did not impact the Special Master's ability to access, identify, or reconsider the challenged documents.

reconsideration[2] on June 14, 2022, and therefore the issue of whether those documents are privileged is moot.

Defendants argue that documents 7-12 are privileged.  A client has a privilege to refuse to disclose, and to prevent any other person from disclosing, confidential communications between the client and his lawyer made for the purpose of facilitating the rendition of professional legal services to the client.  *See* Nev. Rev. Stat. § 49.095.

Documents 7-12 are Responsive because they pertain to operations or personnel in the State of Nevada.   The privilege log adequately identifies the documents.  Contrary to Plaintiff's arguments, Krugman did not send, receive, or receive copies of the emails using her Grubb & Ellis email address.   At the time of the emails, Ms. Krugman had been Avison Young's legal counsel for about a year.   Documents 7-9 are duplicates of 10-12, resulting in only three documents that require substantive review.    Documents 7 and 10 are identical email exchanges between Ms. Krugman from her Avison Young email address, in her capacity as legal counsel, to Avison Young employees discussing the broker licensure process.   Documents 8 and 9, identical to documents 11 and 12, are exemplar documents regarding licensure which were attached to and referred to in documents 7 and 10, and were provided as part of Krugman's legal advice.

---

[2]  Most of these documents which were originally deemed responsive, but on reconsideration found non-responsive, were a string of (duplicative) emails among Avison Young employees and Krugman which discussed the transition of a non-Nevada broker from Grubb & Ellis to Avison Young.  Even if responsive, the communications were clearly privileged because they sought Krugman's legal advice on making the transition, and did not involve G&E documents or information, or advance AY's interests to the detriment of G&E.

Understandably, because they have not seen the documents, Plaintiffs are at a disadvantage to make arguments about whether the documents are privileged.  In response to their general arguments, these documents are not Grubb and Ellis documents or information.  These documents do not advance Avison Young's interest to the detriment of Grubb & Ellis interests.  Nor are the crime-fraud and fiduciary-duty exceptions to the attorney-client privilege implicated.  There is no confidential Grubb & Ellis information in those documents.  None of the documents pertain to the AY University.  The emails involve legal discussions among Avison Young employees regarding Avison Young issues.  Accordingly, documents 7-12 are privileged communications, and Defendant's objections to their production based upon privilege are sustained.

This is the Special Master's Final Report.  As required by the Court's order, objections to this report must be served and filed with the Court within seven days.  Absent an objection to the Court, within seven days, Defendants shall produce the 74 documents previously identified as Responsive, except Privilege Log documents 7-12.

Dated this 17th day of June, 2022.


Hon. Carl W. Hoffman, Jr. (Ret.)
Special Master

4