UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| NEWMARK GROUP, INC., G&E ACQUISITION COMPANY, LLC, and BGC REAL ESTATE OF NEVADA, LLC,<br><br>Plaintiffs,<br><br>v.<br><br>AVISON YOUNG (CANADA) INC.; AVISON YOUNG (USA) INC.; AVISON YOUNG-NEVADA, LLC, MARK ROSE, THE NEVADA COMMERCIAL GROUP, JOHN PINJUV, and JOSEPH KUPIEC; DOES 1 through 5; and ROE BUSINESS ENTITIES 6 through 10,<br><br>Defendants. | Case No. 2:15-cv-00531-RFB-EJY<br><br>**ORDER** |

Pending before the Court is the Letter to Magistrate Judge … Regarding Responsiveness Objections to the Special Master's Final Report. ECF No. 586. The Court has considered the Letter as well as Plaintiff's Response (ECF No. 590).

In sum, the Letter argues that 31 documents designated by the Special Master as responsive under his appointment are, in fact, nonresponsive. ECF No. 586. Plaintiffs argue that "[d]ocuments … the Special Master identified as 'Responsive' are relevant to this case." ECF No. 590 at 3. Plaintiffs cite the broad scope of discovery and the "liberal discovery principles of the Federal Rules." *Id*. at 2-3.

The scope of discovery for purposes of the Special Master review was defined in the Order of Appointment. ECF No. 578. Paragraph 5 states:

> Judge Hoffman will review the Krugman Documents to determine whether they are Responsive and whether they are privileged or contain attorney work-product. Judge Hoffman will make a Responsive or "Nonresponsive" (defined below) determination for each document. Documents falling within any of the following categories will be deemed Responsive for purposes of this review: (a) any document sent by, received by cc'd or bcc'd to Kim Krugman at her Grubb & Ellis email account pertaining to (i) Grubb & Ellis and/or its personnel (including independent contractors, customers, or clients) in the State of Nevada or (ii) operations or personnel in the State of Nevada

1

    even if also applicable to Grubb & Ellis operations elsewhere (such as an employee handbook or training materials) or (b) any documents about how Grubb & Ellis documents in Krugman's Avison Young custodial files were transferred from Grubb & Ellis to Avison Young. Any documents not identified as Responsive are deemed "Nonresponsive."

*Id*. The undersigned, who is thoroughly versed in the facts of this dispute, reviewed each page of the 31 documents in dispute. None of the documents, nor any portion of any one or more pages of any of the documents, falls within the definition of "Responsive" established for the Special Master's review. None of the documents pertain to "Grubb & Ellis and/or its personnel (including independent contractors, customers, or clients) in the State of Nevada or … operations or personnel in the State of Nevada even if also applicable to Grubb & Ellis operations elsewhere." None of the documents address "how Grubb & Ellis documents in Krugman's Avison Young custodial files were transferred from Grubb & Ellis to Avison Young." While the Court understands discovery is generally broad, the breadth of discovery addressed by Judge Hoffman as a special master was expressly defined.

    Accordingly, IT IS HEREBY ORDERED that Defendants' objection to the Special Master's designation of the 31 at-issue documents as "Responsive" is SUSTAINED. These documents will not be produced. Each and all, whether in whole or in part, fail to meet the definition of "Responsive" established by the Appointment of the Special Master.

    DATED this 30th day of July, 2022.

ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE