UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| NEWMARK GROUP, INC., G&E ACQUISITION COMPANY, LLC, and BGC REAL ESTATE OF NEVADA, LLC,<br><br>Plaintiffs,<br><br>v.<br><br>AVISON YOUNG (CANADA) INC.; AVISON YOUNG (USA) INC.; AVISON YOUNG-NEVADA, LLC, MARK ROSE, THE NEVADA COMMERCIAL GROUP, JOHN PINJUV, and JOSEPH KUPIEC; DOES 1 through 5; and ROE BUSINESS ENTITIES 6 through 10,<br><br>Defendants. | Case No. 2:15-cv-00531-RFB-EJY<br><br>**ORDER** |

Pending before the Court is Defendants' Motion for Leave to Redact Defendants' Motion for Sanctions … and File Under Seal Certain Exhibits (ECF No. 597). The Court reviewed the documents presently filed under seal and found there are over 2,000 pages. The Court cannot expend its limited judicial resources to review each of these pages. Moreover, as the parties know, the marking of a document as confidential or highly confidential does not, in and of itself, render a document properly sealed. *Heath v. Tristar Products, Inc.*, Case No. 2:17-cv-02869-GMN-PAL, 2019 WL 12311995, at *1 (D. Nev. Apr. 17, 2019) *citing Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1133 (9th Cir. 2003); *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 475-76 (9th Cir. 1992). The burden for sealing documents is higher than the burden on an individual party when determining what to mark as confidential.

Accordingly, IT IS HEREBY ORDERED that Defendants' Motion for Leave to Redact Defendants' Motion for Sanctions … and File Under Seal Certain Exhibits (ECF No. 597) is DENIED without prejudice.

IT IS FURTHER ORDERED that on or before **September 9, 2022**, the parties must meet and confer to determine which documents filed in support of Defendants' Motion for Sanctions are

properly sealed. This includes determining which pages of deposition transcripts must be sealed as it is unlikely that the entirety of any deposition in a civil case must be sealed. Plaintiffs, who marked the documents confidential and highly confidential, must review the documents in preparation for the meeting to advise which pages filed under seal can be filed on the public docket.

IT IS FURTHER ORDERED that after the parties meet and confer, Defendants shall refile on the public docket the exhibits to the Motion for Sanctions the parties agree are properly unsealed, refile the remaining documents under seal, refile the Motion to Seal, and refile the Motion for Sanctions with revised redactions, if any; provided, however, if no changes to the Motion for Sanctions are needed, the Motion need not be refiled.

IT IS FURTHER ORDERED that the revised filings are due **September 16, 2022**.

IT IS FURTHER ORDERED that the Motion for Sanctions (ECF No. 596) and the exhibits thereto shall remain sealed until such time as the Court receives a revised set of sealed exhibits, unsealed exhibits, and, if necessary, a revised redacted Motion.

IT IS FURTHER ORDERED that because Plaintiffs are in receipt of all documents filed under seal, the due date for the response to the Motion for Sanctions is **not** advanced. Plaintiffs are advised to carefully consider what is filed under seal in support of their response. An exhibit attached to Defendants' Motion need not be refiled as an exhibit to Plaintiffs' response.

DATED this 31st day of August, 2022.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE