UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| NEWMARK GROUP, INC., G&E ACQUISITION COMPANY, LLC and BGC REAL ESTATE OF NEVADA, LLC<br><br>Plaintiff,<br><br>v.<br><br>AVISON YOUNG (CANADA) INC.; AVISON YOUNG (USA) INC.; AVISON YOUNG-NEVADA, LLC, MARK ROSE, THE NEVADA COMMERCIAL GROUP, JOHN PINJUV, and JOSEPH KUPIEC; DOES 1 through 5; and ROE BUSINESS ENTITIES 6 through 10,<br><br>Defendants. | Case No. 2:15-cv-00531-RFB-EJY<br><br>**ORDER** |

Before the Court is Defendants' Motion for Leave to Redact Defendants' Motion for Sanctions Pursuant to Fed. R. Civ. P. 30(d)(2) and 37(d) and for Continuation of 30(B)(6) Depositions and File Under Seal Certain Exhibits. ECF No. 603. Attached to the Motion are over 2,000 pages of documents that Defendants filed under seal because, in sum, Plaintiffs insist they must be sealed. Prior to the instant filing, the Court ordered the parties to cooperate in an effort to reduce the number of sealed documents; however, and unfortunately, those efforts failed.

As the party seeking to seal a judicial record, Defendants must meet its burden of overcoming the strong presumption in favor of access and public policies favoring disclosure. *Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1178–79 (9th Cir. 2006) (holding that those who seek to maintain the secrecy of documents attached to dispositive motions must meet the high threshold of showing that "compelling reasons" support secrecy). Where a party seeks to seal documents attached to a non-dispositive motion, the "public policies that support the right of access to dispositive motions … do not apply with equal force … ." *Id*. at 1179 (citation omitted).

The mere fact that the production of records may lead to a party's embarrassment, incrimination, or exposure to further litigation will not alone compel the court to seal its records.

1  *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1136 (9th Cir. 2003). Compelling reasons
2  require a demonstration of something more, such as when court files have become a vehicle for
3  improper purposes, including use of records to gratify private spite, promote public scandal,
4  disseminate libelous statements, or circulate trade secrets. *Nixon v. Warner Commc'ns*, 435 U.S.
5  589, 598 (1978). Further, a party "may not simply rely on the Stipulated Protective Order … to
6  justify sealing documents filed in the record under seal." *Heath v. Tristar Products, Inc.*, Case No.
7  2:17-cv-02869-GMN-PAL, 2019 WL 12311995, at *1 (D. Nev. Apr. 17, 2019) discussing and *citing*
8  *Foltz*, 331 F.3d at 1133 (reliance on a blanket protective order, without more, will not make a
9  showing of good cause); *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 475-76 (9th Cir. 1992)
10 (blanket stipulated protective orders are over inclusive by nature and do not include a finding of
11 "good cause").

12  The Court reviewed the Motion to Seal as well as the exhibits. The Court finds Mr. Rispoli
13 admits in his deposition that documents allegedly containing trade secrets were publicly available.
14 The Court confirms it found exhibits that indicate its availability through a Grubb & Ellis website.
15 The Court also notes it found documents distributed to third parties and that Exhibit CCC is an
16 Avison Young Policies and Procedures Manual that Avison Young does not object to filing on the
17 public docket. While the presently pending motion is not dispositive, and thus the standard for
18 sealing is somewhat relaxed, the Court cannot find a basis to seal publicly available documents or
19 documents that are or were distributed to third parties not bound to confidentiality.

20  Accordingly, IT IS HEREBY ORDERED that the Motion for Leave to Redact Defendants'
21 Motion for Sanctions Pursuant to Fed. R. Civ. P. 30(d)(2) and 37(d) and for Continuation of 30(B)(6)
22 Depositions and File Under Seal Certain Exhibits (ECF No. 603) is GRANTED to the extent that all
23 documents currently sealed shall remain sealed for the next 30 days.

24  IT IS FURTHER ORDERED that no later than **October 19, 2022** Plaintiffs **must** file with
25 the Court a list identifying all exhibits that are currently sealed, but which were publicly available at
26 any time prior to their filing with the Court or that were made available to any third parties (including
27 any individual acting as a receiver) not bound to confidentiality. The filing must explain why such
28 documents should remain sealed by the Court. Plaintiffs must also explain why Exhibit CCC to

Defendants' Motion for Sanctions, which is an Avison Young document that is publicly available, should remain sealed.

IT IS FURTHER ORDERED that Plaintiffs must identify any documents that they, upon careful review, agree can be unsealed.

Dated this 19th day of September, 2022.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE