UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| NEWMARK GROUP, INC., G&E ACQUISITION COMPANY, LLC and BGC REAL ESTATE OF NEVADA, LLC<br><br>Plaintiff,<br><br>v.<br><br>AVISON YOUNG (CANADA) INC.; AVISON YOUNG (USA) INC.; AVISON YOUNG-NEVADA, LLC, MARK ROSE, THE NEVADA COMMERCIAL GROUP, JOHN PINJUV, and JOSEPH KUPIEC; DOES 1 through 5; and ROE BUSINESS ENTITIES 6 through 10,<br><br>Defendants. | Case No. 2:15-cv-00531-RFB-EJY<br><br>**ORDER** |

Pending before the Court is Plaintiffs' Motion for Leave to Seal Exhibits to Plaintiffs' Response in Opposition to Defendants' Motion for Sanctions Pursuant to Fed. R. Civ. P. 30(d)(2) and 37(d) and for Continuation of 30(b)(6) Depositions. ECF No. 608.

As the party seeking to seal a judicial record, Defendants must meet its burden of overcoming the strong presumption in favor of access and public policies favoring disclosure. *Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1178–79 (9th Cir. 2006) (holding that those who seek to maintain the secrecy of documents attached to dispositive motions must meet the high threshold of showing that "compelling reasons" support secrecy). Where a party seeks to seal documents attached to a non-dispositive motion, the "public policies that support the right of access to dispositive motions … do not apply with equal force … ." *Id*. at 1179 (citation omitted).

The mere fact that the production of records may lead to a party's embarrassment, incrimination, or exposure to further litigation will not alone compel the court to seal its records. *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1136 (9th Cir. 2003). Compelling reasons require a demonstration of something more, such as when court files have become a vehicle for improper purposes, including use of records to gratify private spite, promote public scandal,

1  disseminate libelous statements, or circulate trade secrets. *Nixon v. Warner Commc'ns*, 435 U.S.
2  589, 598 (1978). Further, a party "may not simply rely on the Stipulated Protective Order … to
3  justify sealing documents filed in the record under seal." *Heath v. Tristar Products, Inc.*, Case No.
4  2:17-cv-02869-GMN-PAL, 2019 WL 12311995, at *1 (D. Nev. Apr. 17, 2019) discussing and *citing*
5  *Foltz*, 331 F.3d at 1133 (reliance on a blanket protective order, without more, will not make a
6  showing of good cause); *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 475-76 (9th Cir. 1992)
7  (blanket stipulated protective orders are over inclusive by nature and do not include a finding of
8  "good cause").

9      The Court reviewed the Motion to Seal as well as the exhibits sought to be sealed and
10 redacted. The Court finds Exhibits 3, 4, 5, and 9 to Plaintiffs' Response in Opposition to Defendants'
11 Motion for Sanctions are properly sealed as they contain confidential and proprietary information.
12 The Court also finds the redactions in Exhibit 6 to Plaintiffs' Response contain confidential and/or
13 proprietary information the disclosure of which may lead to misuse and harm to the parties.

14     Accordingly, IT IS HEREBY ORDERED that the Motion for Leave to Seal Exhibits to
15 Plaintiffs' Response in Opposition to Defendants' Motion for Sanctions Pursuant to Fed. R. Civ. P.
16 30(d)(2) and 37(d) and for Continuation of 30(B)(6) Depositions (ECF No. 608) is GRANTED.

17     IT IS FURTHER ORDERED that Exhibits 3, 4, 5, and 9 to Plaintiffs' Response in
18 Opposition to Defendants' Motion for Sanctions (ECF No. 607) shall remain sealed.

19     IT IS FURTHER ORDERED that Exhibit 6 of Plaintiffs' publicly filed Response in
20 Opposition to Defendants' Motion for Sanctions (ECF No. 606) shall remain redacted.

22     Dated this 21st day of September, 2022.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE