UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| NEWMARK GROUP, INC., G&E ACQUISITION COMPANY, LLC and BGC REAL ESTATE OF NEVADA, LLC<br><br>Plaintiff,<br><br>v.<br><br>AVISON YOUNG (CANADA) INC.; AVISON YOUNG (USA) INC.; AVISON YOUNG-NEVADA, LLC, MARK ROSE, THE NEVADA COMMERCIAL GROUP, JOHN PINJUV, and JOSEPH KUPIEC; DOES 1 through 5; and ROE BUSINESS ENTITIES 6 through 10,<br><br>Defendants. | Case No. 2:15-cv-00531-RFB-EJY<br><br>**ORDER** |

Pending before the Court is Defendants' Motion for Sanctions Pursuant to Fed. Rules Civ. P. 30(d)(2) and 37(d) for Continuation of 30(b)(6) Deposition. ECF Nos. 601 unsealed, 602 sealed. The Court has considered the Motion, Plaintiffs' Response (ECF No. 606), and Defendants' Reply (ECF No. 611).

**I.     Relevant Background**

The parties and the Court are well versed in the general issues pending in this case as well as the many discovery disputes that preceded the instant Motion for Sanctions. The Court only includes the background relevant to the instant dispute.

On February 16, 2022, the Court held a lengthy hearing regarding cross motions for sanctions arising from Plaintiffs' first appearance at the Fed. R. Civ. P. 30(b)(6) deposition set by Defendants. ECF No. 567. The Court granted in part and denied in part Defendants' Motion for Sanctions (ECF No. 502), and denied Plaintiffs' Motion for Sanction (ECF No. 509). In sum, Plaintiffs' 30(b)(6) witness attended the deposition with a 91 page outline, prepared by Plaintiffs' counsel, to which he repeatedly referred in an ill-conceived effort to answer questions demonstrating a failure to adequately prepare for the deposition. Mr. Rissole, the 30(b)(6) witness, read lengthy portions of

the outline verbatim that were typically nonresponsive to questions posed. ECF No. 568. The Court granted Defendants' request to conduct a second day of Plaintiffs' 30(b)(6) deponent on a series of topics including the identity of each trade secret Plaintiffs claim were misappropriated by Defendants. Specifically, the Court ordered Plaintiffs' 30(b)(6) witness to be prepared to testify to:

> As alleged in the Complaint, the "trade secrets" that Plaintiff [sic] claims Defendants misappropriated, including but not limited to: (i) the identity of each such trade secret, (ii) the economic value derived from such trade secrets; (iii) Your use of the alleged trade secrets; (iv) the money and effort expended by You to acquire, develop, and/or maintain the alleged trade secrets; (v) Your efforts to maintain confidentiality of the alleged trade secrets and the reasons for those efforts; and (vi) the extent to which the alleged trade secrets are known to persons outside of Plaintiff [sic], including, without limitation, Plaintiff's [sic] competitors, industry participants, or the public.

ECF No. 584 at 5. Regarding this topic (identified as Topic 11), the Court further stated:

> This Topic pertains to Plaintiffs' claims that its trade secrets were appropriated by Defendants, a key element of Plaintiffs' claims. This is Plaintiffs' case. It is Plaintiffs' obligation to prove all of the elements of all of the claims asserted. A Rule 30(b)(6) deposition in a case of this nature is an essential tool for Plaintiffs and Defendants to share and obtain critical information about the case. That one or more individuals could not be prepared to testify on the elements necessary to prove a misappropriation of trade secret claim is surprising at best. Indeed, Plaintiffs were free to prepare more than one deponent to appear and testify to the 30(b)(6) topics agreed upon, which would have limited the amount of information one person needed to learn or keep at his/her/their fingertips. Perhaps there was someone more versed on bankruptcy issues or the property listing than the person who appeared. However, and irrespective of the topics, it was Plaintiffs' obligation to ensure one or more witnesses were prepared.

*Id*. at 10 n.4. The Court included in its Order that "[a] failure to properly prepare the deponent a second time may result in sanctions." *Id*. at 10 (emphasis removed).

On August 12, 2022, Plaintiffs' 30(b)(6) witness (Mr. Rispoli) appeared for a second day of deposition. ECF No. 602-2. On this occasion, Mr. Rispoli was again asked about trade secrets—specifically whether he was prepared to identify each trade secret Plaintiffs claim was misappropriated by Defendants. *Id*. at 18. In response, Mr. Rispoli, in effect, testified he was not prepared to testify to the "complete list" of alleged stolen trade secrets, but rather to a subset of allegedly stolen trade secrets appearing on a ten page exhibit to the outline he brought with him to the second day of deposition. *Id*. Mr. Rispoli was clear that the ten page list included "examples of some of the thousands of documents that were taken by" Defendant Avison Young. *Id*.

When Mr. Rispoli was asked about approximately 55 items appearing on the ten page trade secret list, he: (i) asserted trade secret protection for publicly available documents (an issue the witness admitted he did not consider when preparing for the deposition—*see id*. at 28); (ii) admitted some documents on the list were not trade secrets (*see* e.g. *id*. at 25, 59); (iii) identified some documents as potentially not secret, but "compiled in a manner that made the … [information] valuable" (e.g. *id*. at 35); (iv) could not identify who created some of the documents allegedly containing trade secrets (e.g. *id*. at 38, 55, 108, 130-31); (v) claimed trade secret based on the form or system that generated the document, albeit the witness could not say that the disclosure of the document to a third party included a requirement to keep the document secret (e.g. *id*. at 63-65, 70-74, 78, 88); and (vi) asserted trade secret based solely on the form and format of the information contained in the document (e.g. *id*. at 76-77, 80-81, 83, 96-97, 109-110, 124-25, 134-35).[1]

Defendants seek an order from the Court barring Plaintiffs from introducing any evidence regarding alleged misappropriated trade secrets not identified on the ten page trade secrets list provided at the August 12, 2022, 30(b)(6) deposition, and to allow a third day of deposition of Plaintiffs' 30(b)(6) witness on each of the trade secrets identified but not yet discussed. Defendants also seek an award of attorneys' fees and costs.

Separate from the trade secret issues, Defendants seek additional time to depose Plaintiffs' 30(b)(6) witness who testified regarding commissions earned from specific transactions and whether those commissions were paid to Plaintiffs. The witness testified that he sent a list of transactions to Plaintiffs' accounting department and that he was relying on the response from that department for his testimony. ECF No. 602 at 5, 13. Plaintiffs would not produce the communication, initially asserting privilege, while Defendants contend that any such privilege issue is moot given production of the email with Plaintiffs' Opposition. ECF No. 611 at 3, 10.

Plaintiffs respond arguing had Defendants more sincerely engaged in a meet and confer the present motion practice could have been avoided. ECF No. 606 at 14. Plaintiffs state they agree to use "a revised version of the Trade Secret List as a comprehensive description of all trade secrets at

---

[1] The witness further testified that the fact that a trade secret document was publicly available would not necessarily change his view of the trade secret designation because the "information … takes time to compile and put together with analysis …." *Id*. at 30.

3

issue in this case." *Id*. at 4. Plaintiffs' requested revisions include "incorporating the full Bates range for each document identified …[,] the metadata for each document[,] … and … adding one document that was inadvertently left off the list." *Id*. Plaintiffs state "they will not pursue trade-secrets [sic] recovery for any documents not on the revised list." *Id.* at 14. Plaintiffs contend that the trade secret list has been in Defendants' possession for almost one year, with minor exceptions relating to later produced documents from General Counsel Krugman. *Id*. at 4. Plaintiffs argue Defendants had two days of depositions with their 30(b)(6) trade secret witness and allegedly repeated questions regarding "a discrete group" of "very similar documents cherry-picked from the Trade-Secret List." *Id*. at 4-5.

With respect to the deposition testimony regarding transaction commissions, Plaintiffs state they produced a redacted email—removing the portion sent from outside counsel. *Id*. at 5. Plaintiffs further state that the witness testified to the content of his email and that Plaintiffs "found nothing in response to his request." *Id*. at 6.

Plaintiffs state an award of fees and costs is improper because the trade secret 30(b)(6) witness was prepared for the second day of deposition answering questions largely without referral to the outline he was provided and Defendants should not be rewarded for how they chose to use their time. *Id*.

II.   **Discussion**

   A.   <u>The Trade Secret List</u>.

To some extent this issue is resolved.  Plaintiffs agree they are bound to the alleged misappropriated trade secrets that appear on the ten page list brought to the second day of the 30(b)(6) deposition.  Despite what the deponent may have said with respect to the list including only examples or a subset of trade secrets, Plaintiffs tell the Court that this is a comprehensive list (with the exception of one addition, Bates numbers, and metadata).  While Defendants are correct that the witness, Mr. Rispoli, testified the list he brought to the deposition was not complete, this testimony is contradicted by Plaintiffs' representation to the Court.  The inconsistency is not lost on the Court, but Defendants may address this issue, creating a potential credibility problem for the witness, if and

when the claim of misappropriated trade secrets is presented to the Court on a dispositive motion or to a jury if the case goes to trial.

What is not resolved is whether Plaintiffs should be entitled to amend the list to include one additional document, Bates numbering, and metadata. Defendants argue that the Bates numbering will add documents to the list. ECF No. 611 at 4. Defendants also argue Plaintiffs want to maintain on the trade secret list documents Mr. Rispoli admitted at deposition are not trade secrets as well as documents that were made publicly available. *Id*. Defendants contend agreeing to Plaintiffs proposed resolution regarding use of the trade secret list requires a violation of Fed. R. Civ. P. 11. *Id*. Defendants argue it took Plaintiffs two weeks to make their current proposal and that this belies a good faith effort to resolve the dispute. This last issue does not concern the Court.[2]

What concerns the Court is whether by using complete Bates numbering Plaintiffs will, effectively, add documents to the trade secret list brought to the second day of deposition, and by adding metadata Plaintiffs are changing the nature of the information provided on the list. What cannot be doubted is that an essential part of Plaintiffs' claims against Defendants involves the misappropriation of trade secrets. What is also not in doubt is that Plaintiffs' 30(b)(6) witness was

---

[2] The Court finds the issue of whether the parties adequately met and conferred of limited importance. It is clear adequate efforts were made and, given the deposition testimony on August 12, 2022, in which Mr. Rispoli clearly lacked a thorough understanding of trade secrets, Defendants did not prematurely file their Motion for Sanctions. A publicly available document is not a trade secret. *Ruckelshaus v. Monsanto Co.*, 467 U.S. 986, 1002 (1984) (noting that "[i]nformation that is public knowledge or that is generally known in an industry cannot be a trade secret"). A document voluntarily disclosed to a third party without binding that party to secrecy does not meet the requirements of a trade secret. *See Nav N Go Kft. v. Mio Technology USA, Ltd.*, Case No. 2:08-cv-01384-LRH-LRL, 2009 WL 10693414, at *21 (D. Nev. June 11, 2009) ("Nevada law contemplates an injunction preventing the disclosure of a trade secret where the information has yet to be viewed by a third party."). Under NRS 660A.030, a trade secret is defined as "information, including, without limitation, a formula, pattern, compilation, program, device, method, technique, product, system, process, design, prototype, procedure, computer programming instruction or code that: (1) Derives independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable by proper means by the public or any other persons who can obtain commercial or economic value from its disclosure or use; and (2) Is the subject of efforts that are reasonable under the circumstances to maintain its secrecy." Thus, the failure to bind a third party to whom a compilation is revealed to strict confidentiality, when that compilation might otherwise qualify as a trade secret, would undermine, if not potentially destroy, the maintenance of secrecy required to claim trade secret protection. Compilations may qualify as trade secrets, but the fact that something took time and effort to compile is not sufficient to demonstrate the information is not generally known or readily ascertainable by the industry or public. *USSC Holdings Corp. v. TK Products, LLC*, Case No. 3:16-cv-00398-RJC-WGC, 2016 WL 7116009 (D. Nev. Dec. 6, 2016) ("an essential element of TK's claim is establishing that it employed reasonable measures to maintain the secrecy of its trade secrets") (internal quote marks omitted); *Enterprise Leasing Co. of Phoenix v. Ehmke*, 3 P.3d 1064, 1069 (Ariz. App. 1999) (the "hallmark of trade secrets are their secrecy"); *Eco-Separator Co., Inc. v. Shell Canada, Ltd.*, 872 F.2d 427 (9th Cir. 1989) (the plaintiff "must have maintained the secrecy of the alleged trade secret") (internal citation omitted).

not prepared to testify on September 9, 2021, his first day of deposition. *See* ECF No. 568 at 15-18. Thus, Defendants have had only one meaningful day of deposition with Mr. Rispoli—allegedly, the person most knowledgeable on, *inter alia*, misappropriated trade secrets who, as described above, does not seem to have an informed grasp on the meaning of a trade secret as distinct from confidential information.[3]

"[W]hen, as here, the moving party contends … the Rule 30(b)(6) was inadequately prepared and failed to answer questions on certain topics[, t]he moving party's remedy is to file a motion to compel further testimony under Rule 37(a)." *JEB Group, Inc. v. Jose*, Case No. CV 19-04230-CJC (AGRx), 2019 WL 8917751, at *1 (C.D. Cal. Dec. 17, 2019) (citing *Estrada v. Rowland*, 69 F.3d 405, 406 (9th Cir. 1995). *See also Watkins v. Infosys*, 724 Fed. Appx. 520, 523-24 (9th Cir. 2017). While Defendants do not move under Fed. R. Civ. P. 37(a), they seek sanctions under Rules 30(d)(2) and 37(d).

Rule 30(d)(2) allows the Court to terminate or limit a 30(b)(6) deposition and award expenses, while Rule 37(d) allows the Court to issue sanctions if a party served with a Rule 30(b)(6) deposition notice fails to appear. Further, "[w]hen a party receives a Rule 30(b)(6) deposition notice, it must designate a knowledgeable person to fully prepare and unevasively answer questions about the designated subject matter." *Bd. of Trs. of the Leland Stanford Junior Univ. v. Tyco Int'l Ltd.*, 253 F.R.D. 524, 526 (C.D. Cal. 2008). Here, Mr. Rispoli did not fail to appear, and a review of his August 12, 2022 deposition transcript does not support a finding of evasiveness. However, Mr. Rispoli was again unprepared. The transcript evidences Mr. Rispoli's apparent assertion of trade secret protection over documents that, at least to the undersigned, plainly lack qualification for such protection. What additional time with the 30(b)(6) deponent may gain Defendants is unclear. Indeed, the deponent cannot now change the testimony already given. Plaintiffs are stuck with Mr. Rispoli's testimony.

---

[3] *Newmark Group, Inc. v. Avison Young (Canada) Inc.*, Case No. 2:15-cv-00531-RFB-GWF, 2018 WL 5886531, at *4 (D. Nev. Nov. 9, 2018) ("Designating information as 'confidential' or 'proprietary' does not establish that it is a trade secret. While there is substantial overlap between confidential information and trade secrets, they are not synonymous."). *See also Buffets, Inc. v. Klinke*, 73 F.3d 965, 968 (9th Cir. 1996) (a proprietary interest in a copyright or other intellectual property does not necessarily constitute a trade secret).

1    The above said, the Court finds that at this late stage of proceedings, and given that Plaintiffs agree the information on the trade secret list Mr. Rispoli brought to the August 12, 2022, Fed. R. Civ. P. 30(b)(6) deposition has been available for approximately one year, Plaintiffs may *not* amend the trade secret list to include Bates numbering that will expand the number, type, content or information to which they ascribe the trade secret designation.  That is, only if Bates numbering identifies the exact document previously appearing on the August 12, 2022 trade secret list referred to by Mr. Rispoli, and *nothing* more, may Bates numbers be added.  No additional pages, attachments or information is to be identified through Bates numbering.  Plaintiffs may also add the single document it alleges was inadvertently, for approximately a year, left off the trade secret list.  Absolutely no other information, additions, edits, changes or modifications of any kind are to be made to the trade secret list.  The list, as discussed at the August 12, 2022 deposition of Plaintiffs' 30(b)(6) witness is, as Plaintiffs state, the entirety of the trade secrets they claim were misappropriated by Defendants.

With respect to metadata, there is nothing presented to the Court that suggests, let alone confirms, metadata is part of the trade secret information Plaintiffs contend was misappropriated.  Long ago Plaintiffs could have included reference to metadata on their identified trade secret list, but they did not.  The availability of metadata potentially relevant to Plaintiffs' trade secret misappropriation list may, if appropriate, be part of questioning related to the alleged misappropriated trade secrets, but the trade secret list may *not* be amended to include reference to the metadata.

Whether Plaintiffs must produce Mr. Rispoli for a third time to testify regarding trade secrets is a close call.  The Court cannot say Mr. Rispoli was wholly unprepared to testify about trade secrets, but it is true he was ill-prepared to do so. *See FormFactor, Inc. v. Micro-Probe, Inc.*, Case No. C-10-03095 PJH (JCS), 2012 WL 1575093, at *5 (N.D. Cal. May 3, 2012).  Mr. Rispoli could not, for example, testify to what Plaintiffs did to maintain the confidentiality of documents discussed during his August 12, 2022 deposition.  Mr. Rispoli could not identify who created documents Plaintiffs identify as trade secrets.  Mr. Rispoli claimed that publicly available documents qualified as trade secrets.  Thus, Mr. Rispoli, while significantly improved over his 30(b)(6) appearance on September

9, 2021, was not adequately prepared to testify on August 12, 2022 as a 30(b)(6) deponent on the issue of trade secrets. *Id*. at **4-5.

Defendants could have, under Rule 37(a)(3)(B)(ii), moved to compel and for sanctions on the grounds that presenting an unprepared designee is tantamount to failing to designate at all on the given topics. Instead, Defendants limited the Court to considering Rules 30(d)(2) and 37(d). Based on the language of Rule 30(d)(2), the Court cannot say Mr. Rispoli impeded, delayed or frustrated the fair examination by Defendants. That he did not understand what constitutes a trade secret is clear, but this is to Plaintiffs' clear disadvantage and does not need to be further sanctioned.

Under Rule 37(d) Mr. Rispoli did not technically fail to appear. However, as explained in *Great American Insurance Co. of New York v. Vegas Const. Co., Inc.*, 251 F.R.D. 534, 542 (D. Nev. 2008):

> A number of courts have held that the failure to produce a Rule 30(b)(6) designee who is adequately educated and prepared to testify on designated topics to bind the corporation amounts to a nonappearance which could warrant the imposition of sanction. *Bank of New York* [*v. Meridien BIAO Bank Tanzania Ltd.*], 171 F.R.D. [135, 151 (S.D.N.Y. 1997)]; *Resolution Trust Corp.* [*v. Southern Union Co., Inc.*], 985 F.2d [196,] 197 [5th Cir. 1993]; [*U.S. v.*] *Taylor*, 166 F.R.D. [356,] 363 [(M.D.N.C. 1996)]; *Black Horse Lane Assoc. v. Dow Chemical Corp.*, 228 F.3d 275, 303 (3d Cir.2000). In *Resolution Trust*, the Fifth Circuit held that the district court did not abuse its discretion in awarding fees and costs under Rule 37(d) when the corporation produced an unprepared Rule 20(b)(6) designee stating:
>
> > When a corporation or association designates a person to testify on its behalf, the corporation appears vicariously through the agent. If that agent is not knowledgeable about relevant facts, and the principal has failed to designate an available, knowledgeable, and readily identifiable witness, then the appearance is, for all practical purposes, no appearance at all. *Id.*

Indeed, the decision in *Great American* noted that courts impose a variety of sanctions arising from the failure to present a properly prepared 30(b)(6) witness including such things as: "(1) costs and attorneys' fees incurred in filing a motion to compel, …; (2) monetary sanctions against the non-complying party and its counsel, …; (3) an order compelling compliance with Rule 30(b)(6) and requiring an educated deponent to be produced, …; [and](4) requiring a corporation to redesignate an adequately prepared witness to testify in the new deposition at the corporation's expense, …." *Id*. at 542-43 (internal citations omitted). The court in *Great American* cited to the Second Circuit Court of Appeal for purposes of identifying the factors to be considered when deciding whether and

what sanctions might be proper. *Id*. at 543 *citing Reilly v. Natwest Market Group*, 181 F.3d 253, 269 (2nd Cir. 1999).  These factors include: "(1) the party's explanation for the failure to comply with the discovery order; (2) the importance of the testimony of the precluded witness; (3) the prejudice suffered by the opposing party as a result of having to prepare to meet the new testimony; and (4) the possibility of a continuance."  The Ninth Circuit holds the Court should consider: "(1) the public's interest in expeditious resolution of litigation, (2) the court's need to manage its docket, (3) the risk of prejudice to the [other parties], (4) the public policy favoring disposition of cases on their merits, and (5) the availability of less drastic sanctions …." *Wendt v. Host International, Inc.*, 125 F.3d 806, 814 (9th Cir. 1997).

       Here, as stated, Mr. Rispoli was better prepared for deposition as Plaintiffs' corporate representative regarding trade secrets on August 12, 2022; however, his misunderstanding of what constitutes a trade secret resulted in Defendants spending significant time fleshing out this misunderstanding (and, thus, arguable misidentification) of that concept as applied to numerous documents.  That is, Defendants spent time questioning Mr. Rispoli about documents he admitted were not trade secrets, potentially not secret but compiled in a manner that made the information valuable, and did not qualify for trade secret designation based on their public availability.

       Given the importance to both parties of testimony to be provided by Mr. Rispoli regarding the basis for Plaintiffs' trade secret misappropriation claim, that there is no trial date set but only an extension of the due date for dispositive motions needed to accommodate a continued deposition of Mr. Rispoli, and the public policy favoring disposition of this matter on its merits, the Court finds the following sanctions are appropriate: (1) Defendants may depose Mr. Rispoli, Plaintiffs' 30(b)(6) witness, for one additional three and one-half hour period (excluding breaks) regarding items on the trade secret list only; and (2) Defendants are awarded fees and costs associated with their Motion for Sanctions, but only as it relates to time incurred arguing Plaintiffs' inadequate preparation of their 30(b)(6) witness regarding the trade secret misappropriation claim.  That is, the award of fees and costs does not include time spent in meet and confer efforts that preceded the filing of the instant Motion, the preparation of exhibits, or pertaining to testimony regarding commissions (which portion of Defendants' Motion is discussed and denied below).  The three and one-half hours of

deposition time with Mr. Rispoli represents another half day of deposition time, excludes any time Plaintiffs spend questioning Mr. Rispoli, and any redirect (as defined for trial purposes) that follows Plaintiffs' questioning, if any. No additional time to depose Mr. Rispoli will be granted. Discovery, including depositions, is not intended to be perfect allowing every nook and cranny to be explored to its fullest extent. Parties must prioritize and use the time available wisely. *United States v. Procter & Gamble Co.*, 356 U.S. 677, 683 (1958) (the purpose of discovery is to make trial "less a game of blind man's [bluff] and more a fair contest with the basic issues and facts disclosed to the fullest practicable extent [possible]"); *Hickman v. Taylor*, 329 U.S. 495, 501 (1947) (discovery is intended to narrow and clarify the issues in dispute).

    B.  <u>The Commission Email and Continue Deposition of Mr. Graubard</u>.

As Defendants explain, Plaintiffs' 30(b)(6) witness (Mr. Graubard) testified on August 18, 2022 to what he did to prepare for his corporate deposition including reviewing an outline provided by Plaintiffs' counsel, reviewing the documents cited therein, and sending a list of transactions to Anthony Barra in Newmark's accounting department to ask whether commissions were paid to Newmark on the deals that Newmark claims are at issue in this litigation. Mr. Graubard also testified that he relied on the response from the accounting department for his testimony. Defendants sought a copy of the email exchange on which Mr. Graubard relied. The document was produced with Plaintiffs' Opposition.

Plaintiffs explain that when Mr. Graubard was questioned regarding his communications with Newmark's accounting department, Mr. Graubard testified that he asked the department to search for "any commissions on a number of different properties that were received 2011 through 2014 that could be relevant to this case" and that the list was "fairly long" and "over inclusive." ECF No. 606 at 11. While Mr. Graubard could not remember each of the properties on the list, he testified that no responsive information was found. Newmark admits it was unable to locate any information responsive to Topic 13 of the 30(b)(6) deposition notice. When records were searched, no commissions related to the transactions in question were located.

As stated the email in question was produced (with redactions). Further, the Court finds, based on the testimony reviewed, no recollection was refreshed and thus the content of the email is

not necessary to the case. *Scott v. Smith's Food & Drug Ctrs., Inc.*, Case No. 2:18-cv-00303-JCM-VCF, 2018 WL 11352074, at *2 (D. Nev. Sept. 20, 2018) (stating that courts in this district have held that "FRE 612 does not mandate the disclosure of documents used to refresh a witness's recollection prior to deposition testimony," but disclosure could be allowed in a court's discretion if necessary to the case). The Court further finds no additional deposition time with Mr. Graubard is properly ordered as a review of his testimony shows he was forthcoming and clear in response to questions regarding what he learned from Newmark's accounting department.

### III.     Order

Accordingly, IT IS HEREBY ORDERED that Defendants' Motion for Sanctions Pursuant to Fed. Rules Civ. P. 30(d)(2) and 37(d) for Continuation of 30(b)(6) Deposition (ECF Nos. 601 unsealed, 602 sealed) is GRANTED in part and DENIED in part.

IT IS FURTHER ORDERED that no later than **January 18, 2022**, Plaintiffs must deliver a revised trade secrets list to Defendants, consistent with the content of this Order.

IT IS FURTHER ORDERED that Plaintiffs must make Mr. Rispoli available for three and one-half additional hours of deposition (excluding breaks, time spent by Plaintiffs' questioning Mr. Rispoli, and any redirect of Mr. Rispoli after Plaintiffs' questioning) as the Rule 30(b)(6) witness regarding documents appearing on Plaintiffs' revised trade secret list. The deposition must occur no later than **January 31, 2022**. The deposition may be conducted via video if all parties agree. No further time to depose Mr. Rispoli will be granted absent an extraordinary, and therefore unforeseen, circumstances.

IT IS FURTHER ORDERED that Defendants' request for production of an email exchange between Plaintiffs' 30(b)(6) witness Mr. Graubard and Newmark's accounting department is DENIED as moot.

IT IS FURTHER ORDERED that Defendants' request for additional time to depose Mr. Graubard is DENIED.

IT IS FURTHER ORDERED that Defendants are awarded their reasonable attorneys' fees and costs associated with the Motion for Sanction and Reply in Support thereof only to the extent such fees and costs were incurred for purposes of arguing Plaintiffs' inadequate preparation of their

1  30(b)(6) trade secret misappropriation claim witness.  That is, the award of fees and costs does not
2  include time spent in meet and confer efforts, preparing exhibits, or to the production of documents
3  or additional testimony regarding commissions.  Defendants must file a memorandum of fees and
4  costs, redacting any attorney-client communication, work product, or irrelevant entries and reducing
5  time so that it reflects only time incurred as ordered herein.  The memorandum must be filed no later
6  than **January 13, 2023**.  Plaintiffs may file a response to the memorandum no later than **January
7  27, 2023**.

8      IT IS FURTHER ORDERED that discovery is closed except for purposes of completing the
9  Rule 30(b)(6) deposition regarding trade secrets.

10      IT IS FURTHER ORDERED that the dispositive motions deadline is rest for **March 15,
11  2023**.  Responses are due no later than **April 17, 2023**.  Replies are due no later than **May 1, 2023**.

12      Dated this 3rd day of January, 2023.

                                                       ELAYNA J. YOUCHAH
                                                       UNITED STATES MAGISTRATE JUDGE