UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

NEWMARK GROUP, INC., G&E
ACQUISITION COMPANY, LLC and BGC
REAL ESTATE OF NEVADA, LLC

Plaintiff,

v.

AVISON YOUNG (CANADA) INC.;
AVISON YOUNG (USA) INC.; AVISON
YOUNG-NEVADA, LLC, MARK ROSE,
THE NEVADA COMMERCIAL GROUP,
JOHN PINJUV, and JOSEPH KUPIEC; DOES
1 through 5; and ROE BUSINESS ENTITIES
6 through 10,

Defendants.

Case No. 2:15-cv-00531-RFB-EJY

**ORDER**

The U.S. District Court for the District of Nevada has largely adopted the hybrid lodestar/multiplier approach, used by the Supreme Court in *Hensley v. Eckerhart,* 461 U.S. 424 (1983), as the proper method for determining the amount of attorney's fees due in most actions. The lodestar/multiplier approach has two parts. First, the court determines the lodestar amount by multiplying the number of hours reasonably expended on a motion by a reasonable hourly rate. *Hensley,* 461 U.S. at 433. To get to this calculation, the party seeking an award of fees must submit evidence supporting the hours worked and the rates claimed. *Id.* The district court will then, generally, exclude from the lodestar amount hours that are not reasonably expended because they are "excessive, redundant, or otherwise unnecessary." *Id.* at 434. Second, after calculating the total amount requested, the court may adjust the lodestar upward or downward using a "multiplier" based on factors not subsumed in the initial calculation. *Blum v. Stenson,* 465 U.S. 886, 898–901 (1984) (reversing upward multiplier based on factors subsumed in the lodestar determination); *Hensley,* 461 U.S. at 434 n.9 (noting that courts may look at "results obtained" and other factors but should consider that many of these factors are subsumed in the lodestar calculation).

1  **I.    Discussion**

2        **A.**    <u>The Hourly Rate Charged</u>.

3        Here, the Court finds that a rate of $500 per hour for Mr. Kritzer and Mr. Goldkind is

4  reasonable.  Each of these attorneys is a partner in Steptoe & Johnson handling commercial

5  litigation with thirteen and eighteen years of experience respectively.  The litigation involving

6  Avison Young is complex, has, in the past, involved novel areas of law, which has also been

7  considerable.  This multi-party case requires more than what might be called routine knowledge

8  of the law.  The hourly rate of $500 is not out of line with the upper range of prevailing rates in

9  the District of Nevada.  *Perrong v. Sperian Energy Corp*., Case No. 2:19-cv-00115-RFB-EJY,

10  2020 WL 2996063, at *3 (D. Nev. June 4, 2020); *Boca Park Marketplace Syndications Grp., LLC*

11  *v. Ross Dress for Less, Inc*., Case No. 2:16-cv-01197-RFB-BNW, 2020 WL 2892586, at *3 (D.

12  Nev. May 31, 2020); *Telasia, Inc. v. EZ Supply, Inc*., Case No. 2:14-cv-00399-MMD-GWF, 2015

13  WL 2095874, at *3 (D. Nev. May 5, 2015).  The requested rate for Ms. Lucas and Mr. Sanderson

14  of $350 per hour is also appropriate given their years of experience as commercial litigators for

15  Steptoe.  The rate requested for paralegal, Ms. Iwona Kelsh, at $125 per hour, is reasonable given

16  her experience and the nature of the case.

17        **B.**    <u>Review of the Hours Billed</u>.

18        As stated in previous orders by this Court, time spent by attorneys within the same firm

19  communicating regarding motion practice is not time for which an opposing party will be required

20  to pay.  The reductions below represents not only internal communication, but vague entries, and

21  time representing excessiveness or redundancy.

22        The Court is reducing the following time billed:

23

| DATE | NAME | REDUCED TIME | DESCRIPTION/REASON FOR DELETION |
|------|------|--------------|---------------------------------|
| 8/16/2022 | J. Sanderson | .2 | Internal Communication |
| 8/15-8/17/2022 | J. Goldkind | 2.5 | Excessive time reviewing notes, deposition transcript to identify issues for motion for sanctions. |

| 8/25/2022 | J. Goldkind | 1.0 | Reviewing notes from N. Kritzer regarding sanctions motion, corresponding with M. Lucas and J. Sanderson regarding additional research, coordinating revision to brief. |
|---|---|---|---|
| 8/22-26/2022 | J. Goldkind | 4.0 | Excessive time on research, preparation, and drafting Motion to Compel. |
| 08/26/22 | M. Lucas | 2.1 | Excessive time as Lucas revised Motion after partner Goldkind drafted same and oversaw preparation of exhibits. |
| 8/29/2022 | N. Kritzer | .5 | Vague entry regarding work on motion for sanctions. |
| 8/29/2022 | J. Goldkind | 1.5 | Internal correspondence, review and revisions to motion for sanctions as excessive and redundant. |
| 8/30/2022 | J. Goldkind | .2 | Reduced time for review of communications regarding service of brief. |
| 8/29-30/2022 | I. Kelsch | 2.0 | Excessive time compiling and indexing exhibits. |
| 9/21/2022 | M. Lucas | 1.0 | Internal communications, preparation of internal memorandum. |
| 9/20-22/2022 | N. Kritzer J. Goldkind M. Lucas | 1.5 | Using a combined hourly rate of $450, collective time N. Kritzer, J. Goldkind, and M. Lucas spent reviewing Opposition to Motion for Sanctions. |
| 9/22/2022 | M. Lucas | .2 | Internal communication. |
| 9/23/2022 | M. Lucas | .1 | Internal communication. |
| 9/23/22 | N. Kritzer | 1.5 | Excessive time for reviewing and analyzing Steptoe's already filed motion for sanctions. |
| 9/26/2022 | M. Lucas | .3 | Internal communication. |
| 9/27-30/2022 | N. Kritzer | 4.0 | Excessive time preparing reply brief. |

The time billed by Mr. Goldkind reduced by the Court totals 9.2 hours. The time billed by Mr. Kritzer reduced by the Court totals 6.0 hours. The time billed by Ms. Lucas reduced by the Court is 3.7 hours. The time billed by Mr. Sanderson reduced by the Court is .2 hours. The time billed by Ms. Kelsch reduced by the Court is 2.0. Collective time billed by Mr. Kritzer, Mr. Goldkind and Ms. Lucas reduced by the Court is 1.5 hours. The Court applies the average of the hourly rate (not weighted) to this time is $450 per hour.

$500 per hour x 15.2 hours for Messrs. Goldkind and Kritzer = $7,600.00

$350 per hour x 3.7 hours for Ms. Lucas = $1,295.00

3

1       $350 per hour x .2 hours for Mr. Sanderson = $70.00

2       $125 per hour x 2.0 hours for Ms. Kelsch = $250.00

3       $450 per hour x 1.50 hours for Mr. Goldkind, Mr. Kritzer, and Ms. Lucas = $675.00.

No costs are requested.  The total amount disallowed by the Court is $9,890.00.  The fees requested are reduced to $23,540.00.

## II.  Order

Accordingly, IT IS HEREBY ORDERED that attorney's fees are granted in favor of Defendants to be paid by Plaintiffs in the amount of $23,540.00.

IT IS FURTHER ORDERED that Plaintiffs shall pay this amount to Defendants, through counsel, within thirty (30) days of the date of this Order unless an objection is filed, which will automatically stay this Order until such time as the objection is ruled upon.

Dated this 21st day of March, 2023.

ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE