UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| NEWMARK GROUP, INC., G&E ACQUISITION COMPANY, LLC and BGC REAL ESTATE OF NEVADA, LLC<br><br>Plaintiff,<br><br>v.<br><br>AVISON YOUNG (CANADA) INC.; AVISON YOUNG (USA) INC.; AVISON YOUNG-NEVADA, LLC, MARK ROSE, THE NEVADA COMMERCIAL GROUP, JOHN PINJUV, and JOSEPH KUPIEC; DOES 1 through 5; and ROE BUSINESS ENTITIES 6 through 10,<br><br>Defendants. | Case No. 2:15-cv-00531-RFB-EJY<br><br>**ORDER** |

Pending before the Court are three Motions to Seal. ECF No. 631 is a Motion to Seal filed by Defendants John Pinjuv and Nevada Commercial Group. ECF No. 636 is a Motion to Seal filed by Plaintiffs. ECF No. 639 is a Motion to Seal filed by Defendants Avison Young (Canada) Inc., Avison Young (USA) Inc., Avison Young – Nevada, LLC, Mark Rose, and Joseph Kupiec. Each of the Motions seeks an Order sealing their respectively filed unredacted Motions for Summary Judgment and Exhibits attached to the same.

**I.     DISCUSSION**

The party bringing a motion to seal must meet its burden of overcoming the strong presumption in favor of access and public policies favoring disclosure. *Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006) (holding that those who seek to maintain the secrecy of documents attached to dispositive motions must meet the high threshold of showing that "compelling reasons" support secrecy). The Motions for Summary Judgment are dispositive motions and, therefore, the moving parties must demonstrate compelling reasons to seal.

The mere fact that production of records may lead to a party's embarrassment, incrimination, or exposure to further litigation will not alone compel the court to seal its records. *Foltz v. State*

*Farm Mutual Automobile Insurance Co.*, 331 F.3d 1122, 1136 (9th Cir. 2003). Compelling reasons require a demonstration of something more such as when court files have become a vehicle for improper purposes, including use of records to gratify private spite, promote public scandal, disseminate libelous statements, or circulate trade secrets. *Nixon v. Warner Commc'ns*, 435 U.S. 589, 598 (1978). Further, a party "may not simply rely on the Stipulated Protective Order … to justify sealing documents filed in the record under seal." *Heath v. Tristar Products, Inc.*, Case No. 2:17-cv-02869-GMN-PAL, 2019 WL 12311995, at *1 (D. Nev. Apr. 17, 2019), *citing Foltz*, 331 F.3d at 1133 (reliance on a blanket protective order, without more, will not make a showing of good cause); *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 475-76 (9th Cir. 1992) (blanket stipulated protective orders are over inclusive by nature and do not include a finding of "good cause").

With respect to business agreements, proprietary information, and internal policies and procedures, a reviewing court may grant the motion to seal if there are compelling reasons sufficient to outweigh the public's interest in disclosure of the information. *Callahan v. PlusFour, Inc.*, Case No. 2:17-cv-2513 JCM (GWF), 2019 WL 302492, at *5 (D. Nev. Jan. 23, 2019), *citing Kamakana*, 447 F.3d at 1178-79. There is also an interest in keeping the information and interests of non-party employee secret. *Aevoe Corp. v. AE Tech. Co.*, No. 2:12-cv-00053-GMN-NJK, 2013 WL 5923426, at *2 (D. Nev. Nov. 1, 2013).

The Court has reviewed the instant Motions to Seal as well as the exhibits sought to be sealed and redacted.

The Court grants Defendants John Pinjuv and Nevada Commercial Group's Motion to Seal (ECF No. 631) Exhibits B through L to Defendants' Motion for Summary Judgment (ECF No. 629). These Exhibits contain proprietary business information and statements relating to certain internal policies, procedures, and operations. The Court finds the unredacted references to these Exhibits appearing in Defendants John Pinjuv and Nevada Commercial Group's Motion for Summary Judgment are also properly sealed.

The Court grants Plaintiffs' Motion to Seal (ECF No. 636) Exhibits 10, 14, 17-18, 21-22, 25-26, 28-48, 52-58, 63, 68, 86-95, 97-103, 105-109, 112-116, 119, 126, 130, 132, 136, 142, 148, 155,

161-167, 171-172, 174, 175, 181, A, A-1 through A-131, B, B-3, B-4, B-6, B-7, B-11, B-17, B-19 through B-22, B-32, B-35, B-38, B-39, and B-40 to Plaintiffs' Motion for Summary Judgement (ECF No. 624).  These Exhibits contain proprietary business information, internal discussions regarding business operations, details of individual employment contracts, and other sensitive corporate information.  The Court finds the unredacted references to these Exhibits appearing in Plaintiffs' Motion for Summary Judgment are also properly sealed.

The Court provisionally seals Exhibits 8, 13, 15-16, 19-20, 27, 49-51, 61-62, 64-65, 69-70, 73-85, 111, 120-121, 124-125, 127-129, 131, 133-134, 137-141, 144-147, 149-150, 152-154, 156, 158-159, 176-179, B-1, B-2, B-5, B-12 through B-16, B-18, B-27, B-33, B-34, and B-37 to Plaintiff's Motion for Summary Judgment.  The Court finds the unredacted references to these Exhibits appearing in Plaintiffs' Motion for Summary Judgment are provisionally sealed subject to further briefing explained in the Order.

Plaintiff asks the Court to provisionally seal Exhibits 135 and 151; however, these Exhibits were sealed by the Court at ECF No. 465 at 2 and ECF No. 527 at 2.  Thus, the Court seals these Exhibits again.  References to these Exhibits in Plaintiffs' Motion for Summary Judgment filed at ECF No. 624 are and shall remain sealed.

Finally, the Court grants Defendants Avison Young (Canada) Inc., Avison Young (USA) Inc., Avison Young – Nevada, LLC, Mark Rose, and Joseph Kupiec's Motion to Seal (ECF No. 639) with respect to Exhibits 2 through 5, 7 through 11, 16 through 65, and 67 through 99 to Defendants' Motion for Summary Judgment (ECF No. 637).  These Exhibits contain proprietary business information and statements relating to certain internal policies, procedures, and operations. The Court finds the unredacted references to these Exhibits appearing in Defendants Avison Young (Canada) Inc., Avison Young (USA) Inc., Avison Young – Nevada, LLC, Mark Rose, and Joseph Kupiec's Motion for Summary Judgment are also properly sealed.

II.   **ORDER**

IT IS HEREBY ORDERED that Defendants John Pinjuv and Nevada Commercial Group's Motion for Leave to Redact Defendants' Motion for Summary Judgment and to file Under Seal Certain Exhibits (ECF No. 631) is GRANTED.

1    IT IS FURTHER ORDERED that Exhibits B through L to Defendants' Motion for Summary Judgment (ECF No. 629) are and shall remain sealed. The unredacted version of the Motion for Summary Judgment filed by John Pinjuv and Nevada Commercial Group at ECF No. 630 is and shall remain sealed.

IT IS FURTHER ORDERED that Plaintiffs' Motion for Leave to Seal Exhibits to, and Redact Sections of, Plaintiffs' Motion for Summary Judgment (ECF No. 636) is GRANTED in part and held in abeyance in part.

IT IS FURTHER ORDERED that Exhibits 10, 14, 17-18, 21-22, 25-26, 28-48, 52-58, 63, 68, 86-95, 97-103, 105-109, 112-116, 119, 126, 130, 132, 135-136, 142, 148, 151, 155, 161-167, 171-172, 174, 175, 181, A, A-1 through A-131, B, B-3, B-4, B-6, B-7, B-11, B-17, B-19 through B-22, B-32, B-35, B-38, B-39, and B-40 to Plaintiffs' Motion for Summary Judgment (ECF No. 624) are and shall remain sealed.

IT IS FURTHER ORDERED that Exhibits 8, 13, 15-16, 19-20, 27, 49-51, 61-62, 64-65, 69-70, 73-85, 111, 120-121, 124-125, 127-129, 131, 133-134, 137-141, 144-147, 149-150, 152-154, 156, 158-159, 176-179, B-1, B-2, B-5, B-12 through B-16, B-18, B-27, B-33, B-34, and B-37 to Plaintiffs' Motion for Summary Judgment (ECF No. 624) are provisionally sealed.  No later than **fourteen (14) days** after the date of this Order Defendants must file an explanation of why each of these Exhibits is properly sealed.

IT IS FURTHER ORDERED that Plaintiffs' Motion for Summary Judgment filed under seal at ECF No. 628 is sealed until further order of the Court.

IT IS FURTHER ORDERED that Defendants Avison Young (Canada) Inc., Avison Young (USA) Inc., Avison Young – Nevada, LLC, Mark Rose, and Joseph Kupiec's Motion for Leave to Redact Defendants' Motion for Summary Judgment and to file Under Seal Certain Exhibits (ECF No. 639) is GRANTED.

IT IS FURTHER ORDERED that Exhibits 2 through 5, 7 through 11, 16 through 65, and 67 through 99 to Defendants' Avison Young (Canada) Inc., Avison Young (USA) Inc., Avison Young – Nevada, LLC, Mark Rose, and Joseph Kupiec's Motion for Summary Judgment (ECF No. 637)

4

1 | are and shall remain sealed.  The unredacted version of the Motion for Summary Judgment at ECF
2 | No. 638 is and shall remain sealed.

3      Dated this 3rd day of April, 2023.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE