UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| NEWMARK GROUP, INC., G&E ACQUISITION COMPANY, LLC and BGC REAL ESTATE OF NEVADA, LLC<br><br>Plaintiff,<br><br>v.<br><br>AVISON YOUNG (CANADA) INC.; AVISON YOUNG (USA) INC.; AVISON YOUNG-NEVADA, LLC, MARK ROSE, THE NEVADA COMMERCIAL GROUP, JOHN PINJUV, and JOSEPH KUPIEC; DOES 1 through 5; and ROE BUSINESS ENTITIES 6 through 10,<br><br>Defendants. | Case No. 2:15-cv-00531-RFB-EJY<br><br>**ORDER** |

Pending before the Court is Defendants' Motion for Leave to Redact Defendants' Motion to Exclude the Testimony of Plaintiffs' Expert Christopher Spadea and File Certain Exhibits Under Seal. ECF No. 646.

The party bringing a motion to seal must meet its burden of overcoming the strong presumption in favor of access and public policies favoring disclosure. *Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006) (holding that those who seek to maintain the secrecy of documents attached to dispositive motions must meet the high threshold of showing that "compelling reasons" support secrecy). Where a party seeks to seal documents attached to a non-dispositive motion, the "public policies that support the right of access to dispositive motions … do not apply with equal force to non-dispositive materials." *Id.* at 1179 (citation omitted).

The mere fact that production of records may lead to a party's embarrassment, incrimination, or exposure to further litigation will not alone compel the court to seal its records. *Foltz v. State Farm Mutual Automobile Insurance Co.*, 331 F.3d 1122, 1136 (9th Cir. 2003). Compelling reasons require a demonstration of something more such as when court files have become a vehicle for improper purposes, including use of records to gratify private spite, promote public scandal,

disseminate libelous statements, or circulate trade secrets. *Nixon v. Warner Commc'ns*, 435 U.S. 589, 598 (1978). Further, a party "may not simply rely on the Stipulated Protective Order … to justify sealing documents filed in the record under seal." *Heath v. Tristar Products, Inc.*, Case No. 2:17-cv-02869-GMN-PAL, 2019 WL 12311995, at *1 (D. Nev. Apr. 17, 2019), *citing Foltz*, 331 F.3d at 1133 (reliance on a blanket protective order, without more, will not make a showing of good cause); *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 475-76 (9th Cir. 1992) (blanket stipulated protective orders are over inclusive by nature and do not include a finding of "good cause").

With respect to business agreements, proprietary information, and internal policies and procedures, a reviewing court may grant the motion to seal if there are compelling reasons sufficient to outweigh the public's interest in disclosure of the information. *Callahan v. PlusFour, Inc.*, Case No. 2:17-cv-2513 JCM (GWF), 2019 WL 302492, at *5 (D. Nev. Jan. 23, 2019), *citing Kamakana*, 447 F.3d at 1178-79. There is also an interest in keeping the information and interests of non-party employee secret. *Aevoe Corp. v. AE Tech. Co.*, No. 2:12-cv-00053-GMN-NJK, 2013 WL 5923426, at *2 (D. Nev. Nov. 1, 2013).

The Court reviewed the instant Motion to Seal as well as the Exhibits sought to be sealed and redacted. The Court grants Defendants' request to seal Exhibits A, B, and E through M to Defendants' Motion to Exclude the Testimony of Plaintiffs' Expert Christopher Spadea (ECF No. 644). These Exhibits contain proprietary business information, financial data, and statements relating to certain internal policies, procedures, and operations, along with discussions of employment agreements. The Court finds the unredacted references to these Exhibits appearing in Defendants' Motion to Exclude the Testimony of Plaintiffs' Expert Christopher Spadea are also properly sealed.

**II.  ORDER**

IT IS HEREBY ORDERED that Defendants' Motion for Leave to Redact Defendants' Motion to Exclude the Testimony of Plaintiffs' Expert Christopher Spadea and File Certain Exhibits Under Seal (ECF No. 646) is GRANTED.

IT IS FURTHER ORDERED that Exhibits A, B, and E through M to Defendants' Motion to Exclude the Testimony of Plaintiffs' Expert Christopher Spadea (ECF No. 644) are and shall remain sealed. The unredacted version of Defendants' Motion to Exclude the Testimony of Plaintiffs' Expert Christopher Spadea at ECF No. 645 is and shall remain sealed.

Dated this 12th day of April, 2023.

ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE