1          UNITED STATES DISTRICT COURT

2                DISTRICT OF NEVADA

3                      * * *

4     NEWMARK GROUP, INC., G&E                    Case No. 2:15-cv-00531-RFB-EJY
      ACQUISITION COMPANY, LLC and BGC
5     REAL ESTATE OF NEVADA, LLC

6              Plaintiff,                          **ORDER**

7          v.

8     AVISON YOUNG (CANADA) INC.;
      AVISON YOUNG (USA) INC.; AVISON
9     YOUNG-NEVADA, LLC, MARK ROSE,
      THE NEVADA COMMERCIAL GROUP,
10    JOHN PINJUV, and JOSEPH KUPIEC; DOES
      1 through 5; and ROE BUSINESS ENTITIES
11    6 through 10,

12             Defendants.

13

14          Pending before the Court is Plaintiffs' Motion for Leave to Seal Exhibits to, and Redact

15    Sections of, Plaintiffs' Motion to Exclude Portions of Carlyn Irwin's Expert Testimony.  ECF No.

16    656.

17          As the party seeking to seal a judicial record, Plaintiffs must meet its burden of overcoming

18    the strong presumption in favor of access and public policies favoring disclosure. *Kamakana v. City*

19    *and Cnty. of Honolulu*, 447 F.3d 1172, 1178–79 (9th Cir. 2006) (holding that those who seek to

20    maintain the secrecy of documents attached to dispositive motions must meet the high threshold of

21    showing that "compelling reasons" support secrecy).   Where a party seeks to seal documents

22    attached to a non-dispositive motion, the "public policies that support the right of access to

23    dispositive motions … do not apply with equal force … ." *Id*. at 1179 (citation omitted).

24          The mere fact that the production of records may lead to a party's embarrassment,

25    incrimination, or exposure to further litigation will not alone compel the court to seal its records.

26    *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1136 (9th Cir. 2003).  Compelling reasons

27    require a demonstration of something more, such as when court files have become a vehicle for

28    improper purposes, including use of records to gratify private spite, promote public scandal,

                                          1

1    disseminate libelous statements, or circulate trade secrets. *Nixon v. Warner Commc'ns*, 435 U.S.

2    589, 598 (1978). Further, a party "may not simply rely on the Stipulated Protective Order … to

3    justify sealing documents filed in the record under seal." *Heath v. Tristar Products, Inc.*, Case No.

4    2:17-cv-02869-GMN-PAL, 2019 WL 12311995, at *1 (D. Nev. Apr. 17, 2019) discussing and *citing*

5    *Foltz*, 331 F.3d at 1133 (reliance on a blanket protective order, without more, will not make a

6    showing of good cause); *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 475-76 (9th Cir. 1992)

7    (blanket stipulated protective orders are over inclusive by nature and do not include a finding of

8    "good cause").

9          The Court reviewed the Motion to Seal, the exhibits sought to be sealed, and the redactions.

10   The Court finds Exhibits 1, 3, 4, 6, 7, and 8 to Plaintiffs' Motion to Exclude Portions of Carlyn

11   Irwin's Expert Testimony contain confidential and proprietary information that is properly sealed.

12   The Court also finds the redactions in the publicly filed Motion are proper as they refer to the exhibits

13   the Court agrees should be sealed.

14         Accordingly, IT IS HEREBY ORDERED that the Plaintiffs' Motion for Leave to Seal

15   Exhibits to, and Redact Sections of, Plaintiffs' Motion to Exclude Portions of Carlyn Irwin's Expert

16   Testimony (ECF No. 656) is GRANTED.

17         IT IS FURTHER ORDERED that Exhibits 1, 3, 4, 6, 7, and 8 to Plaintiffs' Motion to Exclude

18   Portions of Carlyn Irwin's Expert Testimony and the Motion itself, found at ECF No. 655, are and

19   shall remain sealed.

20         Dated this 28th day of April, 2023.

21

22   _____

23   ELAYNA J. YOUCHAH
     UNITED STATES MAGISTRATE JUDGE

24

25

26

27

28

2