UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| NEWMARK GROUP, INC., G&E ACQUISITION COMPANY, LLC and BGC REAL ESTATE OF NEVADA, LLC<br><br>Plaintiff,<br><br>v.<br><br>AVISON YOUNG (CANADA) INC.; AVISON YOUNG (USA) INC.; AVISON YOUNG-NEVADA, LLC, MARK ROSE, THE NEVADA COMMERCIAL GROUP, JOHN PINJUV, and JOSEPH KUPIEC; DOES 1 through 5; and ROE BUSINESS ENTITIES 6 through 10,<br><br>Defendants. | Case No. 2:15-cv-00531-RFB-EJY<br><br>**ORDER** |

Pending before the Court are three Motions to Seal. ECF No. 686 is Plaintiffs' Motion to Seal. Defendants John Pinjuv and Nevada Commercial Group filed a Motion to Seal at ECF No. 689. Defendants Avison Young (Canada) Inc., Avison Young (USA) Inc., Avison Young – Nevada, LLC, Mark Rose, and Joseph Kupiec filed a Motion to Seal at ECF No. 692. Each Motion seeks to file under seal exhibits to and replies in support of their respective Motions for Summary Judgment.

**I.  DISCUSSION**

Each party bringing a motion to seal must meet its/his burden of overcoming the strong presumption in favor of access and public policies favoring disclosure. *Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006) (holding that those who seek to maintain the secrecy of documents attached to dispositive motions must meet the high threshold of showing that "compelling reasons" support secrecy). The replies in Support of Motions for Summary Judgment are directly related to dispositive motions and, therefore, the moving parties must demonstrate compelling reasons to seal.

The fact that production of records may lead to a party's embarrassment, incrimination, or exposure to further litigation will not alone compel the court to seal its records. *Foltz v. State Farm*

*Mutual Automobile Insurance Co.*, 331 F.3d 1122, 1136 (9th Cir. 2003). Compelling reasons require a demonstration of something more such as when court files become a vehicle for improper purposes, including use of records to gratify private spite, promote public scandal, disseminate libelous statements, or circulate trade secrets. *Nixon v. Warner Commc'ns*, 435 U.S. 589, 598 (1978). Further, a party "may not simply rely on the Stipulated Protective Order … to justify sealing documents filed in the record under seal." *Heath v. Tristar Products, Inc.*, Case No. 2:17-cv-02869-GMN-PAL, 2019 WL 12311995, at *1 (D. Nev. Apr. 17, 2019), *citing Foltz*, 331 F.3d at 1133 (reliance on a blanket protective order, without more, will not make a showing of good cause); *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 475-76 (9th Cir. 1992) (blanket stipulated protective orders are over inclusive by nature and do not include a finding of "good cause"). Information touching on business agreements, proprietary information, and internal policies and procedures may suffice as compelling reasons sufficient to outweigh the public's interest in disclosure of the information. *Callahan v. PlusFour, Inc.*, Case No. 2:17-CV-2513 JCM (GWF), 2019 WL 302492, at *5 (D. Nev. Jan. 23, 2019), *citing Kamakana*, 447 F.3d at 1178-79.

The Court reviewed the Motions to Seal as well as the exhibits sought to be entirely sealed or redacted. The Court grants the parties' Motions as the material sought to be sealed or redacted contains proprietary business information and communication relating to trade secrets. The Court finds the unredacted references to these exhibits appearing in the parties' respective replies in support of summary judgment are also properly sealed.

**II.     ORDER**

IT IS HEREBY ORDERED that Plaintiffs' Motion for Leave to Seal Exhibits to, and Redact Sections of, Plaintiffs' Reply in Support of the Motion for Summary Judgment (ECF No. 686) is GRANTED.

IT IS FURTHER ORDERED that Exhibits 1, 3-8, and 11-19 to Plaintiffs' Reply to the Motion for Summary Judgment (ECF No. 684) are and shall remain sealed. The unredacted version of the Reply to the Motion for Summary Judgment at ECF No. 685 is and shall remain sealed.

1          IT IS FURTHER ORDERED that Defendants John Pinjuv and Nevada Commercial Group's Motion for Leave to Redact Defendants' Reply in Support of the Motion for Summary Judgment and to file Under Seal Certain Exhibits (ECF No. 689) is GRANTED.

         IT IS FURTHER ORDERED that Exhibits M through Q to Defendants' Reply in Support of the Motion for Summary Judgment (ECF No. 687) are and shall remain sealed.  The unredacted version of the Motion for Summary Judgment at ECF No. 688 is and shall remain sealed.

         IT IS FURTHER ORDERED that Defendants Avison Young (Canada) Inc., Avison Young (USA) Inc., Avison Young – Nevada, LLC, Mark Rose, and Joseph Kupiec's Motion for Leave to Redact Defendants' Reply in Support of the Motion for Summary Judgment and to file Under Seal One Exhibit (ECF No. 692) is GRANTED.

         IT IS FURTHER ORDERED that Exhibit 102 to Defendants' Avison Young (Canada) Inc., Avison Young (USA) Inc., Avison Young – Nevada, LLC, Mark Rose, and Joseph Kupiec's Reply in Support of the Motion for Summary Judgment (ECF No. 690) is and shall remain sealed.  The unredacted version of the Motion for Summary Judgment at ECF No. 691 is and shall remain sealed.

         Dated this 20th day of June, 2023.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE